# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC,<br>Individually and on behalf of all<br>Others Similarly Situated,<br>                Lead Plaintiff,<br><br>Vs.<br><br>GOOGLE INC., OVERSEE NET,<br>SEDO, LLC, [misnamed] DOTSTER, INC., AKA<br>INTERNET REIT, INC., d/b/a IREIT, INC.,<br>And JOHN DOES I-X<br>                Defendants. | No. 07 CV 3371<br><br>Judge Kocoras<br><br>Magistrate Judge Brown |

## SEDO.COM'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS UNDER RULE 12(b)(1) AND (6)

Jeffrey Singer, Esq. (ARDC # 2670510)
Misty R. Martin, Esq. (ARDC # 6284999)
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive
Sears Tower – Suite 5500
Chicago, IL 60606
(312) 645-7800 (t)
(312) 645-4463 (f)

TABLE OF CONTENTS

I.      INTRODUCTION ………………………………………………........... 1-2

II.     STANDARD OF REVIEW …………………………………………… 2-4

III.    PLAINTIFF'S ALLEGATIONS ……………………………………… 5-6

IV.     ARGUMENT ………………………………………………………… 6

        A.     PLAINTIFF DOES NOT HAVE STANDING TO ASSERT
               ANY CLAIMS AGAINST SEDO BECAUSE SEDO'S
               CONDUCT DID NOT INJURE PLAINTIFF……………………… 6-7

               1.     Plaintiff has no Standing under the RICO Act's
                      Heightened Standing Requirement ………………………… 7

        B.     EVEN IF THE PLAINTIFF HAS STANDING,
               THE COMPLAINT FAILS TO STATE A CLAIM FOR
               WHICH RELIEF CAN BE GRANTED AGAINST SEDO …… ….. 7

               1.     Plaintiff's Allegations of Fraud are not Alleged
                      with Particularity …………………………………… ……… 7

                      a.     Counts One and Two of the Complaint do not
                             Contain Adequate Allegations of the Fraud or
                             Conspiracy upon which they are Predicated …………… 7-10

                      b.     Plaintiff's Claims under the ICFA and UDTPA
                             do not Allege the Claimed Fraud with Particularity …… 10-11

                      c.     Counts Seven, Eleven and Twelve must also be
                             Dismissed for Failing to Meet the Heightened
                             Pleading Standard Found in Rule 9(b) ………………… 11-12

               2.     Plaintiff Fails to State a Claim Against Sedo for
                      Violation of the Anticybersquatting Consumer
                      Protection Act …………………………………………... 12

                      a.     Sedo Cannot be held Liable for a Bad Faith
                             Intent to Profit from Registering, Trafficking In,
                             or Using Plaintiff's Mark because it did not
                             Register, Traffic In or Use Plaintiff's Mark ……….. 13-15

                      b.     Plaintiff does not Adequately Plead that
                             its Mark is Distinctive and Famous …………………… 15

    c. Neither Sedo's Domain Name nor any of
     Sedo's Parked Domain Names are Identical
     or Confusingly Similar to Plaintiff's Mark ............... 15-16

  3. Plaintiff has Failed to Adequately Plead a Cause of
   Action Against Sedo for Alleged Trademark Violations
   and, thus, Counts Four, Five Six, Nine, and
   Ten should be dismissed ...................................... 16-17

  4. Plaintiff is not a Consumer within the Definition of the
   ICFA and has not set Forth Sufficient Allegations to
   Support any Other Basis for its ICFA Claims Against Sedo .. 17

  5. Plaintiff Has Failed To State Its Claim Under the
   Lanham Act. Consequentially, Its Claims under the
   ICFA and UDTPA also fail ...................................... 18

  6. Plaintiff Fails to State a Claim Against Sedo for
   Intentional Interference with Current or Prospective
   Economic Advantage ............................................. 18

  7. Plaintiff Has Failed to Plead a Recognizable Claim
   of Unjust Enrichment ..................................... ...... 20

  8. Plaintiff Fails to State a Claim For Declaratory Judgment ... 21

    a. Plaintiff's Complaint Fails To Satisfy Any Of
     The Factors The Court Looks To Determine
     Whether It Should Hear The Declaratory Action ... ...... 21

V. CONCLUSION ................................................................. 23

## SEDO.COM'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS UNDER RULE 12(b)(1) AND (6)

Defendant Sedo.com, LLC (misnamed Sedo, LLC) ("Sedo"), by and through its attorneys, Jeffrey Singer, Esq. and Misty Martin, Esq. respectfully submits this Memorandum of Law and Fact in Support of its Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(1) and (6).

## I.    **INTRODUCTION:**

Plaintiff, Vulcan Golf, LLC, ("Plaintiff") has brought this action to recover damages it allegedly suffered when some of the Defendants registered, parked and monetized websites with domain names similar to Plaintiff's principal website, www.vulcangolf.com. Plaintiff claims that these domain names and the monetization of them caused it injury.  Plaintiff's Complaint alleges that all of the Defendants must be liable for its alleged damages under each and every count. Plaintiff has requested such relief even though Plaintiff makes no allegation in its voluminous Complaint[1] that Sedo was at all involved with any website that may have infringed on its mark or domain.  In fact, Plaintiff only identifies two "Vulcan Deceptive Domains" in its Complaint. Plaintiff alleges that Defendant Dotster was the registrant and client of Google for both of those sites.  (Compl. ¶¶ 200-02.)  Rather than seek to pursue claims under Dotster's online complaint forum (Comp. ¶¶ 240-44) or action through the Uniform Domain Name Dispute Resolution Policy (Comp. ¶ 285), Plaintiff filed this class action against not only Dotster and Google but against entities such as Sedo who had no connection to the "Vulcan Deceptive Domains."

Additionally, each and every allegation regarding all Defendants, their actions and relationships are based solely upon information and belief. (Comp. at p. 1.)  As such, Plaintiff has not alleged sufficient *facts* to move its claimed right to relief under any Count against Sedo from the category of claims that are merely possible to those that are plausible as required by

---

[1] In an effort to be efficient with both its and the Court's time and resources, Sedo will cite to rather than quote at length from plaintiff's 121-page, 638-paragraph complaint.

Fed.R.Civ.P. 8 and the pleading standard enunciated by the Supreme Court in *Bell Atlantic v. Twombly*. 550 U.S. ___, 127 S.Ct. 1955, 1965, ___ L.Ed.2d ___ (May 21, 2007).

Sedo brings this motion because Plaintiff does not have standing to bring any claim against Sedo and because Plaintiff has failed to state a claim upon which relief may be granted against Sedo.

## II.    STANDARD OF REVIEW:

### A.    General Standard of Review under FED.R.CIV.P. 12(b)

In ruling on a motion to dismiss brought under any section of FED.R.CIV.P. 12(b), a court must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir.2005) Documents attached to the complaint are considered part of the complaint. *Id.* (citing FED.R.CIV.P. 10(c)).

### B.    Standard of Review under FED.R.CIV.P. 12(b)(1)

It is an essential element of Article III's case or controversy requirement that a plaintiff have standing at the time his action is commenced for a federal court to have subject matter jurisdiction over its claims. *See N.E. Fla. Chapter, Assoc. Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 663-64 (1993).  It is the burden of the Plaintiff as the party asserting jurisdiction to demonstrate that it has standing. *See, e.g., T & B Ltd. Inc. v. City of Chicago*, 369 F.Supp.2d 989, 992 (N.D. Ill. 2005).  To prove its standing, the Plaintiff must demonstrate three things: (1) an injury in fact that is (a) concrete and particularized, and (b) actual or imminent; (2) that the injury fairly can be traced to the challenged action of the *defendant*, and (3) a likelihood that the injury will be redressed by a favorable decision. *N.E. Fla. Chapter*, 508 U.S. at 663-64. "These elements are the irreducible minimum, required by the Constitution." *Id.*, 508 U.S. at 664.

When a factual dispute arises regarding standing, a court may take into account other evidence. *United Phosphorus, Ltd. v. Angus Chem., Co.*, 322 F.3d 942, 946 (7th Cir. 2002). If a factual dispute arises regarding standing, it is the role of the court to resolve that dispute. *Access 4 All, Inc. v. Chicago Grande, Inc.*, 06 C 5250, 2007 WL 1438167, * 3 (N.D. Ill. May 10, 2007)( citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) (collecting authorities).

### C.    General Standard of Review under FED.R.CIV.P. 12(b)(6)

Our Supreme Court has recently held that a plaintiff's complaint must not only give adequate notice of the general claims but its "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, ___ L.Ed.2d ___ (May 21, 2007). The Seventh Circuit found that *Bell Atlantic* effectively imposed a second pleading hurdle so that the Plaintiff's allegations must not only put the Defendants on notice of the claims against them but the allegations must also "plausibly suggest that [it] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, No. 06-3436, --- F.3d ----, 2007 WL 2215764, *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14). Therefore, to maintain its suit against Sedo, the Plaintiff's complaint must allege *facts* that make the claims made against Sedo plausible not simply possible.

### D.    Heightened Pleading Standard under FED.R.CIV.P. 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure requires that a plaintiff who seeks to establish a claim for fraud must state the allegations with particularity. FED.R.CIV.P. 9(b). This heightened standard requires "to survive dismissal on a Rule 12(b)(6) motion, the complaint must plead the who, what, when, and where of the alleged fraud." (Internal quotations and

---

[2] The Supreme Court in *Bell Atlantic v. Twombly* expressly rejected the decades old proposition that a complaint should not be dismissed under Rule 12(b)(6) unless the plaintiff can prove "no set of facts" entitling it to relief. *Bell Atl. Corp.*, 127 S. Ct. at 1969 (rejecting the oft-cited language found in *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

citations omitted) *Lachmund v. ADM Investor Svcs., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). This heightened standard applies not only to a common fraud allegation but also to claims under the Racketeer Influenced and Corrupt Organizations Act, ("RICO") which allege predicate acts based upon wire or mail fraud. *Id.* The heightened fraud pleading standard also applies to Plaintiff's state law claims, including the Illinois Consumer Fraud and Deceptive Practices Act. ("ICFA") *Gold v. Golden G.T.*, 2005 U.S. Dist. LEXIS 22691 (N.D. Ill. 2005) (citing *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003)(plaintiff's claim under ICFA dismissed for failure to specify the who, what, when, where or how of the fraudulent conduct)).

### III.    PLAINTIFF'S ALLEGATIONS:

On June 15, 2007, Plaintiff filed its twelve-count purported class action complaint against Sedo and other defendants. Plaintiff's Complaint alleges that all the Defendants are liable: for violations of the RICO, 18 U.S.C. § 1961 *et seq.* (Counts One and Two) (Comp. ¶¶ 506-23); for violations of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) (Count Three) (Comp. ¶¶ 524-41); for trademark infringement under 15 U.S.C. § 1114(1) (Count Four) (Comp. ¶¶ 542-54); for false designation of origin in violation of 15 U.S.C. § 1125(a) (Count Five) (Comp. ¶¶ 555-68); for dilution of a famous or distinct mark in violation of 15 U.S.C. § 1125(c) (Count Six) (Comp. ¶¶ 569-80); for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (Count Seven)(Comp. ¶¶ 581-600); for common law trademark violation (Count Nine)(Comp. ¶¶ 606-12); for contributory trademark infringement (Count Ten)(Comp. ¶¶ 613-25); for Intentional Interference with Current and Prospective Economic Advantage (Count Eleven)( ¶¶ 626-33), and for Unjust Enrichment (Count Twelve)(Comp. ¶¶ 634-38). Plaintiff seeks not only monetary damages but also a declaratory judgment, (Count

Eight)(Comp. ¶¶ 601-05), that the Defendants violated the above statutes and common laws requiring a preliminary and permanent injunction. (Comp. p. 118-20 ¶¶ 9, 10, 16.)

Plaintiff alleges that Sedo maintained a database of seven million domain names of which three million are undeveloped parked domain names without providing any factual basis that Sedo conducted substantial business in Illinois. (Comp. ¶¶ 45-6.) Further, it alleges that Sedo contracted with Defendant Google Inc. ("Google") to control, monitor and place advertising on the domains they maintained. (Comp. ¶¶ 145-46.) The Complaint goes on to state that Sedo has software to identify and maximize the revenue generated from sites it services. (Comp. ¶¶ 154-56(a).) Plaintiff does not allege that Sedo owned or maintained any of the "Vulcan Deceptive" domain names that are at issue in this case. (Compl. ¶¶ 200-02.) Plaintiff also does not allege that Sedo registered any domain names, deceptive or otherwise.

## IV.    ARGUMENT:

### A.    PLAINTIFF DOES NOT HAVE STANDING TO ASSERT ANY CLAIMS AGAINST SEDO BECAUSE SEDO'S CONDUCT DID NOT INJURE PLAINTIFF.

Plaintiff has failed to establish that it has suffered any injury-in-fact that can be traced to any conduct of Sedo. Plaintiff has not alleged and cannot allege that any of Sedo's conduct caused it injury. Plaintiff has specifically identified two domain names that allegedly infringed on its trademark. What plaintiff has not alleged and cannot allege is that Sedo had any connection with either of the "Vulcan Deceptive Domains." In fact, Plaintiff identified Defendant Dotster as the entity that registered and parked both of those domains. (Comp. ¶¶ 200-202.) Plaintiff does not allege that Sedo parked, trafficked or monetized any domain name related to Plaintiff, its principal site or its alleged trademark. Any harm Plaintiff may have suffered was the result not of Sedo's actions but of other individuals and companies. As such,

Plaintiff cannot establish a concrete injury in fact due to or fairly traceable to any conduct of Sedo as required by the Constitution. *N.E. Fla. Chapter,* 508 U.S. at 663-64. Therefore, Plaintiff does not have standing to maintain a suit against Sedo.

      **1.    Plaintiff has no Standing under the RICO Act's Heightened Standing Requirement.**

Even if this Court finds that Plaintiff may be able to maintain an action against Sedo under some theory of liability, it is clear that the Plaintiff has no standing under RICO. Important to Plaintiff's RICO counts, to have standing a plaintiff proceeding under that Act must establish that the alleged injury was proximately caused by the Defendant's alleged predicate acts. *See Phoenix Bond & Indem. Co. v. Bridge,* 477 F.3d 928, 930 (7th Cir. 2007)[3]. Plaintiff has failed to allege any direct connection between the alleged RICO counts and its purported damages. Plaintiff's alleged injuries are dilution of its marks, lost profits, revenues, customers and good will. These injuries are not related to any mail or wire fraud scheme but are related to the alleged trademark infringement. Thus, Plaintiff does not have standing under the heightened requirements imposed by RICO.

    **B.    EVEN IF THE PLAINTIFF HAS STANDING, THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST SEDO**

      **1.    Plaintiff's Allegations of Fraud are not Alleged with Particularity.**

        a.    Counts One and Two of the Complaint do not Contain Adequate Allegations of the Fraud or Conspiracy upon which they are Predicated.

---

[3] Some courts have determined that this RICO standing requirement is to be determined under a Rule 12(b)(6) standard. *See, e.g.,* Gas Technology Inst. v. Rehmat, 2006 WL 3743576, * 12 (N.D.Ill. December 15, 2006)(citing *Anderson v. Ayling,* 396 F.3d 265, 269 (3d Cir.2005); *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 129-30 (2d Cir.2003)). The Seventh Circuit in Phoenix Bond addressed the issue following a district court's dismissal under Rule12(b)(1) and made no commentary that the motion was improperly named. *See Phoenix Bond & Indem. Co. v. Bridge,* 477 F.3d at 930. Thus, Sedo proceeds under Rule 12(b)(1) but believes that its arguments are equally appropriate under Rule 12(b)(6).

Count One of the Complaint alleges a violation of 18 U.S.C. § 1962(c) which prohibits an enterprise from engaging in a pattern of racketeering activity. 18 U.S.C. § 1962(c). A pattern of racketeering is defined as two "predicate acts" within two years. 18 U.S.C. § 1961(1), (5). Plaintiff alleges that Sedo and the other defendants' predicates acts are incidents of mail and wire fraud. As such, under Rule 9(b), the Plaintiff was required to plead with particularity the time, place, and content of the alleged false representations underlying the fraud, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations. *Lachmund* at 783-84. "In order to satisfy this standard, a RICO plaintiff must allege the identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 599 (7th Cir.2001).

Count Two alleges that Sedo and the other defendants were engaged in a conspiracy to violate RICO. A complaint alleging a conspiracy under RICO must contain more than conclusory, vague and general statements that a conspiracy existed and must plead the predicate acts with particularity or specificity. *Lachmund* at 784. Plaintiff is therefore required to plead: "*facts* indicating an agreement by the defendants as to which roles they would play in the enterprise or any agreement by the defendants that someone would commit two specific predicate acts on behalf of the enterprise." (emphasis supplied)(internal citations and quotations omitted) *Id.* at 785.

Plaintiff has failed to even identify the content of the misrepresentation underlying its claim of mail or wire fraud in Count One.[4] Plaintiff may argue that its allegations regarding the

---

[4] The Plaintiff's RICO claims are predicated on supposed violations or agreements to violate the Mail Fraud or Wire Fraud act. A principal element of both acts is the existence of a scheme to defraud. A scheme to defraud requires "the making of a false statement or material misrepresentation, or the concealment of material fact." *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir.2005) ( quoting *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 299

deceptive nature of the "Deceptive Domains" are sufficiently particular to survive this motion. This argument must fail. As is clearly demonstrated in Exhibits C and D to the Complaint, the "Deceptive Domains" did not contain misleading information. Nowhere on the screen images contained in Exhibit C is there an indication that the parked sites are or purport to be Vulcan Golf's sites or sell Vulcan Golf products. (Ex. C to Comp.) Plaintiff's actual website looks nothing like those attached in Exhibit C. *Compare* Ex. C *with* Ex. D. The existence or ownership of a website whose domain name is a misspelling of another site's domain name, without more, is not a misrepresentation; it is just a separate website containing its own information. Regardless of whether a misspelling is a misrepresentation, the fact that Sedo must engage in mental gymnastics to ascertain the content of the alleged misrepresentations demonstrates that the Plaintiff has not identified the content of any misrepresentation with particularity.

Even if the Court were to find Plaintiff has sufficiently alleged the content of the misrepresentations, the Plaintiff has not alleged the parties to, the manner, or time of the misrepresentations. Again, Plaintiff may argue that all of the Defendants are parties to the misrepresentation and that any person that reached one of the Vulcan Deceptive Domains is the recipient of the communication. This is not a statement with particularity. Plaintiff must state with particularity which, if any, Defendants made the misrepresentations, when they took place and by what means they were communicated to whomever they were communicated. Count One of the Complaint fails to meet this bare pleading threshold and must be dismissed.

---

(7th Cir.2003)). This concept includes both statements that the defendant knows are false and "half truths" that the defendant knows are misleading and on which he expects another to act to his detriment but to the defendant's benefit. *Id.* ( citing *Emery v. American General Finance, Inc.*, 71 F.3d 1343, 1346 (7th Cir.1995)). This Court has held that "a scheme to defraud exists when the conduct at issue has 'demonstrated a departure from the fundamental honesty, moral uprightness and candid dealings in the general life of the community.' " *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir.2004) (quoting *United States v. Hammen*, 977 F.2d 379, 383 (7th Cir.1992))

Additionally, Count Two cannot stand because the Plaintiff has not pleaded the elements of the conspiracy sufficiently. Plaintiff did not allege when the parties agreed, did not allege to what the parties agreed and outside of Google what roles they would have in the alleged conspiracy. Further, Plaintiff did not allege that Sedo specifically agreed to take part or that any of the parties agreed to an individual committing two predicate acts in furtherance of the conspiracy. Plaintiff was not only required to do so but had to so plead with particularity. *Lachmund, supra* at 795. It did not. Therefore, its claims under RICO must fail.

Plaintiff has also not pleaded sufficient facts to render either Count One or Two plausible. *Bell Atlantic* requires that a complaint allege facts that move its facts from the speculative to the probable. *Bell Atl., supra*, 127 S.Ct. at 1965. Plaintiff's allegations of a conspiracy and enterprise are just conclusions and hypotheses. Naked assertions without more are insufficient. *Id.* Plaintiff does not allege *any* facts that the Defendants acted in concert toward any goal other than the fact that Sedo and others contracted with Google to place advertisements on websites. These facts are not sufficient to support a finding that the Plaintiff has a plausible right to relief. The general conclusions and vague allegations contained throughout the Complaint are insufficient as a matter of law under the decision in *Bell Atlantic* to nudge Plaintiff's claims across the line from the merely possible to the plausible. As such, Counts One and Two must be dismissed for failure to state a claim.

> b. Plaintiff's Claims under the ICFA and UDTPA do not Allege the Claimed Fraud with Particularity.

Plaintiff must also state its claim under the ICFA and the UDTPA with particularity. (Comp. ¶¶ 587-91.) "The Seventh Circuit instructs that the complaint [under the ICFA] must allege the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the

plaintiff." *Gold, supra.* Even if Plaintiff had alleged that Sedo was somehow connected to the two domain names that Plaintiff complains of, this is not sufficient pleading under Fed.R.Civ.P. 9(b). *See Mathews v. Homecoming Financial Network Litton Loan Servicing,* 2005 U.S. Dist LEXIS 21535 (N.D. Ill. 2005)(plaintiff's claim that defendants were liable under the ICFA for repeatedly sending out deceptive correspondence to borrowers without providing any of the particulars as to any of the incidents of which it complained was dismissed because it did <u>not</u> sufficiently state the who, what, when, where and how as required by Fed.R.Civ.P. 9(b)); *Pressalite Corp. v. Matsushita Elec. Corp. of Am.,* 2003 U.S. Dist. LEXIS 5600 (D. Ill. 2003)(plaintiff failed to state its fraud claim with particularity as required by Fed. R. Civ. P. 9(b), as it failed to satisfy the "how" and "when" requirements). Similarly, because Plaintiff has failed to set forth any fact that describes the "who, what, where, when and how" with respect to Sedo, Plaintiff's ICFA and UDTPA count against Sedo must be dismissed for failing to comply with Fed.R.Civ.P. 9(b).

        c.   Counts Seven, Eleven and Twelve must also be Dismissed for Failing to Meet the Heightened Pleading Standard Found in Rule 9(b).

To succeed on its claims under Counts Seven, Eleven and Twelve, the Plaintiff has alleged fraud as the underlying improper action. (Comp. ¶¶ 591, 626, 638.) Plaintiff incorporated by reference all of its allegations regarding fraud in each of these counts and must therefore conform to the heightened pleading requirement found in Rule 9(b). *See In Re Sears Roebuck & Co. Tools Litigation,* MDL-1703, No. 05 C 4742, No.05 C 2623, 2006 U.S.Dist. LEXIS 92169, *6, n.4, *14-*15, (N.D. Ill. 2006)(stating that Unjust Enrichment under Illinois law is predicated on fraud and thus is subject to Fed.R.Civ.P. 9(b)). As detailed above, Plaintiff failed to allege any element of fraud or misrepresentation with the requisite degree of

11

particularity.  The allegations in these counts are no different.  Therefore, they must be dismissed.

Additionally, Plaintiff's Complaint is based solely upon information and belief, (Comp. p.1) which is insufficient to support a claim of fraud under Rule 9(b).  Rule 9(b) is not satisfied by allegations of fraud based on "information and belief," unless the facts are peculiarly within the adversary's knowledge. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir.1992).  Plaintiff has not alleged that the facts of any fraud are only within the knowledge of the Defendants nor has Plaintiff given insight into the basis for its beliefs supporting its fraud allegations.

Therefore, its claims under RICO, ICFA, UDTPA and Counts One, Two, Seven, Eleven and Twelve must be dismissed because they fail to adhere to Rule 9(b)'s particularity requirement.

**2.      Plaintiff Fails to State a Claim Against Sedo for Violation of the Anticybersquatting Consumer Protection Act.**

To prevail under the Anticybersquatting Consumer Protection Act ("ACPA") the Plaintiff must allege: (1) that the defendant registered, trafficked in, or used the domain name; (2) that plaintiff's mark is distinctive and famous; (3) defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (4) that the domain was used in bad faith with intent to profit from the mark. 15 U.S.C. § 1125(d) (1999).

Plaintiff's Complaint does not and cannot allege Sedo violated the ACPA.  Even though Plaintiff broadly alleges that all defendants registered, trafficked in, or used the infringing deceptive domain names, it more definitely specifies Sedo's only involvement was limited to "parking" domain names, which does not constitute registering, trafficking in, or using those domain names. *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002); (Compl. ¶ 51, 526.)

a.  Sedo Cannot be held Liable for a Bad Faith intent to Profit from Registering, Trafficking In, or Using Plaintiff's Mark because it did not Register, Traffic In or Use Plaintiff's Mark.

Plaintiff's Complaint is nearly identical to the allegations made in *Bird*.  In that case, Bird brought suit against Parsons, a domain owner, Afternic.com and Dotster for activities in connection with the registration and attempted sale of *efinincia.com*, under the ACPA. *Id.* at 870. Bird had formally registered the tradename, Financia, Inc. and he owned the domain name *financia.com*. *Id.* at 869-70.  Defendant Parsons then registered and "parked" the domain name *efinancia.com* with Dotster, Inc.  The day after he registered the domain name, Parsons listed it with Afternic.com, an on-line auction service. *Id.* at 870.  The district court dismissed the claims against Dotster and Afternic.com for lack of personal jurisdiction and failure to state a claim. *Id.* at 871.  On appeal the Sixth Circuit affirmed the dismissal of Dotster and Afternic.com for failure to state a claim. *Id.* at 882.

The *Bird* Court stated the purpose of the ACPA is to "address a new form of piracy on the Internet caused by acts of 'cybersquatting,' which refers to the deliberate, bad-faith, and abusive registration of Internet domain names in violation of the rights of trademark owners." *Id.* at 880.  *See* S. Rep. No. 106-140, at 4 (1999) (emphasis added).  Additionally, the court stated, "in the typical situation that the ACPA seeks to address, individuals register domain names that consist of famous trademarks and then attempt to sell (or perhaps more accurately, to ransom) those domain names to the trademark owners, thereby profiting from the goodwill associated with the trademark." *Id.*

The court stated that Bird's "fatal flaw" in his cybersquatting claim against Dotster and Afternic.com, was that he "must establish that the defendants registered, trafficked in, or used the domain name in order to state a claim for violation of the ACPA." *Id.* at 881.  The court found

13

that "the only defendant that *registered* a domain name [was] Parsons, and liability for *using* a domain name can exist for the registrant or that person's authorized licensee." *Id.*

Additionally, the *Bird* Court declared that "with regard to potential liability under the ACPA for *trafficking in* domain names, neither Afternic.com nor the Dotster defendants trafficked in the domain name *efincia.com*." *Id.* Afternic.com and Dotster "did not purchase, sell, or otherwise participate in any transaction involving the 'transfer for consideration' or 'receipt in exchange for consideration' of Parsons's domain name." *Id.* Dotster's fees "stem from its registering the domain name and allowing registrants to host their web page and Afternic.com provides a virtual auction site, but the fact that its services might be used for trafficking in a domain name does not render it liable for trafficking." *Id.*

Here, Plaintiff is alleging the same claims against Sedo as Bird did against Afternic.com and Dotster. The ACPA was enacted to combat deliberate, bad-faith, and abusive registration of internet domain names. Here, Plaintiff has not alleged that Sedo is the registrant or owner of any domain names, nor has it alleged that Sedo registers domain names. Therefore Sedo does not fall within the intended scope of the ACPA and this count should be dismissed.

Plaintiff has classified Sedo as a "parking company." (Compl. ¶ 51.) The Sixth Circuit held in *Bird* that Dotster did not engage in registering, trafficking in, or using a domain name by the mere fact that they "parked" domain names. Bird's "fatal flaw" mandated the Sixth circuit dismiss Dotster from that case just as Sedo should be dismissed from the case at bar.

Additionally, the Sixth Circuit dismissed Afternic.com from the case for Bird's failure to state a claim. Afternic.com, like Sedo, holds virtual auction services for people to sell their registered domain names. See *www.sedo.com*. Even if Plaintiff were to allege that Sedo's auctions services were at issue, the *Bird* court makes clear that although virtual auction services

"might be used for trafficking in a domain name [that] does not render it liable for trafficking." *Bird* at 881. Plaintiff does not allege that Sedo "participate[s] in any transaction involving the transfer for consideration' or 'receipt in exchange for consideration'" of Plaintiff's domain names. *Id.* Sedo should be dismissed from this suite because as the Sixth Circuit held, virtual auctions do not constitute trafficking domains.

Because Plaintiff failed to plead that Sedo registered, trafficked in, or used Plaintiff's mark, Count Three for violation of the Anticybersquatting Consumer Protection Act should be dismissed.

        b. Plaintiff does not Adequately Plead that its Mark is Distinctive and Famous.

Plaintiff alleges that "Vulcan Marks are unique and distinctive and are widely known and recognized among consumers and members of the golfing community." (Compl. ¶¶ 20-21.) In Sum, Plaintiff's claims that its existing and potential customers are going to know its mark or be familiar with it. However, the mere awareness that certain members of the golfing community are familiar with its mark does not make the mark "famous" as defined by law. *See Top Tobacco, L.P. v. N. Atl. Operating Co.*, 2007 U.S. Dist. LEXIS 2838, *23 (D. Ill. 2007) *citing Avery Dennison Corp. v. Sumpton,* 189 F.3d 868, 875 (9th Cir. 1999)(courts routinely hold that a mark must be truly prominent and renowned).

Plaintiff failed to plead that its mark is famous on a broad scale. Id. at *23. This count, too, should be dismissed.

        c. Neither Sedo's Domain Name nor any of Sedo's Parked Domain Names are Identical or Confusingly Similar to Plaintiff's Mark.

Plaintiff's Complaint does not state that Sedo registered, trafficked in, or used Plaintiff's mark. Because Sedo has not registered, trafficked in, or used, nor has Plaintiff plead that Sedo

registered, trafficked in, or used Plaintiff's mark Sedo cannot be held liable for any ACPA claims. *N.E. Fla. Chapter,* 508 U.S. at 663-64. Therefore, because, Plaintiff failed to plead any facts, not has it even alleged that Sedo registered, trafficked in, or used Plaintiff's mark, Count Three for violation of the Anticybersquatting Consumer Protection Act should be dismissed.

> **3.    Plaintiff has Failed to Adequately Plead a Cause of Action Against Sedo for Alleged Trademark Violations and, thus, Counts Four, Five Six, Nine, and Ten should be dismissed.**

Plaintiff has alleged that Sedo committed Trademark Infringement under 15 U.S.C. §1114(1) (Count IV), False Designation of Origin under 15 U.S.C. 1125(a) (Count V), Dilution under 15 U.S.C. 1125(c) (Count VI), Common Law Trademark Infringement (Count IX), and Contributory Trademark Infringement (Count X). (Comp. ¶¶ 542-580, 606-625)

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) citing *Papasan v. Alain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

While Plaintiff has recited the elements of each of these causes of action in its 638-paragraph complaint, it has failed to allege facts specifically showing how Sedo's conduct remotely satisfies the elements of even one of these counts. Accordingly, Plaintiff's allegations in Counts Four to Seven, Nine, and Ten should be dismissed.

Sedo is a domain name parking company (Comp. ¶¶139-140) that neither owns nor registers nor operates any of the allegedly infringing domain names or websites. Sedo is merely a facilitator providing a marketplace for parking domain names. *See www.sedo.com.* In this sense, Sedo does not use anyone's mark and thus does not violate federal trademark law or its

common law equivalent. *See Lockheed Martin Corp. v. Network Soultions, Inc.*, 985 F.Supp. 949 (C.D. Ca. 1997) (Holding that internet domain name registrar's acceptance of registrations for domain names resembling manufacturer's mark was not use of the mark in connection with goods or services as required to support Lanham Act unfair competition claim.)

While Plaintiff has technically pleaded the elements of each of the alleged trademark violations in Counts Four to Seven, Nine, and Ten, it has failed to include facts adequate to show how Sedo's actions have met or satisfied each of these elements. Plaintiff's mere recital of the elements of trademark violations, coupled with vague, non-specific allegations, are not enough to sustain a cause of action against Sedo and, thus, should be dismissed.

### 4. Plaintiff is not a Consumer within the Definition of the ICFA and has not set Forth Sufficient Allegations to Support any Other Basis for its ICFA Claims Against Sedo.

Generally, the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA') is primarily concerned with protecting consumers, which it defines as any person who purchases or contracts for the purchase of merchandise not for sale in the ordinary course of his trade or business but for his use or that of his household. *People ex rel. Hartigan v. Lann*, 225 Ill. App. 3d 236, 240 (1992); 815 ILCS 505/1(e). In its Complaint, Plaintiff claims that it is a consumer within the meaning of the statute. (Comp. ¶ 585). However, there is not a single allegation in its Complaint to support this assertion. Therefore, Sedo is entitled to dismissal of this claim against it. *Pressalite Corp. v. Matsushita Elec. Corp. of Am.,* 2003 U.S. Dist. LEXIS 5600 (D. Ill. 2003)(plaintiff failed to state a claim under the Act because the purchaser did not meet the Act's definition of "consumer" and failed to plead the necessary consumer nexus.) No where has Plaintiff alleged that it has purchased or contracted for the purchase of any merchandise. Rather, the allegations of the Complaint clearly set forth that Plaintiff is a business, not a consumer,

offering and providing golf related products and services for sale to the public. (Comp. ¶ 19). In sum, it is a merchant – not a consumer. Thus, even though Plaintiff claims it is a consumer with standing to assert a claim under the ICFA, a plain review of the allegations of the Complaint reveals that it is not. Therefore, Plaintiff's ICFA count against Sedo should be dismissed.[5]

### 5.  Plaintiff Has Failed To State Its Claim Under the Lanham Act. Consequentially, Its Claims under the ICFA and UDTPA also fail.

Plaintiff's claims under the ICFA and UDTPA rise and fall on the success of its Lanham Act claim. *See MJ & Partners Restaurant v. Zadikoff,* 10 F. Supp. 2d 922, 926 (N.D. Ill. 1998). Accordingly, because the Plaintiff has not stated a claim under the Lanham Act, this court should dismiss plaintiff's claims under the ICFA and UDTPA. *Id.*; *see also Henry v. O'Keefe*, 2002 U.S. Dist. LEXIS 20028 (because plaintiff's claims under the ICFA and UDTPA are based on the same conducted it urged violated the Lanham Act, the failure to prove its Lanham Act claim was fatal to its ICFA and UDTPA claims). Accordingly, Count Seven of Plaintiff's Complaint should also be dismissed.

### 6.  Plaintiff Fails to State a Claim Against Sedo for Intentional Interference with Current or Prospective Economic Advantage.

Count Eleven of Plaintiff's Complaint alleges "Intentional Interference with Current and Prospective Economic Advantage". Whether Plaintiff is claiming interference with current contracts or prospective business, or both, is not clear. Regardless, Plaintiff has failed to state a claim under either theory. To prove a claim for "tortious interference with current business relations", a plaintiff must establish: (1) a valid, enforceable contract between plaintiff and

---

[5] Sedo recognizes non-consumers may bring a claim for relief under the ICFA where, for example, a business alleges that the conduct of the defendants "impacted the market generally" or otherwise "implicated consumer protection concerns". *See e.g. Gold v. Golden G.T.*, 2005 U. S. Dist. LEXIS 22691 (N. Dil Ill. 2005)(Filip, J.). However, this Plaintiff has not alleged in Count Seven that defendants have impacted the market generally or otherwise implicated consumer protection concerns. Plaintiff complains about his injury – not others. Therefore, Plaintiff has not pleaded a claim under the ICFA for which relief can be granted. It is not a consumer as defined by the statute.

another; (2) defendant's awareness of this contractual relation; (3) defendant's intentional and unjustified inducement of a breach which causes a breach by the other; and (4) damages to plaintiff resulting from the breach by the other. *Id.* at *23 *citing Reuben H. Donnelley Corp. v. Brauer,* 275 Ill. App. 3d 300, 655 N.E.2d 1162, 1172, 211 Ill. Dec. 779 (Ill. App. Ct. 1995).

The critical issue is whether Plaintiff has alleged an actual breach of contract occurred. In *International Mktg., Ltd. v. Archer-Daniels-Midland Co.,* 192 plaintiff argued that it did plead an actual breach when it stated that defendant "intentionally and knowingly interfered with the aforesaid contract by inducing [plaintiff's customer] to breach its contract with plaintiff and deal directly with [defendant]." F.3d 724, 731-732 (7th Cir. 1999). However, the court ruled that this language addresses "only addressed the [defendant's] allegedly wrongful inducement; it stops short of saying that the customers did in fact breach their contracts." *Id.* Therefore, without language that customers did in fact breach their contracts, the allegation failed to state a claim for which relief can be granted.

Here, Plaintiff claims that Defendants intend to divert business from Plaintiff's current economic relationships with consumers causing actual disruption to the relationship between the Plaintiff and third party consumers. However, Plaintiff fails to claim that any current customers did in fact breach their contracts with Plaintiff. Therefore, Plaintiff has failed to state a claim for intentional interference with current economic advantage for which relief can be granted. Sedo is entitled to dismissal of Plaintiff's "Intentional Interference with Current Economic Advantage" claim.

Plaintiff also fails to state a claim for "Intentional Interference with Prospective Economic Advantage" because it has failed to allege a reasonable expectation of entering a business relationship with a third party. Tortious interference with prospective business relations

centers on defendant's intentional disruption of plaintiff's *reasonably* expected future relationships. *Mitsubishi Elec. Corp. v. IMS Tech.*, 1997 U.S. Dist. LEXIS 15350, *22-*23 (N.D. Ill 1997). To state a claim under this theory, a plaintiff must allege that defendant's intentional interference was directed toward specific parties or an identifiable prospective class of third persons. *DuPage Aviation Corp. v. Du Page Aviation Auth.,* 594 N.E.2d 1334, 1340 (Ill.Ct. App. 1992). Plaintiff has not done so. Plaintiff has only alleged that defendants have interfered with prospective relationships with "internet consumers." Plaintiff's claim that it has a reasonable expectation of future relationships with every internet user is not an identifiable prospective class of third persons and is mere speculation. Therefore, Plaintiff's Intentional Interference with Prospective Business Advantage should be dismissed for failure to state a claim.

### 7. Plaintiff Has Failed to Plead a Recognizable Claim of Unjust Enrichment

Unjust enrichment is an equitable remedy that provides that one should not be unjustly enriched at the expense of another. *Weigel Broadcasting Co. v. Topel*, 1985 U.S. Dist. LEXIS 23862, *15 (N.D. 1985)(internal citations omitted). A plaintiff is not entitled to this equitable remedy if he has an adequate remedy at law. *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E. 2d 1065, 1071 (Ill. Ct. App. 1995). In the present action, Plaintiff has plead that it is entitled to remedies at law under numerous other theories. As such, Plaintiff's equitable claim of unjust enrichment does not set forth a proper cause of action. *People ex rel. Hartigan v. E & E Hauling, Inc.,* 607 N.E.2d 165, 177 (Il. 1992).

Further, even if Plaintiff were entitled to seek relief for this equitable remedy, Plaintiff has failed to state a cognizable claim against Sedo for Unjust Enrichment. Plaintiff is required to prove that defendant unjustly retained a benefit to plaintiff's detriment. *See Athey Products Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436 (7th Cir. 1996). The Plaintiff cannot just cite the

elements of a cause of action and expect it to past muster.  Again, a plaintiff's obligation requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007).  In its complaint, Plaintiff simply identifies the elements for unjust enrichment.  Nowhere in Plaintiff's Complaint is there any assertion that any benefit to which Plaintiff is entitled to has been retained by Sedo to Plaintiff's detriment.  Simply put, Plaintiff has not set forth any facts that make its unjust enrichment claim even plausible.  . *Bell Atl.*, *supra*, 127 S.Ct. at 1965.  *Id.*  Accordingly, Plaintiff has failed to state a claim for Unjust Enrichment.  Count Twelve of Plaintiff's Complaint should also be dismissed.

### 8.  Plaintiff Fails to State a Claim For Declaratory Judgment

A court may declare the rights and other legal relations of any interested party in a case or controversy within its jurisdiction. *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 944 (N.D. Ill. 2002).  Yet, courts have discretion whether to hear a declaratory judgment action. *Id.*  The purpose of a declaratory judgment action is "to clarify and settle the legal relations at issue and to terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Id.* at 944.

Good cause does not exist to warrant proceeding with a declaratory judgment action here. In other Counts of Plaintiff's Complaint, it essentially asks this Court to declare that Defendants' actions have violated federal and state statutes and common laws. (Compl. ¶ 604.)   This request is outside the scope and accepted purpose of a declaratory judgment action.

> a.  Plaintiff's Complaint Fails To Satisfy Any Of The Factors The Court Looks To Determine Whether It Should Hear The Declaratory Action.

This Court may consider the following factors to determine whether it should hear a declaratory action:

(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Steiner Industries, Inc., v. Auburn Manufacturing, Inc.*, No. 07 C 668, at *4, 2007 WL 1834176 (N.D. Ill. June 22, 2007). In this case, all of the factors cut in favor of this Court declining to hear a declaratory judgment action.

First, the declaratory suit would be duplicative of the issues raised in the substantive suit, that is because the form of relief sought by the declaratory judgment is the same as the relief sought in this suit. However, turning to the second factor, the substantive litigation would also clarify and settle the legal issues and controversies for which this suit was brought. Further, "it is clear that the [Plaintiff] will not be inconvenienced by the dismissal of their declaratory judgment action" because it is asking for the same relief in the suit, and therefore "the declaratory judgment action serves no useful, additional purpose." *Id.* As this Court stated, "where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serves no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Amari*, at 944. Thus, the first two factors weigh in favor of this Court declining to hear the declaratory judgment action.

The third and fourth factors are inapplicable here. There is no race to the courthouse or procedural fencing. This Court's decision to hear or not hear this declaratory claim would not increase friction between the federal and state courts because this suit was originally brought in federal court and because federal statutes are at issue.

The fifth factor also cuts in favor of dismissing Plaintiff's prayer for declaratory judgment. Because both actions are before this court, "judicial economy is not threatened by the pendency of both actions, but the litigation will be streamlined by the elimination of the unnecessary declaratory judgment claim." *Id.* at 944-45.

Just as is the case here, in *Amari*, "all of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful purpose." *Id.* at 944. Plaintiff fails to satisfy the factors for this Court to hear the declaratory judgment claim. Additionally, even if this Court chose to hear the declaratory claim, Plaintiff's request for declaratory judgment is unwarranted because a judgment would not serve a useful purpose in clarifying the legal relations at issue. Therefore, this Court should strike and dismiss Plaintiff's claim for declaratory judgment.

V.    **CONCLUSION:**

For the reasons set forth above, Sedo.com, LLC submits that the Complaint should be dismissed against it in its entirety under Rule 12(b)(1) and (6).

Respectfully submitted,

By:    /s/ Jeffrey Singer
On behalf of Sedo.com, LLC

Jeffrey Singer, Esq. (ARDC # 2670510)
Misty R. Martin, Esq. (ARDC # 6284999)
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive
Sears Tower – Suite 5500
Chicago, IL 60606
(312) 645-7800 (t)
(312) 645-4463 (f)

23

**Certificate of Service**

I, Misty R. Martin, attorney of record for defendant, certify that on August 10, 2007, a copy of this document was served on counsel of record for the plaintiff via the court's electronic filing system.

/s/ Misty R. Martin