# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, | ) | |
| Individually And On Behalf of All Others | ) | |
| Similarly Situated, | ) | |
| Lead Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CV 3371 |
| | ) | |
| GOOGLE, INC., OVERSEE.NET, | ) | Judge Charles P. Kocoras |
| SEDO LLC, DOTSTER, INC., AKA | ) | Magistrate Judge Geraldine Soat Brown |
| REVENUEDIRECT.COM, | ) | |
| INTERNET REIT, INC. d/b/a IREIT, INC. | ) | |
| and JOHN DOES I-X., | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DEFENDANT INTERNET REIT, INC.
### IN SUPPORT OF ITS MOTION TO DISMISS

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ....................................................................................1

    A.      Defendant Ireit .........................................................................................1

    B.      Plaintiff ......................................................................................................1

    C.      Allegations Against Ireit ...........................................................................2

III.    ANALYSIS ...........................................................................................................3

    A.      Plaintiff Lacks Standing to Sue Ireit. .......................................................3

        1.      There Is No Allegation that Ireit Harmed Plaintiff........................3

        2.      There Is No Allegation that Ireit Injured Plaintiff through a RICO Violation. ....................................................................................5

    B.      Plaintiff's RICO Allegations Are Not Pleaded with Particularity as Required by Federal Rule of Civil Procedure Rule 9(b).............................6

    C.      Plaintiff's Consumer Protection Claims Are Not Pleaded with Particularity as Required by Rule 9(b). .......................................................7

    D.      Plaintiff's Complaint Fails to State Any Claim for Relief and Should Be Dismissed Pursuant to Rule 12(b)(6). ......................................................8

        1.      Counts I and II Must Be Dismissed Because Plaintiff Fails to Plead a Cognizable RICO Claim. ...............................................................9

            a.      Plaintiff Lacks Standing Because It has Failed to Plead Direct Injury.............................................................................10

            b.      Plaintiff Fails to Plead the Existence of a RICO "Enterprise" Over Which Ireit "Exercised Control."............................12

                (i)      No "Enterprise".................................................12

                (ii)     No "Exercise of Control" By Ireit .....................15

            c.      Plaintiff Has Failed to Adequately Plead Predicate "Racketeering Activity.".............................................16

                (i)      No Scheme To Defraud ....................................16

                (ii)     No Deception About a Material Fact.................17

                (iii)    Not Mailed for the Purpose of Executing a Fraudulent Scheme..........................................18

            d.      Plaintiff Fails to Plead a "Conspiracy" Under Section 1962(d) ................................................................................18

        2.      Count III Must Be Dismissed Because Plaintiff Fails to Assert a Cybersquatting Claim Against Ireit......................................20

        3.      Counts IV, V, and VI Must Be Dismissed Because Plaintiff Fails to Allege That Ireit Infringed, Falsely Designated, or Diluted Plaintiff's Registered Trademark. ............................................21

            a.      There Has Been No Trademark Infringement by Ireit Under 15 U.S.C. § 1141(1). ...................................................21

|  |  | b. | There Has Been No False Designation of Origin by Ireit Under 15 U.S.C. § 1125(a). | 22 |
|  |  | c. | There Has Been No Trademark Dilution by Ireit. | 22 |
|  | 4. |  | Count VII Must Be Dismissed Because Plaintiff Has No Claim for Consumer Fraud or Deceptive Trade Practices. | 23 |
|  | 5. |  | Plaintiff Is Not Entitled to Declaratory Relief Under Count VIII. | 25 |
|  | 6. |  | Count IX Should Be Dismissed Because Plaintiff Does Not Have a Valid Common Law Claim for Trademark Infringement Against Ireit. | 25 |
|  | 7. |  | Count X Should Be Dismissed Because Plaintiff Fails to Allege That Ireit Has Contributorily Infringed Plaintiff's Trademark Rights. | 26 |
|  | 8. |  | Count XI Should Be Dismissed Because Plaintiff Fails to Adequately Plead an Intentional Interference with Any Current or Prospective Economic Advantage. | 27 |
|  | 9. |  | Count XII Should Be Dismissed Because Plaintiff Fails to Plead a Cognizable Unjust Enrichment Claim Against Ireit. | 27 |
| E. |  |  | In the Alternative, Plaintiff Should Be Required to Provide a More Definite Statement of Its Claims. | 28 |
| IV. |  |  | CONCLUSION. | 29 |

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ali v. Shaw,*
  481 F.3d 942 (7th Cir. 2007) ................................................................. 27

*Allee v. Medrano,*
  416 U.S. 802 (1974).............................................................................. 4

*American Federation of Government Employees, Local 2119 v. Cohen,*
  171 F.3d 460 (7th Cir. 1999) ................................................................. 3

*Angel Music, Inc. v. ABC Sports, Inc.,*
  112 F.R.D. 70 (S.D.N.Y. 1986) ............................................................ 4

*Anza v. Ideal Steel Supply Corp.,*
  126 S.Ct. 1991 (2006)........................................................................... 11

*Assoc. Underwriters of Am. Agency, Inc. v. McCarthy,*
  356 Ill. App. 3d 1010, 826 N.E.2d 1160 (Ill. App. 2005)..................... 27

*Avery v. State Farm Mut. Auto. Ins. Co.,*
  216 Ill.2d 100, 835 N.E.2d 801 (2005) ................................................ 24

*Bachman v. Bear, Stearns & Co.,*
  178 F.3d 930 (7th Cir. 1999) ........................................................... 12, 14

*Beck v. Prupis,*
  529 U.S. 494, 507 (2000)...................................................................... 18

*Bell Atlantic Corporation v. Twombly,*
  127 S. Ct. 1955 (2007)...................................................................... 8, 16

*Berghoff Restaurant Co. v. Lewis W. Berghoff, Inc.,*
  357 F. Supp. 127 (N.D. Ill. 1973), *aff'd,* 499 F.2d 1183 (7th Cir. 1974) ................................ 25

*Bowers v. Crystal Valley, R. V.,*
  No. 95 C 7527, 1996 WL 169415 (N.D. Ill. Apr. 9, 1996)................... 28

*Builders Bank v. First Bank & Trust Co. of Illinois,*
  No. 03 C 4959, 2004 WL 1497766 (N.D. Ill. 2004)............................. 6

*Corley v. Rosewood Care Center, Inc.,*
  152 F. Supp. 2d 1099 (C.D. Ill. 2001) ................................................. 16

*David Berg & Co. v. Gatto Int'l Trading Co.,*
  884 F.2d 306 (7th Cir. 1989) ................................................................ 26

*Easter v. American West Financial,*
  381 F.3d 948 (9th Cir. 2004) ................................................................ 4

*EQ Financial, Inc. v. Personal Finance Co.,*
  421 F. Supp. 2d 1138 (N.D. Ill. 2006) ................................................. 6

*Evans v. City of Chicago,*
  434 F.3d 916 (7th Cir. 2006) ................................................................ 5

*Evercrete Corp. v. H-Cap Ltd.,*
  429 F. 2d Supp. 612 (S.D.N.Y. 2006)................................................... 18

*Figuero Ruiz v. Alegria,*
  986 F.2d 645 (1st Cir. 1990)................................................................. 10

*Gamboa v. Velez,*
  457 F.3d 703 (7th Cir. 2006) ................................................................ 9

*Gas Technology Institute v. Rehmat*,
  No. 05 C 2712, 2006 WL 3422190 (N.D. Ill. 2006)................................................................. 5
*Goren v. New Vision Int'l, Inc.*,
  156 F.3d 721 (7th Cir. 1998) ......................................................................................... 15, 19
*Haraco, Inc. v. Am. Nat'l Bank and Trust Co.*,
  747 F.2d 384 (7th Cir. 1984) ............................................................................................. 13
*Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*,
  955 F.2d 1143 (7th Cir. 1992) ........................................................................................... 26
*Holmes v. Securities Investor Prot. Corp.*,
  503 U.S. 258 (1992)................................................................................................ 5, 10, 11
*Industrial Specialty Chemicals v. Cummins Engine Co., Inc.*,
  902 F. Supp. 805 (N.D. Ill. 1995) ..................................................................................... 25
*Inwood Labs., Inc. v. Ives Labs., Inc.*,
  456 U.S. 844, 606 (1982).................................................................................................. 26
*Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*,
  61 F.3d 1250 (7th Cir. 1997) ................................................................................. 10, 11, 12
*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) ....................................................................................... 10
*Kutzle v. Thor Indus., Inc.*,
  No. 03 C 2389, 2003 WL 21654260 (N.D.Ill. July 14, 2003) ........................................... 28
*Lujon v. Defenders of Wildlife*,
  504 U.S. 555 (1992)............................................................................................................ 3
*Matte v. Sunshine Mobile Homes, Inc.*,
  270 F. Supp. 2d 805 (W.D. La. 2003).................................................................................. 4
*McDonald v. Schencker*,
  18 F.3d 491 (7th Cir. 1994) ............................................................................................... 10
*Miranda v. Ponce Fed. Bank*,
  948 F.2d 41 (1st Cir. 1991) .......................................................................................... 10, 18
*Monotype Imaging, Inc. v. Bitstream Inc.*,
  376 F. Supp. 2d 877 (N.D. Ill. 2005) ................................................................................. 26
*O'Shea v. Littleton*,
  414 U.S. 488, (1974).......................................................................................................... 4
*Philatelic Foundation v. Kaplan*,
  647 F. Supp. 1344 (S.D.N.Y. 1986).................................................................................... 10
*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985)........................................................................................................... 24
*Phoenix Bond & Indemnity Co. v. Bridge*,
  477 F.3d 928 (7th Cir. 2007), *rehearing en banc denied* (Apr. 17, 2007) ...................... 10, 11
*Reeves v. Ernst & Young*,
  507 U.S. 170 (1993)...................................................................................................... 12, 15
*Richmond v. Nationwide Cassel L.P.*,
  52 F.3d 640 (7th Cir. 1995) ...................................................................................... 12, 13, 14
*Robinson v. City of Chicago*,
  868 F.2d 959 (7th Cir.1989) ................................................................................................ 4
*Rohlfing v. Manor Care, Inc.*,
  172 F.R.D. 330 (N.D. Ill. 1997)......................................................................................... 24

*Roman v. United States Postal Service*,
  821 F.2d 382 (7th Cir. 1987) ................................................................................................ 3
*Russello v. United States*,
  464 U.S. 16 (1983) ............................................................................................................. 10
*S Indus. Inc. v. Stone Age Equip., Inc.*,
  12 F. Supp. 2d 796 (N.D. Ill. 1998) ................................................................................... 21
*SB Designs v. Reebok Int'l, Ltd.*,
  338 F. Supp. 2d 904 (N.D. Ill. 2004) ................................................................................. 26
*Schuler v. Abbott Laboratories*,
  265 Ill. App. 3d 991, 994-95, 639 N.E. 2d 144 (Ill. App. 1 Dist. 1993) ............................ 27
*Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*,
  2006 U.S. Dist. LEXIS 18630 (N.D. Ill. Apr. 12, 2006) .................................................... 28
*Sears v. Likens*,
  912 F.2d 889 (7th Cir. 1990) ................................................................................................ 8
*Sedima S.P.R.L. v. Imrex Co.*,
  473 U.S. 479 (1985) ........................................................................................................... 11
*Siegal v. Shell Oil Co.*,
  480 F. Supp. 2d 1034 (N.D. Ill. 2007) ................................................................................. 7
*Slaney v. Int'l Amateur Athletic Fed.*,
  244 F.3d 580 (7th Cir. 2001) .............................................................................................. 19
*Stachon v. United Consumers Club, Inc.*,
  229 F.3d 673 (7th Cir. 2000) ........................................................................................ 13, 14
*Sudicky v. Allied Tube & Conduit*,
  1999 U.S. Dist. LEXIS 16794 (N.D. Ill. Oct. 22, 1999) .................................................... 28
*Sweet v. City of Chicago*, 953 F. Supp 225, 231 (N.D. Ill. 1996) ................................................ 22
*U.S. v. Cummings*,
  395 F.3d 392 (7th Cir. 2005) ........................................................................................ 15, 19
*U.S. v. Gee*,
  226 F.3d 885 (7th Cir. 2000) .............................................................................................. 17
*U.S. v. Korando*,
  29 F.3d 1114 (7th Cir. 1994) ........................................................................................ 12, 14
*United States v. Turkette*,
  452 U.S. 576 (1981) ........................................................................................................... 10
*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,
  454 U.S. 464 (1982) ............................................................................................................. 4
*Veal v. First Am. Sav. Bank*,
  914 F.2d 909 (7th Cir. 1990) ................................................................................................ 7
*Viacom, Inc. v. Harbridge Merchant Servs., Inc.*,
  20 F.3d 771 (7th Cir. 1994) .................................................................................................. 7
*Warth v. Seldin*,
  422 U.S. 490 (1975) ............................................................................................................. 3
*Web Communication Group Inc. v. Gateway 2000, Inc.*,
  889 F.Supp. 316 (N.D. Ill. 1995) ....................................................................................... 25
*Williams v. Aztar Ind. Gaming Corp.*,
  351 F.3d 294 (7th Cir. 2003) .............................................................................................. 16

*Williams v. WMX Technologies, Inc.*,
   112 F.3d 175 (5th Cir. 1997) ................................................................... 6

## Statutes

15 U.S.C. § 1051 *et seq.* ........................................................................................ 2
15 U.S.C. § 1114(1) ...................................................................................... 2, 26, 27
15 U.S.C. § 1125(a) ............................................................................................. 2, 27
15 U.S.C. § 1125(c) ............................................................................................. 2, 28
15 U.S.C. § 1125(c)(1) ............................................................................................. 28
18 U.S.C. § 1343 ...................................................................................................... 20
18 U.S.C. § 1961(1) ................................................................................................. 22
18 U.S.C. § 1961(4) ................................................................................................. 15
18 U.S.C. § 1962(c) .......................................................................................... passim
Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ............... passim
Illinois Uniform Deceptive Trade Practices Act, ILCS 510/2 ................................ 2, 29, 30, 31
Rule 12(b)(1) .................................................................................................... 3, 4, 7
Rule 12(b)(6) ...................................................................................................... 10, 11
Rule 9(b) ......................................................................................................... 8, 9, 21

**MEMORANDUM OF DEFENDANT INTERNET REIT, INC.**
**IN SUPPORT OF ITS MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff, Vulcan Golf, LLC ("Plaintiff" or "Vulcan") sued Defendant Internet REIT ("Ireit") and the other defendants based on an isolated dispute involving two domain names registered by a single defendant other than Ireit. Despite the lack of any quarrel with Ireit, Plaintiff asserts claims against Ireit for purported RICO, consumer fraud, cybersquatting, and trademark violations on behalf of the potentially millions of entities that have their own trademarks. Even if the Court were to accept as true the allegations of Vulcan's Complaint, those allegations fail to state a claim against Ireit for any of the twelve counts of the Complaint. Accordingly, as discussed more fully below, the Complaint should be dismissed as to Ireit.

## II.    STATEMENT OF FACTS

### A.    Defendant Ireit

Ireit acquires, develops and monetizes domain names and web properties. Complaint ("Comp.") ¶49; *see also* http://www.Ireit.com/index.php. Ireit is a Delaware corporation having its principal place of business in Houston, Texas. Comp. ¶49. Ireit owns and manages a portfolio of domain names. *Id.*

Ireit has enrolled in the AdSense program run by Google Inc. ("Google"), which is an internet advertising program for domain names. *Id.* ¶¶56(x)-(y), 79, 97.

### B.    Plaintiff

Vulcan is the lead plaintiff in this purported class action against Ireit and the other named and unnamed defendants. Comp. ¶¶6. Plaintiff is an Illinois corporation with its principal place of business in St. Charles, Illinois. *Id.* ¶16. Plaintiff reportedly was founded "to design and

manufacture high performance innovative game improvement golf clubs." *Id.* ¶17. Plaintiff allegedly owns the trademark VULCAN and the trade name Vulcan Golf. *Id.* ¶¶18, 23.

### C.     Allegations Against Ireit

Plaintiff asserts twelve counts on its own behalf and on behalf of a purported class of "similarly situated entities and individuals" ("Class") against Ireit and the other named defendants (Google, Oversee.net, Sedo LLC, Dotster, Inc., a/k/a Revenuedirect.com) and unnamed defendants (John Does I-X) (collectively, "Defendants"). Comp. ¶6. The purported Class consists of owners of marks that "one or more of the Defendants" have allegedly infringed. *Id.* ¶24.

Plaintiff asserts against all Defendants claims pursuant or relating to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including trademark infringement, under 15 U.S.C. § 1114(1), false designation of origin under 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c), and cybersquatting under 15 U.S.C. § 1125(a); Racketeering Influenced Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c) and (d); the Illinois Consumer Fraud and Deceptive Business Practices Act under 815 ILCS 505/2; the Illinois Uniform Deceptive Trade Practices Act under ILCS 510/2, and "the identical or substantially similar consumer fraud and fair trade practices acts of the various states, and various states' common law." *Id.* ¶6.

Plaintiff fails to identify even a single mark or domain name that Ireit allegedly registered, licensed or utilized that infringes, dilutes, or somehow violates any rights of Plaintiff. Instead, Plaintiff merely contends that Ireit owns the domain name <mantbank.com>, for which Ireit uses Google's AdSense program. *Id.* ¶¶386-394. Importantly, Plaintiff fails to allege that it owns or has any rights to <mantbank.com>, or any related trademark. Plaintiff fails to identify the owner of a mark supposedly infringed by the domain <mantbank.com> and fails to allege that any such person is a member of the purported Class.

III.    **ANALYSIS**

    A.    **Plaintiff Lacks Standing to Sue Ireit.**

        1.    **There Is No Allegation that Ireit Harmed Plaintiff.**

Because Plaintiff lacks standing, the Court should dismiss all claims pursuant to Rule 12(b)(1).  Plaintiff must "assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499-500 (1975);  *Lujon v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *see also American Federation of Government Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition").

While courts may look beyond the pleadings in a Rule 12(b)(1) motion, *Roman v. United States Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987), the Complaint itself shows that Plaintiff lacks standing to sue Ireit.  Plaintiff does not allege that Ireit committed any acts that harmed Plaintiff itself.  Instead, the Complaint makes clear that the only domain names that allegedly harmed the Plaintiff were "wwwvulcangolf.com" and "volcangolf.com."  Comp. ¶200.  The Complaint alleges that both of these offending domain names were registered by defendant Dotster.  Comp. ¶200.  The Complaint does not allege that Ireit had anything to do with "wwwvulcangolf.com" or "volcangolf.com."

Plaintiff relies entirely on hypothetical claims that might be asserted by non-parties to establish standing for its claims against Ireit.  This is improper.  Unless and until a class is certified in this case, the claims of alleged class members are simply not relevant.  *See Warth*, 422 U.S. at 502 (named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they

belong and which they purport to represent").[1]  Plaintiff may not bring claims against Ireit "through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828-829 (1974) (Burger, C.J., concurring in part and dissenting in part).  It is black letter law that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir.1989) (class action may not be certified unless the named plaintiff has standing).

Where, as here, Plaintiff cannot trace an injury it has suffered to Ireit, Plaintiff lacks standing to sue Ireit.  *See, e.g., Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 75 (S.D.N.Y. 1986) (copyright owner injured by one infringer did not have standing to bring a class action against all alleged infringers under theory of alleged "industry-wide policy"); *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 826 (W.D. La. 2003) (rejecting attempt by 16 mobile home owners to bring class action against 282 defendants comprising all mobile home manufacturers, because they could trace no injury to the conduct of defendants from whom they did not purchase a mobile home); *Easter v. American West Financial*, 381 F.3d 948, 962 (9th Cir. 2004) (named plaintiffs lacked standing to bring class action against lenders who did not hold and had never held a named plaintiff's loan).

---

[1]  Moreover, a plaintiff's claim must present more than "abstract questions of wide public significance which amount to generalized grievances. . . ."  *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-475 (1982).  This principle is closely related to the constitutional requirement of personal "injury in fact."  *Id.*, 454 U.S. at 475.

**2.    There Is No Allegation that Ireit Injured Plaintiff through a RICO Violation.**

Nor do Plaintiff's RICO allegations provide standing to sue Ireit.  To have standing under RICO, a plaintiff must allege that he has been "injured in his business or property by reason of a [RICO] violation."  18 U.S.C. 1964(c); *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).  This provision requires a plaintiff to show that an actionable RICO violation was the proximate cause of the <u>plaintiff's</u> injury for standing to sue under RICO.  *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Gas Technology Institute v. Rehmat*, No. 05 C 2712, 2006 WL 3422190 at *13 (N.D. Ill. 2006).

The Complaint basically alleges that defendant Dotster had an agreement with defendant Google to share profits from "wwwvulcangolf.com" and "volcangolf.com," and that this agreement somehow creates an actionable RICO claim.  The Complaint fails to allege any agreement by Ireit with any party that relates in any way to these two domain names or to Plaintiff Vulcan Golf.  Plaintiff fails to allege that Ireit did anything whatsoever to assist Dotster or Google to profit from "wwwvulcangolf.com" or "volcangolf.com."  Nor does Plaintiff allege that Ireit committed any other RICO predicate act that damaged Plaintiff Vulcan Golf.  The Complaint's RICO allegations against Ireit instead rely on an alleged conspiracy between Ireit and Google to harm other, hypothetical, unnamed future class members.  Comp. ¶¶ 169-179. These allegations fail to state that Ireit committed any RICO predicate acts that were a proximate cause of Vulcan Golf's own injuries.  Hence, Plaintiff lacks standing to sue Ireit under RICO. Because Plaintiff fails to plead <u>any</u> facts or claims against Ireit that establish standing,  all twelve counts asserted against Ireit in Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) .

**B.      Plaintiff's RICO Allegations Are Not Pleaded with Particularity as Required by Federal Rule of Civil Procedure Rule 9(b).**

A plaintiff must plead RICO fraud claims with particularity pursuant to Rule 9(b).  *EQ Financial, Inc. v. Personal Finance Co.*, 421 F. Supp. 2d 1138, 1146 (N.D. Ill. 2006); *Builders Bank v. First Bank & Trust Co. of Illinois*, No. 03 C 4959, 2004 WL 1497766 at *2 (N.D. Ill. 2004).  Here, Plaintiff bases its RICO claims on alleged mail and wire fraud.  To plead mail and wire fraud with particularity, Plaintiff must, at a minimum, state "who initiated the communication, when the communication took place, the contents of the communication, and how that communication furthered the scheme to defraud." *Builders Bank*, 2004 WL 1497766 at *2.  The extreme length of Plaintiff's Complaint should not be mistaken for particularity: "A complaint can be long-winded, even prolix, without pleading with particularity.  Indeed, such a garrulous style is not an uncommon mask for absence of detail."  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Plaintiff's RICO counts are fatally deficient in many areas:

- *Time*—Plaintiff's conclusory allegations that "Defendants" placed "matter and things" in "post offices" and transmitted "matter and things" by wire are insufficient.  There is not a single date tied to a single communication to which Ireit was a party in the entire 127 page Complaint.  Plaintiff must allege the *exact date* of *each* communication Plaintiff claims constituted a predicate act.  *Builders Bank*, 2004 WL 1497766 at *3.

- *Place*—Plaintiff fails to identify where any alleged predicate act took place other than to state that they all took place at unspecified "post offices."

- *Content*—Plaintiff's reference to "matter and things" fails to identify the content of the communications.   Plaintiff's further clarification of "including but not limited to contracts, invoices, correspondence, and payments," would encompass everything that an ordinary business would mail or transfer over the wire.  In order to satisfy Rule 9(b), Plaintiff must allege exactly *what was said or done* in *each* communication at issue that constituted actionable mail or wire fraud.  *EQ Financial*, 421 F. Supp. 2d at 1147.

- *Method*—Plaintiff broadly alleges that all defendants committed predicate acts by the use of mail or wire.  But Plaintiff must allege for *each* communication whether it was made through mail, internet, telephone, or some other means.  *EQ Financial*, 421 F. Supp. 2d at 1147.

- ***Identities of the Parties—***Plaintiff fails to allege who made any of the communications. The Seventh Circuit has specifically held that it is not sufficient to "lump" a group of defendants together and allege that the group sent communications or the group members communicated with each other. *Viacom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994). The complaint must specifically identify which party sent each communication that forms the basis for a predicate act, and to whom the communication was sent. *Id.*

Plaintiff's RICO allegations do not satisfy a single requirement of Rule 9(b) and should, therefore, be dismissed.

### C.    Plaintiff's Consumer Protection Claims Are Not Pleaded with Particularity as Required by Rule 9(b).

Consumer protection claims that sound in intentional misrepresentation and fraud, as opposed to negligent misrepresentation, must be pleaded with particularity pursuant to Rule 9(b). *Veal v. First Am. Sav. Bank*, 914 F.2d 909, 912-13 (7th Cir. 1990); *Siegal v. Shell Oil Co.*, 480 F. Supp. 2d 1034, 1039-40 (N.D. Ill. 2007). Here, Plaintiff alleges intentional misrepresentation and fraud. *See* Comp. ¶¶591, 595 (alleging that all defendants committed "fraud, false promise, misrepresentation, and concealment," and "Defendants have knowingly, intentionally, and deliberately engaged in conduct that creates a likelihood of confusion.") Because Plaintiff alleges intentional fraud, Plaintiff must plead:

> (1) "the identity of the person making the misrepresentation" (the "who"), (2) the "content of the misrepresentation" (the "what"), (3) "the time" the misrepresentation occurred (the "when"), (4) "the place" of the misrepresentation (the "where"), and (5) the "method by which the misrepresentation was communicated to the plaintiff" (the "how").

*Siegal v. Shell Oil Co.*, 480 F. Supp. 2d 1034, 1039-1040 (N.D. Ill. 2007).

Just like Plaintiff's RICO claims, Plaintiff fails to allege any of these requisite facts. Instead, Plaintiff merely recites the legal elements of a consumer protection claim and alleges facts related only to "wwwvulcangolf.com" and "vulcangolf.com"— domains that have <u>nothing</u> to do with Ireit. Moreover, the Complaint fails to identify the party supposedly making the misrepresentations. The Complaint instead lumps all the defendants together and makes

-7-

conclusory statements that they all engaged in deceptive practices. *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (rejecting complaint that "lumped together" multiple defendants because the complaint was "bereft of any detail concerning who was involved in each allegedly fraudulent activity"). The Complaint also fails to allege the time or place of any of the representations. Although the Complaint alleges that Ireit owns "many deceptive domain names," it fails to identify a single one, let alone allege the specific facts required for the consumer protection claim.

### D.     Plaintiff's Complaint Fails to State Any Claim for Relief and Should Be Dismissed Pursuant to Rule 12(b)(6).

Plaintiff's Complaint fails to state a claim against Ireit in any of its twelve counts. The Court should thus dismiss Plaintiff's claims pursuant to Rule 12(b)(6). The Supreme Court recently clarified the standard for dismissal under Rule 12(b)(6):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .. Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact ).

*Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Although Plaintiff asserts twelve causes of action, the basis for each boils down to two domain names, "wwwvulcangolf.com" and "volcangolf.com." As noted above, Ireit has nothing to do with these two domain names. The Complaint's allegations against Ireit are nothing more than a "formulaic recitation of the elements" of each of Plaintiff's causes of action. The

Complaint fails to allege any facts whatsoever to support a claim that Ireit has harmed Plaintiff

Vulcan Golf.[2]

### 1. Counts I and II Must Be Dismissed Because Plaintiff Fails to Plead a Cognizable RICO Claim.

Count I asserts a claim under Section (c) of RICO, 18 U.S.C. § 1962(c); and Count II

asserts a claim under Section (d) of RICO, 18 U.S.C. § 1962(c).  These sections provide:

> (c)     It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d)     It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

RICO does not cover all instances of wrong-doing.  *Gamboa v. Velez*, 457 F.3d 703, 705

(7th Cir. 2006).  To state a civil RICO claim based upon mail and wire fraud, Plaintiff must show

that Ireit: (1) controls or operates an enterprise; (2) engaged in a pattern of racketeering activity;

(3) which constituted a scheme to defraud Plaintiff about a material fact; (4) involving use of the

mails and wire in furtherance of the scheme; and (5) the scheme proximately caused injury to

---

[2] For brevity, Ireit adopts by reference the additional Rule 12(b)(6) grounds set forth in the other defendants' motions to dismiss, rather than re-stating those grounds in Ireit's brief.

Plaintiff. *See McDonald v. Schencker*, 18 F.3d 491, 494 (7th Cir. 1994); *see also Holmes*, 503 U.S. at 268 (requiring proximate cause with respect to injury).[3]

Plaintiff fails to adequately plead injury sufficient to have standing, as well as at least the following three essential elements of a RICO claim: (1) a cognizable RICO enterprise, (2) predicate racketeering activity, or (3) conspiracy.

a.    **Plaintiff Lacks Standing Because It has Failed to Plead Direct Injury.**

Plaintiff utterly fails to allege that Ireit is the proximate cause of Plaintiff's own alleged injury. In order to have RICO standing, Plaintiff must allege that a fraudulent statement by Ireit caused a direct injury to Plaintiff. *See Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932 (7th Cir. 2007), *rehearing en banc denied* (Apr. 17, 2007) (holding "that the direct victim may recover through RICO whether or not it is the direct recipient of the false statements") (*citing Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1257 (7th Cir. 1997)). However, the "injury must be direct rather than derivative," and "business rivals may not use RICO to complain about injuries derivatively caused by mail frauds perpetrated

---

[3] Although RICO provides civil remedies for private parties under certain exacting conditions, the statute was expressly enacted for the purpose of "seek[ing] the eradication of organized crime in the United States." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 654 (S.D.N.Y. 1996) (*quoting* Pub. I., No. 91-452). It is fundamentally a criminal statute aimed at preventing the infiltration of business enterprises by organized crime. *See United States v. Turkette*, 452 U.S. 576 (1981); *Russello v. United States*, 464 U.S. 16 (1983). As such, RICO should not lightly be applied against civil defendants unless the plaintiff plainly satisfies its burden as to each and all of the requisite elements. Courts have long recognized that "[c]ivil RICO is an unusually potent weapon -- the litigation equivalent of a thermonuclear device." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). Because the "mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figuero Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). *See also Philatelic Foundation v. Kaplan*, 647 F. Supp. 1344, 1347 (S.D.N.Y. 1986) (finding that criminal law origins of civil RICO present "difficulties," if not an outright "dilemma," requiring courts to "struggle[] . . . [for] principled conclusions" lest "garden variety" misconduct impermissibly be transformed into the proverbial federal case).

-10-

against customers." *Id.* at 933 (*quoting Israel Travel*, 61 F.3d at 1258). Plaintiff fails to allege any direct injury resulting from Ireit or any other defendant's conduct.

In *Anza v. Ideal Steel Supply Corp.*, 126 S.Ct. 1991 (2006), the Court applied a proximate cause requirement to a §1962(c) RICO claim alleging mail fraud as a predicate act. The *Anza* Court relied on the standard in *Holmes*, which provides that a plaintiff's right to sue "require[s] a showing that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well." *Anza*, 126 S.Ct. at 1996 (*quoting Holmes*, 503 U.S. at 268). Further, the Court stated that a compensable injury flowing from a §1962(c) injury "necessarily is the harm caused by the predicate acts . . . for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise." *Id.* (*quoting Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985)).

Plaintiff fails to allege how Ireit, or any other defendant, is the "proximate cause" of any trademark owner's alleged RICO injury. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza*, 126 S.Ct. at 1998. Here, Plaintiff brings a RICO mail fraud claim based on its alleged loss of sales resulting from Plaintiff's customer's mistyping of a web address that results in the customer seeing paid advertisements which might result in the customer failing to purchase what it would have otherwise purchased from Plaintiff. In this case, as in *Anza*, the "cause of [Plaintiff's] asserted harm" is a "set of actions . . . entirely distinct from the alleged RICO violation." *Anza*, 126 S.Ct. at 1997. As the Seventh Circuit noted in similar circumstances, the mail fraud statute "does not protect vendors to persons who may be deceived, and firms suffering derivative injury from business torts therefore must continue to rely on the common law and the Lanham Act rather than resorting to RICO." *Israel Travel Advisory*

*Service, Inc.*, 61 F.3d at 1258.  Thus, Plaintiff fails to allege that Ireit caused Plaintiff's alleged

injuries or the injuries of any putative class member.

> **b.      Plaintiff Fails to Plead the Existence of a RICO "Enterprise" Over Which Ireit "Exercised Control."**

Plaintiff's RICO claims should be dismissed for the additional reason that Plaintiff has

failed to plead the existence of a RICO enterprise or that Ireit exercised control over the alleged

enterprise.

> **(i)      No "Enterprise"**

In order to satisfy Section 1962(c)'s pleading requirements, a plaintiff must plead each

defendants' participation in the operation or management of an "enterprise," as that term is

defined for purposes of the statute.  *See Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645

(7th Cir. 1995); *Reeves v. Ernst & Young*, 507 U.S. 170, 183 (1993)).  For purposes of the RICO

statute, "enterprise" "includes any individual, partnership, corporation, association, or other legal

entity, and any union or group of individuals associated in fact although not a legal entity."  18

U.S.C. § 1961(4).  Plaintiff fails to identify an enterprise because the Complaint does not allege

any identifiable structure, any common purpose, or any independent existence separate from the

alleged racketeering activity.

While a RICO enterprise can be formal or informal, some type of identifiable

organizational structure is required.  *See U.S. v. Korando*, 29 F.3d 1114, 1117 (7th Cir. 1994)

("The hallmark of an enterprise is a 'structure.'"); *see also Bachman v. Bear, Stearns & Co.*, 178

F.3d 930, 931 (7th Cir. 1999) (finding a loose-knit association of entities cannot constitute a

RICO "enterprise" where it involves no organization beyond an alleged conspiracy to commit

fraud).  Thus, a RICO "enterprise" must  be an "ongoing 'structure' of persons associated

through time, joined in purpose, and organized in a manner amenable to hierarchical or

consensual decision-making." *Richmond*, 52 F.3d at 644.  To properly allege a RICO enterprise, a Plaintiff is required to identify "a 'command structure' separate and distinct from" the individual defendants which allegedly comprise the enterprise." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 676 (7th Cir. 2000).

Plaintiff's sole attempt to allege the existence of an "enterprise" is to allege the following open-ended and amorphous "Enterprise":

> The following group of individuals and entities, associated in fact, constitute an interstate "Enterprise" under RICO: (1) Defendant Google, (2) the Parking Company Defendants, (3) all AdWords Participants/Advertisers, (4) all AdSense Participants/Publishers, (5) all other individuals and entities participating in Defendant Google's AdSense and AdWordsNetworks and/or the Google Advertising Network, (6) Defendant Google Search Partners, and (7) other unnamed Co-conspirator Defendants that agreed to and engaged in the unlawful actions described herein.

Comp. ¶429.  The group as defined by Plaintiff lacks the requisite separate command structure. Plaintiff's alleged enterprise is nothing more than a group of wholly independent entities, known and unknown, who as a group lack any distinct existence and structure.  *See Richmond*, 52 F.3d at 645 (dismissing a RICO action naming a string of entities, known and unknown, as a RICO enterprise because "a nebulous, open-ended description of the enterprise does not sufficiently identify this essential element of the RICO offense").[4]

---

[4] The Complaint also does not satisfy the "separateness" requirement: "[S]ection 1962(c) requires separate entities as the liable person and the enterprise which has its affairs conducted through a pattern of racketeering activity." *Haraco, Inc. v. Am. Nat'l Bank and Trust Co.*, 747 F.2d 384, 400 (7th Cir. 1984).  Plaintiff apparently tries to circumvent the "separateness" requirement for the enterprise by randomly adding entities wholly disconnected to the alleged fraud.  The Seventh Circuit rejected a similarly misconceived attempt by the *Richmond* Plaintiff to allege an enterprise because "[n]ot one of the non-defendant entities, supposedly constituent parts of the 'enterprise,' [was] described as playing a role in the [alleged fraud]." *Richmond*, 52 F.3d at 645.  To the extent that Plaintiff has identified defendants and the entities making up the enterprise, not one of the additional entities in the alleged enterprise "play[s] a role" in the alleged fraud.  Plaintiff thus fails to allege an enterprise with any identifiable structure.

-13-

While Plaintiff does allege that the members of the alleged enterprise share a common purpose, the purpose alleged is so vague that it would make the parties to every business transaction members of an enterprise.  An adequately alleged enterprise must have "a common purpose of engaging in a course of conduct."  *Richmond*, 52 F.3d at 645.  Plaintiff alleges that the "members of the Enterprise . . . share the common purpose of maximizing their profits and market share through cooperation, participation, fraternization, and utilization of the extensive international network" of online commerce.  Comp. ¶ 441.  Such a generic purpose is insufficient to allege an enterprise, according to the Seventh Circuit:

> [D]iverse parties, such as these [alleged members of the enterprise], customarily act for their own gain or benefit in commercial relationships. Given the commercial nature of the various parties' relationships . . . and the independent interests necessarily governing those relationships, the amended complaint fails to dispel the notion that the different parties entered into agreements . . . for their own gain or benefit.

*Stachon*, 229 F.3d at 677 n.4.  Given that the alleged members of the enterprise in this case are all for-profit entities, Plaintiff has done nothing to allege an enterprise with a common purpose that goes beyond normal business relations.

The alleged pattern of racketeering activity is also insufficient to allege an enterprise. "The enterprise needs to be something more than just the pattern of racketeering activity. 'Otherwise two statutory elements—enterprise and pattern—would be collapsed into one.'" *Korando*, 29 F.3d at 1117 (citation omitted).  Even if Plaintiff adequately alleged in an amended complaint a conspiracy to defraud, Plaintiff would be no closer to alleging an enterprise.  A conspiracy to defraud "is not an enterprise unless every conspiracy is also an enterprise for RICO purposes, which the case law denies."  *Bachman*, 178 F.3d at 932 (affirming a dismissal for failure to allege an enterprise even though plaintiff alleged a conspiracy to defraud that lasted for

-14-

years).  Thus, Plaintiff fails to identify an enterprise because it alleges no structure, no common

purpose, and no identity separate from the alleged racketeering.

**(ii)     No "Exercise of Control" By Ireit**

In order to allege a 1962(c) violation, Plaintiff must also allege that Ireit "conduct[ed] or

participate[d], directly or indirectly, in the conduct of such enterprise's affairs."  18 U.S.C.

§ 1962(c).  The Supreme Court has held that "to conduct" "indicates some degree of direction"

and that "to participate" "one must have some part in directing th[e] affairs" of the enterprise.

*Reeves*, 507 U.S. at 178-79; *see also U.S. v. Cummings*, 395 F.3d 392, 397 (7th Cir. 2005)

("Supreme Court precedent teaches that this language 'indicates some degree of direction . . . .").

Indeed, "one is not liable under [§ 1962(c)] unless one has participated in the operation or

management of the enterprise itself." *Reeves*, 507 U.S. at 183.  Further, the Plaintiff must allege

"that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just

their *own* affairs." *Id.* at 185 (emphasis in original).  "[M]ere participation in the activities of the

enterprise is insufficient." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998).

An allegation of "the existence of a business relationship between the[] defendants and the

enterprise" does not satisfy the operation or management test. *Id.* at 728.  Even performing

services for an enterprise "with knowledge of the enterprise's illicit nature, is not enough to

subject an individual to RICO liability under § 1962(c)." *Id.*

Plaintiff fails to allege that Ireit managed or operated the alleged enterprise.  Plaintiff

contends that every Defendant in this case is a "'person' within the meaning of 18 U.S.C.

§ 1961(3)," and thus by inference managed or operated the affairs of the alleged enterprise.

Comp. ¶ 428.  While Plaintiff provides the "formulaic recitation of the elements," *see* Comp.

¶¶ 439, 440, 459, 508, 510, 521, nowhere does the Plaintiff provide a factual basis for its blanket

allegation that Ireit "conduct[ed]" or had "some part in directing" the affairs of the enterprise.

-15-

*See* Comp. ¶ 442. Nothing in the alleged facts would raise "above the speculative level" the possibility that Ireit operated or managed the affairs of the enterprise. *See Twombly*, 127 S. Ct. at 1965.[5] Thus, Plaintiff has failed to plead the necessary conduct or participation under § 1962(c).

**c.      Plaintiff Has Failed to Adequately Plead Predicate
"Racketeering Activity."**

In order to plead a RICO violation, Plaintiff must plead that a defendant committed a pattern of predicate acts (or racketeering activity) enumerated in Section 1961(c) of the RICO statute. Cybersquatting and trademark infringement are not enumerated RICO predicate acts. Plaintiff bases its RICO allegations upon alleged mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. *See* Comp. ¶ 446-56. The elements of mail fraud require "(1) a scheme or artifice to defraud with the intent to defraud; (2) through a deception about a material fact; and (3) the use of the mails (or interstate telecommunication) to further the fraud." *Corley v. Rosewood Care Center, Inc.*, 152 F. Supp. 2d 1099, 1108 (C.D. Ill. 2001).

**(i)      No Scheme To Defraud**

"A necessary element of a scheme to defraud is the making of a false statement or material misrepresentation, or the concealment of a material fact." *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003) (dismissing a mail fraud claim for failing to allege a misrepresentation). Stated simply, a scheme to defraud requires allegations of fraud, which Plaintiff simply has not made. While Plaintiff alleges fraud in mailed invoices and contracts, that allegation completely fails the particularity requirement of Rule 9(b) as discussed above. Thus, the only allegation that might possibly pass muster is the alleged "Illegal

---

[5] Nor is it even plausible that Ireit somehow manages the affairs of Google, let alone all of the other defendants.

-16-

Infringement Scheme" relating to the alleged acts of cybersquatting.  As detailed below, however, the Complaint's cybersquatting allegations do not amount to fraud or deceit.

Plaintiff vaguely alleges that Ireit and the other Defendants committed mail and wire fraud to effectuate an "Illegal Infringement Scheme" which supposedly injured Plaintiff.  Comp. ¶¶ 446-456.  In the attempt to create a false impression of mail and wire fraud, Plaintiff lists a multitude of mail and wire transactions inherently implicated in the Internet advertising industry. *Id.* at ¶¶ 450(a)-(t), 451.  Plaintiff, however, fails to offer any allegations to establish how Ireit lied to, or concealed material facts from, Plaintiff, any putative plaintiff, or any of Plaintiff's potential customers in any alleged attempt to defraud any of them.  Nor does Plaintiff identify any fraudulent or false statement by Ireit, or for that matter any other defendant.

### (ii)  No Deception About a Material Fact

Even if Plaintiff could allege that Ireit acted with intent to defraud, Plaintiff must further allege that the fraud was material.  Additionally, a false statement is material where it has "'a natural tendency to influence . . . the decision of the decisionmaking body to which it was addressed.'"  *U.S. v. Gee*, 226 F.3d 885, 891 (7th Cir. 2000).  The Complaint fails to allege any fraudulent statement, much less any *materially* fraudulent statement by Ireit.  Vulcan's alleged potential customers who mistype a domain name address are the only alleged persons possibly making a decision.  It is difficult to even imagine a statement by Ireit that would influence the decision of potential Vulcan customers with respect to domain names and web sites with which Ireit has absolutely no connection.  Plaintiff completely fails to demonstrate the materiality of any statement by Ireit as it regards any decision made by Vulcan's potential customers.

(iii)    **Not Mailed for the Purpose of Executing a Fraudulent Scheme**

Even if Plaintiff had properly alleged trademark infringement or cybersquatting, allegations of mailings will not convert either of these acts into a predicate act under § 1961(1). Other than the fraud alleged in ¶ 450 (a)-(b) of the Complaint, Plaintiff has failed to allege any act subject to RICO because cybersquatting and trademark infringement are not included in the §1961(1) list of predicate acts. *See Miranda*, 948 F.2d at 48 ("Congress painstakingly enumerated a complete list of predicate acts in 18 U.S.C. §1961(1)."). Further, the nonfraudulent use of the mail or wires will not convert an act excluded from the predicate acts of § 1961(1) into a predicate act. *See Evercrete Corp. v. H-Cap Ltd.*, 429 F. 2d Supp. 612, 631 (S.D.N.Y. 2006) (dismissing RICO claims because willful trademark infringement does not become racketeering simply through the use of interstate mail or wires); *see also Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) (rejecting RICO claims that do no more than allege copyright infringement— prior to the addition of criminal copyright as a predicate act).

d.    **Plaintiff Fails to Plead a "Conspiracy" Under Section 1962(d) .**

Because Plaintiff fails to allege an act of racketeering under § 1962(a)-(c), it cannot allege conspiracy under § 1962(d). The Supreme Court has held "that a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." *Beck v. Prupis*, 529 U.S. 494, 507 (2000). Since Plaintiff has failed to allege adequately a § 1962(c) violation, and has not even attempted to allege a § 1962(a) or (b) violation, Plaintiff may not allege conspiracy under § 1962(d) based simply on the plain language of that statute.

While a violation of § 1962(c) is not essential to plead a § 1962(d) violation, Plaintiff has not alleged the necessary elements of a § 1962(d) conspiracy. "[T]he touchstone of liability

under § 1962(d) is an agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute." *Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 600 (7th Cir. 2001) (*quoting Goren*, 156 F.3d at 732). The *Goren* court explained that a RICO conspiracy requires both an agreement to participate in the enterprise and an agreement to commit two predicate acts:

> From a conceptual standpoint a conspiracy to violate RICO can be analyzed as composed of two agreements . . . : an agreement to conduct or participate in the affairs of an enterprise and an agreement to the commission of at least two predicate acts . . . . If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy.

*Goren*, 156 F.3d at 732   Thus, allegations of mere "affiliation" with an enterprise or mere agreement to commit criminal acts does not satisfy the pleading requirements of § 1962(d). *See Goren*, 156 F.3d at 732.

While Plaintiff recites the formula "in furtherance of a conspiracy" multiple times (*see* Comp. ¶¶ 8, 13, 465-69, 501(t), 513, 517-23), Plaintiff fails to allege that Ireit "conspired knowingly to facilitate the activities of anyone to whom § 1962(c) would apply—namely, an operator or manager of the . . . RICO enterprise." *See U.S. v. Cummings*, 395 F.3d at 398. Plaintiff does not allege that Ireit agreed to conduct or participate in the affairs of the alleged enterprise, nor does Plaintiff allege that Ireit agreed to commit mail or wire fraud. "It is well established that a complaint may be dismissed if it contains only conclusory, vague and general allegations of a conspiracy." *Goren*, 156 F.3d at 733 (citing the Third Circuit for the proposition that "a conspiracy claim must contain supportive factual allegations describing the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in the conspiracy."). Plaintiff's vague and conclusory allegations of association with an

enterprise are simply insufficient to state a claim under § 1962(d). For the foregoing reasons, Plaintiff's RICO claims against Ireit should be dismissed.

> **2.      Count III Must Be Dismissed Because Plaintiff Fails to Assert a Cybersquatting Claim Against Ireit.**

Plaintiff also fails to establish a claim against Ireit under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).[6]  To state an ACPA claim, Plaintiff must allege that: (1) it owns a distinctive or famous mark entitled to protection; (2) Ireit owns a domain name that is "identical or confusingly similar to" Plaintiff's mark; and (3) Ireit registered that domain name with the bad-faith intent to profit from it. *Id.*  Plaintiff has not alleged and cannot prove these requisite elements, because Ireit does not own any domain name that infringes Plaintiff's rights.

Plaintiff loosely hinges its cybersquatting claim against Ireit on the allegation that Ireit owns the domain name <mantbank.com>. Comp. ¶386.  However, Plaintiff alleges no rights to <mantbank.com> and thus has no standing to bring a claim regarding that domain name under the ACPA. Moreover, Plaintiff fails to allege that "mantbank.com" is a distinctive or famous mark or otherwise entitled to protection, or that the domain name was registered with the bad-

---

[6] (1)(A)         A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person

    (i)      has a bad-faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

    (ii)     registers, traffics in, or uses a domain name that

        (I)      in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

        (II)     in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or

        (III)    is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

faith intent to profit from it.  15 U.S.C. § 1125(d)(1)(A) .  Accordingly, Count III against Ireit must be dismissed.

      **3.**      **Counts IV, V, and VI Must Be Dismissed Because Plaintiff Fails to Allege That Ireit Infringed, Falsely Designated, or Diluted Plaintiff's Registered Trademark.**

Because Plaintiff fails to allege that Ireit used, infringed, falsely designated, or diluted any of Plaintiff's marks, Counts IV, V, and VI alleged against Ireit fail to state a claim and should be dismissed.

      **a.**      **There Has Been No Trademark Infringement by Ireit Under 15 U.S.C. § 1141(1).**

Count IV of the Complaint alleges trademark infringement under 15 U.S.C. § 1114(1). To assert a claim under that provision, Plaintiff must show that (1) its marks are registered; (2) Ireit used the marks in commerce without Plaintiff's consent; and (3) Ireit's unauthorized use is likely to confuse consumers or deceive the public. *Id.*; *see  also S Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp. 2d 796, 803 (N.D. Ill. 1998).  Plaintiff cannot meet this burden because Ireit has not, and Plaintiff has not alleged that Ireit has, used any mark owned by Plaintiff in commerce.

As noted above, Plaintiff lacks standing to enforce rights in trademarks to which Plaintiff has no legal interest.  The clear language of the statute accords a cause of action to only the owner of a mark.  15 U.S.C. § 1114(1).  The only domain name that Plaintiff identifies in its Complaint that is linked to Ireit is <mantbank.com>.  Comp. ¶386-87.  Once again, however, Plaintiff has no rights to <mantbank> and thus has no standing to bring trademark claims against Ireit.  Since Ireit is not alleged to have owned or used a domain name confusingly similar to a trademark owned by Plaintiff, Count IV against Ireit should be dismissed.

**b.    There Has Been No False Designation of Origin by Ireit Under 15 U.S.C. § 1125(a).**

Plaintiff's "false designation of origin" claim fails for essentially the same reasons as its trademark infringement claim.    Section 43(a) of the Lanham Act protects unregistered trademarks in the much the same way 15 U.S.C. § 1141 protects marks registered with the United States Patent and Trademark Office.[7]

As with its claim for trademark infringement, Plaintiff fails to allege that Ireit used any false designation of origin, or made any false or misleading description or misrepresentation of fact as to Plaintiff's marks.  Nor has Plaintiff identified any such false designation or misleading description.  Vague and unsupported allegations under 15 U.S.C. § 1125(a)  are not sufficient to withstand dismissal.  *See*, *e.g.*, Sweet v. City of Chicago, 953 F. Supp 225, 231 (N.D. Ill. 1996) (finding plaintiff's § 1125(a) claim warranted dismissal because it "merely makes the conclusory assertion that confusion is likely and sets forth no facts that would permit a conclusion that patrons of the Art Fair are likely to be confused as to the origin or sponsorship of the Art Fair").

**c.    There Has Been No Trademark Dilution by Ireit.**

Plaintiff has alleged no basis for its trademark dilution claim against Ireit in Count VI of the Complaint.  To state a claim for dilution under federal law, Plaintiff must allege: (1) it owns a

---

[7] This section provides:

> (1)   Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin**,** false or misleading description of fact, or false or misleading representation of fact, which-
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,

. . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.  15 U.S.C. § 1125(a).

famous mark; (2) Ireit used the mark after it became famous; (3) Ireit's use of the mark caused it to be diluted; and (4) Ireit's use of the marks was "in commerce."[8]  15 U.S.C. § 1125(c)(1). Plaintiff fails to allege facts that satisfy any of these four requirements.  Specifically, Plaintiff has not contended it owns a famous mark; that Ireit has used Plaintiff's famous mark; that Ireit has diluted Plaintiff's famous mark; or that Ireit's use of Plaintiff's famous mark was commercial or in commerce.  15 U.S.C. § 1125(c)(1).  Plaintiff's sole basis for asserting a dilution claim against Ireit appears to be that Ireit allegedly registered the domain name <mantbank.com>, but Plaintiff fails to allege it has any rights in any trademark similar to "mantbank," let alone that any such mark is famous and diluted by Ireit.  Count VI thus fails to state a claim against Ireit under the federal dilution statute and should be dismissed.

### 4.    Count VII Must Be Dismissed Because Plaintiff Has No Claim for Consumer Fraud or Deceptive Trade Practices.

In Count VII, Plaintiff asserts a defective claim under §2 of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") and §2 of the Illinois Deceptive Trade Practices Act ("DTPA") 815 ILCS 505/2 and 815 ILCS 510/2.  To state a claim under the ICFA, a private plaintiff must plead: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.  *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180, 835

---

[8] 15 U.S.C. § 1125(c)(1) provides in relevant part as follows:

Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence or actual or likely confusion, of competition, or of actual economic injury.

N.E.2d 801, 850 (2005). Although an ICFA plaintiff need not necessarily be an Illinois resident, ICFA does not apply to "fraudulent transactions which take place outside Illinois." *Avery*, 835 N.E. 2d at 853.

In the present case, the only assertion of any connection to Illinois is the fact that Plaintiff's principal place of business is located in St. Charles, Illinois. Comp. ¶16. Neither Ireit, nor any of the other defendants, is based in Illinois, nor is there any allegation that any relevant transaction occurred in Illinois. Comp. ¶¶25-55. Plaintiff attempts to sidestep this obvious pleading deficiency by alleging, in conclusory fashion, that Ireit "has engaged in acts or omissions within this judicial district causing injury . . . ." Comp. ¶50. It is well established, however, that this allegation is insufficient to establish the "requisite nexus" with Illinois to warrant application of the ICFA. *See, e.g., Avery*, 835 N.E.2d at 854; *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340, n.10 (N.D. Ill. 1997) (where the only connection with Illinois is the headquarters of the defendant or the fact that a scheme "emanated" from Illinois, the Consumer Fraud Act "does not apply to the claims of the non-Illinois plaintiffs."). Plaintiff has not alleged that Ireit committed, or that Plaintiff was injured as a result of, any deceptive act committed by Ireit in Illinois. Moreover, Plaintiff cannot manufacture a nexus to Illinois by prophesizing that an unnamed, putative plaintiff in a class yet to be certified may ultimately establish such a nexus.

The lack of an Illinois nexus applies equally to Plaintiff's DTPA claim, just as with Plaintiff's ICFA claim. *See Rohlfing*, 172 F.R.D. at 340 n. 9, *citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985) (recognizing that Due Process Clause forbids a forum state from applying its own law to every member of a class unless the state has a significant contact or significant aggregation of contacts to the claims asserted by each member of the plaintiff class).

-24-

Count VII also fails against Ireit because misrepresentation is a necessary element for such claims. *Web Communication Group Inc. v. Gateway 2000, Inc.*, 889 F. Supp. 316, 323 (N.D. Ill. 1995) (dismissing consumer fraud claims where plaintiff failed to identify any misrepresentation by movants affecting consumers); *Industrial Specialty Chemicals v. Cummins Engine Co., Inc.*, 902 F. Supp. 805, 812-813 (N.D. Ill. 1995) (granting motion to dismiss claims under the Act due to lack of actionable misrepresentations by defendant). Significantly, Plaintiff does not, and cannot, identify <u>any</u> misrepresentation by Ireit that has injured Plaintiff. For this additional reason, Plaintiff's ICFA and DTPA claims should be dismissed.

### 5.  Plaintiff Is Not Entitled to Declaratory Relief Under Count VIII.

Plaintiff is not entitled to the requested declaratory relief because Plaintiff fails to adequately plead any claims against Ireit under Counts I through VII of the Complaint. In the absence of any cognizable claim against Ireit, there is no "actual controversy." Moreover, the declaratory relief sought merely tracks Plaintiff's other claims, all of which are deficient for the reasons detailed above. Accordingly, this Court should dismiss Count VIII of Plaintiff's Complaint as directed against Ireit.

### 6.  Count IX Should Be Dismissed Because Plaintiff Does Not Have a Valid Common Law Claim for Trademark Infringement Against Ireit.

The principles of trademark law and the tests for infringement under the Illinois common law are essentially the same as under the federal Lanham Act. *See Berghoff Restaurant Co. v. Lewis W. Berghoff, Inc.*, 357 F. Supp. 127, 130 n.3 (N.D. Ill. 1973), *aff'd*, 499 F.2d 1183 (7th Cir. 1974). Therefore, Plaintiff's claim for trademark infringement under Illinois common law is deficient for the reasons set forth above in the discussion of Counts IV and V. Accordingly, Count IX as alleged should be dismissed.

**7.    Count X Should Be Dismissed Because Plaintiff Fails to Allege That Ireit Has Contributorily Infringed Plaintiff's Trademark Rights.**

Plaintiff fails to allege (nor does Plaintiff have standing to allege) a justiciable trademark infringement claim against Ireit, because Ireit has not used any mark, name or term confusingly similar to a mark owned by Plaintiff.  Consequently, Plaintiff's attempt to assert a <u>contributory</u> infringement claim against Ireit also fails.  To properly plead a claim for contributory trademark infringement, Plaintiff must allege that Ireit: (1) intentionally induced a third party to infringe Plaintiff's mark; or (2) supplied a product to a third party with actual or constructive knowledge that the product was being used to directly infringe Plaintiff's mark.  *See  Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982); *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1148 (7th Cir. 1992); *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 911-12 (N.D. Ill. 2004). Contributory infringement requires proof of direct infringement of Plaintiff's mark by a third party, as well as the defendant's intent and knowledge of the wrongful activities of the infringer. *David Berg & Co. v. Gatto Int'l Trading Co.*, 884 F.2d 306, 311 (7th Cir. 1989).

Plaintiff fails to allege these essential elements of a claim for contributory infringement: ownership of a valid trademark confusingly similar to a domain name with knowledge by Ireit that other parties were allegedly infringed Plaintiff's marks, and Ireit's contribution to or inducement of that infringement.  *See  Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 2d 877, 892 (N.D. Ill. 2005) (finding that contributory infringement requires proof of direct infringement by third party, as well as defendant's intent and knowledge of wrongful activities of third party).  Accordingly, Count X as asserted against Ireit fails to state a claim for contributory infringement and should be dismissed.

-26-

8.    **Count XI Should Be Dismissed Because Plaintiff Fails to Adequately Plead an Intentional Interference with Any Current or Prospective Economic Advantage.**

Plaintiff fails to plead an intentional interference claim against Ireit.  In order to state a claim for tortious interference with prospective economic advantage,  Plaintiff must allege that: (1) it had a reasonable expectancy of a valid business relationship; (2) Ireit knew about the expectancy; (3) Ireit intentionally interfered with the expectancy and prevented it from ripening into a valid business relationship; and (4) the intentional interference injured Plaintiff. *Ali v. Shaw*, 481 F.3d 942, 946 (7th Cir. 2007).  Illinois courts have made clear that "A plaintiff states a cause of action only if it alleges a business expectancy with a specific third party as well as action by the defendant directed towards that third party."  *Assoc. Underwriters of Am. Agency, Inc. v. McCarthy*, 356 Ill. App. 3d 1010, 826 N.E.2d 1160, 1169 (Ill. App. 2005).  *See also Ali*, 481 F.3d at 946 (same).

In this case, Plaintiff vaguely refers to "third party Internet consumers" as third parties with whom it had a business expectancy with which Defendants allegedly interfered.  Comp. ¶¶628-632.  But Plaintiff fails to identify any specific third party with whom it had a business expectancy <u>or</u> any specific action Ireit took toward that party to Plaintiff's detriment. *Schuler v. Abbott Laboratories*, 265 Ill. App. 3d 991, 994-95, 639 N.E. 2d 144, 147 (Ill. App. 1 Dist. 1993). Accordingly, Count XI as alleged against Ireit is subject to dismissal.

9.    **Count XII Should Be Dismissed Because Plaintiff Fails to Plead a Cognizable Unjust Enrichment Claim Against Ireit.**

Plaintiff's unjust enrichment count also fails to state a claim on which relief can be granted.  To state a claim for unjust enrichment in Illinois**,** Plaintiff must allege that: (1) Ireit unjustly retained a benefit to Plaintiff's detriment, and (2) Ireit's retention of that benefit would violate the fundamental principles of justice, equity, and good conscience.  *See Scott v.*

*GlaxoSmithKline Consumer Healthcare, L.P.*, 2006 U.S. Dist. LEXIS 18630 at * 12-13 (N.D. Ill. Apr. 12, 2006); s*ee also Sudicky v. Allied Tube & Conduit*, 1999 U.S. Dist. LEXIS 16794 (N.D. Ill. Oct. 22, 1999) (dismissing an unjust enrichment claim because "[u]nder Illinois law, 'no person is unjustly enriched unless the retention of the benefit would be unjust'").

Plaintiff fails to recite any benefit retained by Ireit to the detriment of Plaintiff. In fact, Plaintiff has not pled <u>any</u> factual allegation linking Ireit to any alleged injury to Plaintiff or the absence of a remedy provided by law. Accordingly, Count XII as alleged against Ireit must be dismissed.

**E.    In the Alternative, Plaintiff Should Be Required to Provide a More Definite Statement of Its Claims.**

At the very least, Ireit cannot defend this lawsuit without a more definite statement from Plaintiff. "When a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, courts can order a more definite statement under Fed. R. Civ. P. 12(e)." *Kutzle v. Thor Indus. Inc.*, No. 03 C 2389, 2003 WL 21654260, at *4 (N.D. July 14, Ill. 2003); *Bowers v. Crystal Valley, R. V.,* No. 95 C 7527, 1996 WL 169415, at *1 (N.D. Ill. Apr. 9, 1996).

Plaintiff's allegations against Ireit are simply too vague to allow Ireit to answer. In order to frame an answer, even a simple good-faith denial, Ireit must know at least the following:

- Which domain names Ireit owns that Plaintiff claims infringe upon Plaintiff's trademark rights or amount to cybersquatting;

- What Ireit did in violation of Illinois's consumer protection laws that harmed Plaintiff;

- What Ireit possesses that rightfully belongs to Plaintiff and forms the basis of Plaintiff's unjust enrichment claim;

- Who Ireit induced to infringe upon Plaintiff's trademark and how Ireit did so;

- How Ireit intentionally interfered with Vulcan Golf's prospective economic advantage;

-28-

- What RICO predicate acts Ireit committed that harmed Plaintiff; and

- Who Ireit conspired with to harm Plaintiff.

The Complaint's ambiguity stems not from its lack of words, but from its failure to justify any reason for including Ireit in this lawsuit and explain what Ireit supposedly has done to harm Plaintiff Vulcan Golf. Without knowing these things, Ireit will not be able to make a good-faith answer to Plaintiff's lawsuit. Unless the Complaint is dismissed, the Court should thus order a more definite statement pursuant to Rule 12(e).

## IV.    CONCLUSION.

For the foregoing reasons, Internet Ireit, Inc. respectfully requests that the Court dismiss Counts I through XII of Plaintiff's Complaint as alleged against Internet Reit, Inc. with prejudice.

Respectfully Submitted,


VINSON & ELKINS L.L.P.


Dated: August 10, 2007          By:  /s/ Steve R. Borgman
                                Steven R. Borgman (admitted pro hac vice)
                                Kenneth P. Held (admitted pro hac vice)
                                2500 First City Tower
                                1001 Fannin Street
                                Houston, Texas 77002-6760
                                (713) 758-2222

PATTISHALL, McAULIFFE, NEWBURY,
  HILLIARD & GERALDSON


Dated: August 10, 2007        By:   /s/ Brett A. August             
                                      Brett A. August (ARDC #  0081345)
                                      Bradley L. Cohn (ARDC # 6224692)
                                      Alexis E. Payne (ARDC # 6270412)
                                      311 South Wacker Drive
                                      Suite 5000
                                      Chicago, Illinois 60606
                                      (312) 554-8000


                                      Attorneys for Defendant Internet Reit, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served upon the counsel listed on the attached service list on August 10, 2007, via U.S. mail in accordance with Rule 5 of the Federal Rules of Civil Procedure.


    /s/_____
Alexis E. Payne


Houston 3347187v.1