## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTYGROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf of All Others Similarly Situated, | )<br>)<br>)<br>)<br>) |
| Lead Plaintiffs, | )<br>)<br>) No. 07 CV 3371<br>)<br>) Judge Blanche M. Manning |
| v. | ) |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC. and JOHN DOES I-X, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' AGREED JOINT AND UNOPPOSED MOTION FOR LEAVE TO FILE SEPARATE MOTIONS AND SUPPORTING BRIEFS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Sedo.com LLC (misnamed Sedo LLC) ("Sedo"), on behalf of itself and all other defendants in this case, Google Inc. ("Google"), Oversee.net ("Oversee"), Internet Reit, Inc. ("Ireit"), and Dotster, Inc., a/k/a RevenueDirect.com ("Dotster"), respectfully request that the Court grant leave to allow each defendant to file: (1) its own motion to dismiss plaintiffs' amended complaint under Federal Rule of Civil Procedure 12; and (2) a supporting memorandum of up to 30 pages. In support of this motion, defendants provide as follows:

1.      On September 18, 2007, plaintiffs filed their 92-page, fourteen-count, amended complaint as a purported class action against the five named defendants and John Does I-X. Plaintiffs assert myriad federal and state causes of action, including RICO, unfair competition, and

273405v1

trademark claims. Although there is a single amended complaint against defendants, there can be no presumed unified defense.

2. The essence of the amended complaint is that defendants allegedly used, pursuant to an "illegal infringement scheme," internet domain names similar to domain names and trademarks plaintiffs and other putative class members own, as a means of attracting internet traffic and generating advertising revenues.

3. During the initial status hearing before this Court on September 20, 2007, defendants informed the Court that each defendant had filed a motion to dismiss the original complaint before plaintiff requested leave to file an amended complaint. On August 21, 2007, Judge Kocoras granted plaintiff leave to file an amended complaint and accordingly denied without prejudice defendants' motions to dismiss, prior to recusing himself from the case due to a conflict of interest.

4. To avoid having each defendant file its own motion for leave to file a brief in excess of fifteen pages, defendants requested during the September 20 status hearing that the Court grant each defendant leave to file a brief of up to 35 pages in support of its motion to dismiss. The Court appeared to agree with defendants' reasoning, verbally granting their request.

5. The Court's order entered on September 25, 2007, which addresses the issues discussed during the September 20, 2007 status hearing, nevertheless instructs defendants to file a "consolidated motion to dismiss and reply." *See* Sept. 25, 2007 Order, a copy of which is attached hereto as Exhibit A.

6. Counsel for each defendant have conferred regarding the Court's order and agree that a consolidated motion and brief were never anticipated, are not feasible, and could not sufficiently advance and safeguard each defendant's distinct interests and defenses.

7. Defendants strongly believe there are issues unique to each defendant, and that they would be significantly disadvantaged if required to file a consolidated motion to dismiss and supporting brief. Although plaintiffs' allegations relate to a purported single "scheme," plaintiffs' amended complaint presents an accumulation of specific claims against individual defendants that involve facts and legal claims that differ significantly from defendant to defendant. Plaintiffs impliedly acknowledge this fact in the amended complaint, distinguishing defendants one from another and citing their differing roles, responsibilities, and participation in the alleged "scheme." *See* Amended Complaint, pp. 14-18, 22-32.[1] Moreover, plaintiffs do not oppose this motion.[2]

8. In addition to the fundamental differences among the defendants' positions and roles, separate motions are also advisable because each defendant has an unassailable interest in the individual control of its defense in this action, and it appears already that various defendants may have adverse interests.[3] As a result, their defenses would pose conflicts of interest if they were forced to file a consolidated motion and brief.

9. Lastly, coordinating twenty defense attorneys strewn across the country in the preparation of a consolidated motion and brief would be inordinately complex and burdensome, particularly in view of each defendant's unique position and perspective in this case.

---

[1] For example, in their amended complaint, plaintiffs define Google as an "online marketing/advertising business" (p. 22); Oversee, Sedo, and Dotster as "Parking Companies," which denote "compan[ies] that aggregate[] numerous domain names from individual domain name registrants and contract[] with an advertising service to license and monetize those domain names" (pp. 20, 28); and Ireit, in contrast, as an owner and manager of domain names Ireit owns (p. 16).

[2] On September 26, 2007, Plaintiffs' counsel, Robert Foote, indicated in writing that plaintiffs do not oppose this motion.

[3] For instance, Google argued in its motion to dismiss the original complaint that it "could not be liable for contributory trademark infringement or cybersquatting for the claimed actions of the PCDs [Parking Company Defendants]." *See* Google's Memorandum in Support of its Motion to Dismiss, p. 6.

-3-

Wherefore, defendants request leave -- which plaintiffs do not oppose -- to file: (1) their Rule 12 motions and supporting briefs separately; and (2) supporting briefs of up to 30 pages each pursuant to Local Rule 7.1.

Date: September 28, 2007                    Respectfully submitted,

                                                      SEGAL MCCAMBRIDGE SINGER & MAHONEY

                                                      By:   /s/ Misty R. Martin
                                                            Jeffrey Singer
                                                            Misty R. Martin
                                                            Segal McCambridge Singer & Mahoney
                                                            Sears Tower
                                                            233 S. Wacker Drive, Suite 5500
                                                           Chicago, IL 60606

                                                      **On Behalf of Sedo.com LLC**

## SERVICE LIST

I hereby certify that on September 28, 2007, a true and correct copy of the foregoing was served in accordance with Rule 5, on the following:

Robert M. Foote
Stephen W. Fung
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, Suite 2
Geneva, IL 60134

Kathleen Currie Chavez
Chavez Law Firm
28 North First Street, Suite 2
Geneva, IL 60134

William J. Harte
Dana Marie Pesha
111 W. Washington St.
Suite 11000
Chicago, IL 60602

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603

Aaron D. Van Oort
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Michael H. Page
Joseph Kratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Vincent V. Carossimi
Joanna J. Cline
Robert J. Hickok
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Michael Dockterman
Alison C. Conlon
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606

Steven D. Atlee
Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071

Jeffrey Singer
Misty R. Martin
Segal McCambridge Singer & Mahoney
Sears Tower
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606

Ronald Y. Rothstein
Janelle M. Carter
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Andrew P. Bridges
Winston & Strawn LLP
101 California Street, Suite 3900
San Francisco, CA 94111