# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>                Lead Plaintiff,<br><br>v.<br><br>GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a/ IREIT, INC.; and JOHN DOES 1-X,<br><br>                Defendants. | Case No. 07 CV 3371<br><br>Hon. Blanche M. Manning<br><br>Magistrate Judge Geraldine Soat Brown |

### Google's Unopposed Motion for Leave to File a Separate
### Motion and Supporting Brief to Dismiss Plaintiffs' First Amended Complaint

Defendant Google, Inc. respectfully requests that the Court grant leave to allow Google, Inc. to file its own motion to dismiss the First Amended Complaint and to file a supporting memorandum of up to 30 pages. In support of this motion, Google provides as follows:

1.      In their First Amended Complaint, the plaintiffs make claims against a number of users of Google services (Oversee.net, Sedo, Dotster, and IREIT) and against Google. The First Amended Complaint is 92 pages long, consists of more than 450 numbered paragraphs, and contains fourteen separate counts.

2.      Google has joined in its co-defendants' Joint and Unopposed Motion for Leave to File Separate Motions and Supporting Briefs to Dismiss Plaintiffs' First Amended Complaint. However, because the reasons that Google should be permitted to file its own motion to dismiss are somewhat different than the reasons presented in its co-defendants' motion, Google

additionally files this separate motion.

3. The complaint alleges that Google is liable for the alleged wrongful acts of its users. For this reason, if the other defendants are not liable, Google is not liable. Without some underlying claim against Google's users, there can be no secondary liability for Google. Thus, Google has an interest in the full and fair presentation of the other defendants' arguments in favor of dismissal.

4. Even if the complaint were not dismissed as to the other defendants, Google has independent arguments that the complaint should be dismissed as to Google. As Google intends to argue in its motion to dismiss, the complaint does not allege acts on the part of Google that would make it secondarily liable for the alleged wrongful acts of its users. In addition, Google intends to argue that special immunities are available to parties who, like Google, republish the work of others and provide content-neutral services to users like the other defendants.

5. Thus, there are grounds for dismissal as to Google independent of the grounds for dismissal as to the other defendants, and Google should be permitted to file its own motion to dismiss.

6. Google shares the Court's desire for efficiency, and will endeavor to join those portions of the other defendants' briefs that are applicable to Google, and to coordinate with the other defendants to allow them to join portions of Google's brief. While plaintiffs have stated that they do not oppose a request for separate briefs of up to 35 pages, Google will work to make its brief as concise as possible, and is optimistic that its brief will be substantially shorter than 30 pages.

Wherefore, Google requests leave to file its own motion to dismiss plaintiffs' amended complaint and to file a supporting memorandum of up to 30 pages.

Dated:  September 28, 2007            Respectfully submitted,

                                                    GOOGLE, INC

                                                    By: /s/  Mariah E. Moran_____
                                                            One of Its Attorneys

Michael H. Page
Joseph Gratz
Keker & Van Nest, LLP
San Francisco, CA 94111
(415) 391-5400
*Lead Counsel*
*Admitted Pro Hac Vice*

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200