# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SON, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | :<br>:<br>:<br>: Case No. 07CV3371<br>:<br>: Judge Manning<br>: |
| v. | : Magistrate Judge Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

## CONSOLIDATED MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Defendants Google, Inc. ("Google"), Oversee.net ("Oversee"), Sedo LLC ("Sedo"), Dotster, Inc., aka RevenueDirect.com ("Dotster"), and Internet Reit, Inc. d/b/a Ireit, Inc. ("Ireit") (collectively "Defendants"), jointly move to dismiss Counts I, II, VII (in part), VIII, XII, XIII & XIV of the Amended Class Action Complaint pursuant to this Court's Order of October 3, 2007, Fed. R. Civ. P. 12(b)(6) and all other applicable rules for the reasons set forth more fully in section A below and in the Consolidated Memorandum of Law filed contemporaneously with this Motion and incorporated herein. Further, Defendants Google, Oversee, Sedo and Ireit move on an individual basis, pursuant to the October 3, 2007 order, Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and all other applicable rules to dismiss certain counts for the reasons set forth more fully in section B below and in the Supplemental Memoranda of Law filed contemporaneously with this Motion and incorporated herein. In support of this Motion, Defendants state as follows:

**A.     Consolidated Grounds for Dismissal**

All of the Defendants jointly move to dismiss Counts I, II, VII (in part), VIII, XII, XIII & XIV of the Amended Class Action Complaint with prejudice for the following reasons:

    1.     Counts I & II do not allege the essential elements of any purported RICO claim.

-2-

    2.    Count VII does not plead a claim under Illinois' Consumer Fraud Act and analogous statutes of other states with the requisite particularity.

    3.    Count VIII seeks a form of relief that is duplicative of Plaintiffs' other claims.

    4.    Count XII fails to allege a current or prospective economic advantage to support a tortious interference claim.

    5.    Count XIII is not pleaded with the specificity required for an unjust enrichment claim based on purported fraud.

    6.    Count XIV fails to allege the elements of civil conspiracy with the specificity required for a claim based on purported fraud.

These reasons are set forth more fully in the Memorandum of Law in Support of the Consolidated Motion to Dismiss filed contemporaneously with this Motion.

**B.**    **Individual Grounds for Dismissal**

Defendants also assert on an individual basis the following additional grounds for dismissal of certain counts of the Amended Class Action Complaint:

    **1.**    **Defendant Google (moving individually on Counts III, IV, V, VI, VII, IX, X, & XI)**

    a.    Count III fails to state a claim upon which relief may be granted because it does not allege that Google owns or operates any allegedly infringing domains.

    b.    Count IV fails to state a claim upon which relief may be granted because it does not allege that Google knew or should have known of any infringement.

    c.    Count V fails to state a claim upon which relief may be granted because the complaint does not allege that Google knew or should have known of any infringement

    d.    Count VI fails to state a claim upon which relief may be granted because it does not allege that each of the marks at issue is famous.

    e.    Counts VII & IX fail to state a claim upon which relief may be granted for the same reasons that the Lanham Act claims fail.

    f.    Count X fails to state a claim upon which relief may be granted because it does not allege that Google knew or should have known of any infringement.

    g.    Count XI fails to state a claim upon which relief may be granted because it pleads a theory of vicarious trademark infringement liability that has been expressly rejected by the Seventh Circuit.

**2.    Defendant Oversee (moving individually on Counts III, IV, V, VI, IX, X & XI)**

a.    Count III fails to state a claim upon which relief may be granted because Plaintiffs have failed to adequately allege that Oversee registered, trafficked in, or used the alleged domain names in violation of the AntiCybersquatting Consumer Protection Act.

b.    Counts IV and IX fail to state claims upon which relief may be granted because Plaintiffs failed to allege sufficiently that Oversee used their marks as trademarks, as required under the Lanham Act, or that Oversee was the cause of any likelihood of confusion with respect to the source or origin of goods and/or services.

c.    Count V fails to state a claim upon which relief may be granted because Plaintiffs failed to allege that Oversee used Plaintiffs' Marks in connection with goods and services in commerce.

d.    Count VI fails to state a claim upon which relief may be granted because Plaintiffs failed to adequately allege that Oversee commercially used Plaintiffs' marks in commerce or that Plaintiffs' marks are famous.

e.    Counts X and XI fail to state a claim upon which relief may be granted because Plaintiffs have failed to allege a predicate act of infringement.

**3.    Defendant Sedo (moving individually on all Counts as to Plaintiffs John B. Sanfilippo & Sons, Inc. ("Sanfilippo") and Blitz Realty Group, Inc. ("Blitz") and on Counts III, IV, V, VI, VII, IX, X, XI as to Plaintiffs Vulcan Golf, LLC ("Vulcan") and Vincent E. "Bo" Jackson ("Jackson"))**

a.    Plaintiffs Sanfilippo and Blitz lack standing to sue Sedo because they do not allege that Sedo harmed them. Accordingly, all of these Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1).

b.    Count III fails to state a claim upon which relief may be granted because Plaintiffs Vulcan and Jackson do not adequately allege that Sedo registered, trafficked in, or used the alleged domain names.

c.    Counts IV, V and IX fail to state claims upon which relief may be granted because Vulcan and Jackson failed to sufficiently allege that they had a protectible interest in the alleged domains, that Sedo used their marks in commerce, or that there is any likelihood of confusion with respect to the source or origin of any goods and/or services.

      d.      Count VI fails to state a claim upon which relief may be granted because Vulcan and Jackson failed to adequately allege that their marks are famous or that Sedo used their marks in commerce.

      e.      Count VII fails to state a claim upon which relief may be granted because Vulcan and Jackson failed to adequately allege that they are consumers or that there was a violation of the Lanham Act.

      f.      Count X fails to state a claim upon which relief may be granted because Vulcan and Jackson have failed to allege that Sedo induced a third party to commit infringement, that Sedo supplied a product to any third party knowing it would be used to commit infringement, and any underlying infringement.

      g.      Count XI fails to state a claim upon which relief may be granted because Vulcan and Jackson have failed to sufficiently allege that Sedo had a sufficient relationship with any domain owner to be vicariously liable and any underlying infringement.

**4.**    **Defendant Dotster (no individual motion)**

      a.      Defendant Dotster has not asserted any additional, individual grounds for dismissing the Amended Class Action Complaint.

**5.**    **Defendant Ireit (moving individually on Count I as to all Plaintiffs and on Counts II through XIV as to Plaintiffs Vulcan, Blitz, and Jackson)**

      a.      Count I as to all Plaintiffs fails to state a claim upon which relief may be granted because Plaintiffs fail to allege that Ireit participated in the conduct of the alleged RICO enterprise.

      b.      Plaintiffs Vulcan, Blitz, and Jackson lack standing to sue Ireit because there is no allegation that Ireit harmed Plaintiffs Vulcan, Blitz, and Jackson. Accordingly, all of these Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1) for lack of standing.

      c.      Plaintiffs Vulcan, Blitz, and Jackson's Count II fails to state a claim upon which relief can be granted because these Plaintiffs fail to allege that Ireit conspired to harm these Plaintiffs or their marks.

      d.      Plaintiffs Vulcan, Blitz, and Jackson's Count III fails to state a claim upon which relief can be granted because these Plaintiffs fail to allege that Ireit used, owned or registered a domain name that is identical or confusingly similar to these Plaintiffs' marks.

   e. Plaintiffs Vulcan, Blitz, and Jackson's Counts IV, V, VI, and IX fail to state a claim upon which relief can be granted because these Plaintiffs fail to allege that Ireit infringed, falsely designated, or diluted any registered or common law mark owned by these Plaintiffs.

   f. Plaintiffs Vulcan, Blitz, and Jackson's Count VII fails to state a claim because these Plaintiffs have not alleged any acts by Ireit in Illinois or any misrepresentation by Ireit.

   g. Plaintiffs Vulcan, Blitz, and Jackson's Count VIII fails to state a claim because these Plaintiffs fail to adequately plead any underlying claims against Ireit.

   h. Plaintiffs Vulcan, Blitz, and Jackson's Counts X and XI fail to state a claim upon which relief can be granted because these Plaintiffs fail to allege that Ireit contributorily or vicariously infringed these Plaintiffs' trademark rights.

   i. Plaintiffs Vulcan, Blitz, and Jackson's Count XII fails to state a claim upon which relief can be granted because these Plaintiffs fail to allege that Ireit intentionally interfered with these Plaintiffs' expectancy of a valid business relationship or that such interference injured these Plaintiffs.

   j. Plaintiffs Vulcan, Blitz, and Jackson's Count XIII fails to state a claim upon which relief can be granted because these Plaintiffs fail to identify any benefit retained by Ireit to the detriment of these three Plaintiffs.

   k. Plaintiffs Vulcan, Blitz, and Jackson's Count XIV fails to state a claim upon which relief can be granted because the Complaint makes no allegation that Ireit "knowingly and voluntarily" participated in a scheme to harm any of these three Plaintiffs.

 These reasons are set forth more fully in the Supplemental Memoranda of Law filed individually by Google, Oversee, Sedo and Ireit contemporaneously with this Motion.

**C. Appendix & Prayer for Relief**

 For the Court's convenience, Defendants attach as an Appendix a chart identifying the claims attacked by the Defendants collectively and individually in the Consolidated and Supplemental Memoranda.

 WHEREFORE, Defendants respectfully request that this Court grant their Consolidated Motion to Dismiss and dismiss with prejudice Counts I, II, VII (in part), VIII, XII, XIII & XIV of the Amended Class Action Complaint for the reasons set forth in the Consolidated

Memorandum of Law incorporated herein and award any other relief deemed just. In addition, Defendants Google, Oversee, Sedo and IREIT respectfully request that this Court dismiss with prejudice Counts I through XIV of the Amended Class Action Complaint for the reasons set forth in their respective Supplemental Memoranda of Law incorporated herein and award any other relief deemed just.

Respectfully submitted,

| | |
|---|---|
| /s/ Mariah E. Moran | /s/ Ronald Y. Rothstein |
| One of the Attorneys for *Google, Inc.* | One of the Attorneys for *Oversee.net* |
| | |
| Joseph J. Duffy | Ronald Y. Rothstein |
| Jonathan M. Cyrluk | Janelle M. Carter |
| Mariah E. Moran | Winston & Strawn LLP |
| Stetler & Duffy, Ltd. | 35 West Wacker Drive |
| 11 South LaSalle Street, Suite 1200 | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | |
| | Andrew P. Bridges |
| Michael H. Page | Winston & Strawn LLP |
| Joseph Gratz | 101 California Street, Suite 3900 |
| Keker & Van Nest LLP | San Francisco, California 94111 |
| 710 Sansome Street | |
| San Francisco, California 94111-1704 | Steven D. Atlee |
| | Winston & Strawn LLP |
| | 333 South Grand Avenue, 38th Floor |
| | Los Angeles, California 90071 |
| | |
| /s/ Jeffrey Singer | /s/ Michael Dockterman |
| One of the Attorneys for *Sedo, LLC* | One of the Attorneys for *Dotster, Inc.* |
| | |
| Jeffrey Singer | Michael Dockterman |
| Misty R. Martin | Alison C. Conlon |
| Segal McCambridge Singer & Mahoney | Wildman, Harrold, Allen & Dixon LLP |
| Sears Tower | 225 West Wacker Drive, Suite 2800 |
| 233 South Wacker Drive, Suite 5500 | Chicago, Illinois 60606-1229 |
| Chicago, Illinois 60606 | |
| | Vincent V. Carissimi |
| | Robert L. Hickok |
| | Joanna J. Cline |
| | Pepper Hamilton LLP |
| | 3000 Two Logan Square, 18th & Arch Streets |
| | Philadelphia, Pennsylvania 19103-2799 |

-7-


_/s/_ Brett August_____  _____
One of the Attorneys for *Internet Reit, Inc.*

Brett August
Bradley Cohn
Alexis Payne
Pattishall, McAuliffe, Newbury, Hilliard &
 Geraldson LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois  60613

Steve Borgman
Kenneth P. Held
Vinson & Elkins LLP
First City Tower
1001 Fannin Street, Suite 2300
Houston, Texas 77002-6760                    Dated:  October 18, 2007

CERTIFICATE OF SERVICE

    The undersigned certifies that on October 18, 2007, a true and correct copy of the foregoing **CONSOLIDATED MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT, APPENDIX** and **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

       /s/ Michael Dockterman        
Michael Dockterman
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606-1229
Phone:  (312) 201-2000
Fax:      (312) 201-2555

Attorney for ***Dotster, Inc., aka RevenueDirect.com***