# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. | : | |
| SANFILIPPO & SON, INC., | : | |
| BLITZ REALTY GROUP, INC., | : | |
| and VINCENT E. "BO" JACKSON, | : | **Case No. 07CV3371** |
| Individually and on Behalf of All | : | |
| Others Similarly Situated, | : | **Judge Manning** |
| | : | |
| v. | : | **Magistrate Judge Brown** |
| | : | |
| GOOGLE INC., OVERSEE.NET, | : | |
| SEDO LLC, DOTSTER, INC., AKA | : | |
| REVENUEDIRECT.COM, | : | |
| INTERNET REIT, INC. d/b/a IREIT, INC., | : | |
| and JOHN DOES I-X, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF DEFENDANT INTERNET REIT, INC.
## IN SUPPORT OF ITS MOTION TO DISMISS
## PLAINTIFFS' AMENDED COMPLAINT

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION...................................................................................................1

II.    STATEMENT OF FACTS ....................................................................................2

III.   ANALYSIS............................................................................................................2

     A.    Plaintiffs' RICO Claim (Count I) Must Be Dismissed Because Plaintiffs Fail to Allege that Ireit Participated in the Conduct of a RICO Enterprise. ...........2

     B.    Plaintiffs Vulcan, Blitz and Jackson Lack Standing to Sue Ireit...........................3

          1.    There Is No Allegation that Ireit Harmed Plaintiffs Vulcan, Blitz and Jackson. ...............................................................................3

          2.    There Is No Allegation that Ireit Injured Plaintiffs Vulcan, Blitz and Jackson through a RICO Violation. .........................................4

     C.    Plaintiffs Vulcan, Blitz and Jackson's Count II Must Be Dismissed Because These Plaintiffs Fail to Adequately Allege a RICO Conspiracy .............5

     D.    Plaintiffs Vulcan, Blitz and Jackson's Count III Must Be Dismissed Because Plaintiffs Fail to Assert a Cybersquatting Claim Against Ireit.................6

     E.    Plaintiffs Vulcan, Blitz and Jackson's Counts IV, V, and VI Must Be Dismissed Because Plaintiffs Fail to Allege That Ireit Infringed, Falsely Designated, or Diluted Plaintiffs' Registered Trademark...................................6

          1.    There Has Been No Trademark Infringement by Ireit Under 15 U.S.C. § 1141(1). ....................................................................7

          2.    There Has Been No False Designation of Origin by Ireit Under 15 U.S.C. § 1125(a). ..................................................................7

          3.    There Has Been No Trademark Dilution by Ireit. .....................................8

     F.    Plaintiffs Vulcan, Blitz and Jackson's Claim for Consumer Fraud and Deceptive Trade Practices (Count VII) Must Be Dismissed Because These Plaintiffs Have Not Alleged Any Misrepresentation by Ireit or Any Acts by Ireit in Illinois. ................................................................................8

     G.    Plaintiffs Vulcan, Blitz and Jackson Are Not Entitled to Declaratory Relief Under Count VIII....................................................................10

     H.    Plaintiffs Vulcan, Blitz and Jackson's Count IX Should Be Dismissed Because These Plaintiffs Do Not Have a Valid Common Law Claim for Trademark Infringement Against Ireit. ..............................................10

     I.    Plaintiffs Vulcan, Blitz, and Jackson's Count X Should Be Dismissed Because These Plaintiffs Fail to Allege That Ireit Has Contributorily Infringed Plaintiffs' Trademark Rights.................................................11

     J.    Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead Vicarious Trademark Infringement. ..................................................................12

K.    Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed
Because These Plaintiffs Fail to Adequately Plead an Intentional
Interference with Any Current or Prospective Economic Advantage. ................. 12

L.    Plaintiffs Vulcan, Blitz and Jackson's Count XIII Should Be Dismissed
Because These Plaintiffs Fail to Plead a Cognizable Unjust Enrichment
Claim Against Ireit ............................................................................................. 13

M.    Plaintiffs Vulcan, Blitz and Jackson's Count XIV Should Be Dismissed
Because These Plaintiffs Fail to Adequately Plead Any Civil Conspiracy. ......... 14

IV.    CONCLUSION. ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ali v. Shaw,*
  481 F.3d 942 (7th Cir. 2007) ...................................................................... 13

*Allee v. Medrano,*
  416 U.S. 802 (1974) ................................................................................... 4

*American Federation of Government Employees, Local 2119 v. Cohen,*
  171 F.3d 460 (7th Cir. 1999) ...................................................................... 3

*Angel Music, Inc. v. ABC Sports, Inc.,*
  112 F.R.D. 70 (S.D.N.Y. 1986) ................................................................. 4

*Assoc. Underwriters of Am. Agency, Inc. v. McCarthy,*
  356 Ill. App. 3d 1010, 826 N.E.2d 1160 (Ill. App. 2005) .......................... 13

*Avery v. State Farm Mut. Auto. Ins. Co.,*
  216 Ill.2d 100, 835 N.E.2d 801 (2005) ...................................................... 9

*Berghoff Restaurant Co. v. Lewis W. Berghoff, Inc.,*
  357 F. Supp. 127 (N.D. Ill. 1973), *aff'd*, 499 F.2d 1183 (7th Cir. 1974)...... 10

*David Berg & Co. v. Gatto Int'l Trading Co.,*
  884 F.2d 306 (7th Cir. 1989) ...................................................................... 11

*Evans v. City of Chicago,*
  434 F.3d 916 (7th Cir. 2006) ...................................................................... 4

*Gas Technology Institute v. Rehmat,*
  No. 05 C 2712, 2006 WL 3422190 (N.D. Ill. 2006) ................................... 5

*Goren v. New Vision Int'l, Inc.,*
  156 F.3d 721 (7th Cir. 1998) ...................................................................... 3

*Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.,*
  955 F.2d 1143 (7th Cir. 1992) .................................................................... 11

*Holmes v. Securities Investor Prot. Corp.,*
  503 U.S. 258 (1992) ................................................................................... 5

*Industrial Specialty Chemicals v. Cummins Engine Co., Inc.,*
  902 F. Supp. 805 (N.D. Ill. 1995) .............................................................. 9

*Inwood Labs., Inc. v. Ives Labs., Inc.,*
  456 U.S. 844, 606 (1982) ........................................................................... 11

*Lujon v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ................................................................................... 3

*Matte v. Sunshine Mobile Homes, Inc.,*
  270 F. Supp. 2d 805 (W.D. La. 2003) ........................................................ 4

*Monotype Imaging, Inc. v. Bitstream Inc.,*
  376 F. Supp. 2d 877 (N.D. Ill. 2005) ......................................................... 11

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985) ................................................................................... 10

*Roman v. United States Postal Service,*
  821 F.2d 382 (7th Cir. 1987) ...................................................................... 3

*S Indus. Inc. v. Stone Age Equip., Inc.*,
   12 F. Supp. 2d 796 (N.D. Ill. 1998) ........................................................................7
*SB Designs v. Reebok Int'l, Ltd.*,
   338 F. Supp. 2d 904 (N.D. Ill. 2004) ......................................................................11
*Schuler v. Abbott Laboratories*,
   265 Ill. App. 3d 991, 994-95, 639 N.E. 2d 144 (Ill. App. 1 Dist. 1993)................13
*Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*,
   2006 U.S. Dist. LEXIS 18630 (N.D. Ill. Apr. 12, 2006) .......................................13
*Sudicky v. Allied Tube & Conduit*,
   1999 U.S. Dist. LEXIS 16794 (N.D. Ill. Oct. 22, 1999)........................................13
*Sweet v. City of Chicago*, 953 F. Supp 225, 231 (N.D. Ill. 1996) ................................8
*U.S. v. Cummings*,
   395 F.3d 392 (7th Cir. 2005) ....................................................................................3
*Warth v. Seldin*,
   422 U.S. 490 (1975)...............................................................................................3, 4
*Web Communication Group Inc. v. Gateway 2000, Inc.*,
   889 F.Supp. 316 (N.D. Ill. 1995) .............................................................................9

**Statutes**
15 U.S.C. § 1125(a) ...................................................................................................7, 8
Rule 12(b)(1) ..............................................................................................................3, 4

**MEMORANDUM OF DEFENDANT INTERNET REIT, INC.
IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' AMENDED COMPLAINT</u>**

## I.    INTRODUCTION

Plaintiffs Vulcan Golf, LLC ("Vulcan"), John B. SanFilippo & Son, Inc. ("JBS"), Blitz Realty Group, Inc. ("Blitz"), and Vincent E. "Bo" Jackson ("Jackson") sued Defendant Internet REIT ("Ireit") for purported RICO, consumer fraud, cybersquatting, and trademark violations on behalf of the potentially millions of entities that have their own trademarks.

Of these four plaintiffs, only one – JBS – alleges that it owns a trademark that bears any relationship whatsoever to a domain name owned by Ireit.  The other plaintiffs, Vulcan, Blitz and Jackson, do not allege that Ireit owns any domain names that infringe their marks.  All four plaintiffs' claims against Ireit for RICO violations, state consumer fraud statutes, declaratory judgment, and civil conspiracy (Counts I, II, VII, VIII, XII, and XIV) should be dismissed for the reasons set forth in Defendants' Consolidated Memorandum in Support of Defendants' Motions to Dismiss Amended Class Action Complaint ("Defendants Consolidated Memorandum").

In addition to the reasons set forth in Defendants' Consolidated Memorandum, all four of the RICO claims should be dismissed for the additional reason that Plaintiffs failed to allege that Ireit participated in the conduct of the affairs of any RICO enterprise as required by 18 U.S.C. § 1962(c).  Because Plaintiffs Jackson, Blitz and Vulcan do not allege that Ireit owns any domain name that infringes their marks, Vulcan, Blitz and Jackson lack standing to assert any claims against Ireit, and all their claims against Ireit should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6) for the reasons set forth below.  Finally, Ireit joins in all other arguments for dismissal applicable to Ireit made by the other Defendants in their respective separate briefing.

1

## II.    STATEMENT OF FACTS

Ireit owns and manages a portfolio of domain names.  Amended Complaint ("Comp.") ¶76.[1]  Ireit is a Delaware corporation having its principal place of business in Houston, Texas. ¶76.

Plaintiff Vulcan is an Illinois company that designs and manufactures golf clubs.  *Id.* ¶20-21.  Plaintiff Vulcan allegedly owns the trademark VULCAN and the trade name Vulcan Golf. *Id.* ¶¶22.  Plaintiff JBS is a Delaware company headquartered in Illinois that manufactures edible nut products and claims to own the  FISHER trademark.  Plaintiff Blitz is an Illinois real estate company and claims to have legal rights to the use of the names "Blitz," "Blitz Realty," and "Blitz Real Estate."   Plaintiff Jackson is a famous athlete who claims to have a "valid and enforceable protectable interest in his name."  ¶63.

Plaintiffs list a number of "Deceptive Domains" that they claim are "identical and/or substantially similar" to Lead Plaintiff's domains.  ¶65.  The only "Deceptive Domain" allegedly owned or used by Defendant Ireit is "www.fishersnuts.com." ¶65.  In other words, only Plaintiff JBS alleges that Ireit owns a domain name that infringes its marks; Plaintiffs Vulcan, Blitz and Jackson make no such allegation.

## III.    ANALYSIS

### A.    Plaintiffs' RICO Claim (Count I) Must Be Dismissed Because Plaintiffs Fail to Allege that Ireit Participated in the Conduct of a RICO Enterprise.

In order to allege a 1962(c) violation, Plaintiffs Vulcan, Blitz and Jackson must also allege that Ireit "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs."  18 U.S.C. § 1962(c).[2]

---

[1] Unless otherwise noted, "¶" refers to paragraphs in Plaintiffs' First Amended Class Action Complaint in Law and Equity (Document No. 88).

Plaintiffs fail to allege that Ireit participated in the conduct of the alleged RICO enterprise. Rather, Plaintiffs allege only that Google controls the alleged RICO enterprise, ¶236, and that "Google and the Parking Company Defendants [which do not include Ireit, ¶78] conducted and/or participated in the conduct of the affairs of the Enterprise." ¶237. Thus, Plaintiffs have failed to plead the necessary conduct or participation under § 1962(c).

**B.       Plaintiffs Vulcan, Blitz and Jackson Lack Standing to Sue Ireit.**

**1.       There Is No Allegation that Ireit Harmed Plaintiffs Vulcan, Blitz and Jackson.**

Because Plaintiffs Vulcan, Blitz and Jackson lack standing, the Court should dismiss all their claims against Ireit pursuant to Rule 12(b)(1). Plaintiff must "assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499-500 (1975); *Lujon v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *see also American Federation of Government Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition").

While courts may look beyond the pleadings in a Rule 12(b)(1) motion, *Roman v. United States Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987), the Complaint itself shows that

---

[2] The Supreme Court has held that "to conduct" "indicates some degree of direction" and that "to participate" "one must have some part in directing th[e] affairs" of the enterprise. *Reeves*, 507 U.S. at 178-79; *see also U.S. v. Cummings*, 395 F.3d 392, 397 (7th Cir. 2005) ("Supreme Court precedent teaches that this language 'indicates some degree of direction . . . .'"). Indeed, "one is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Reeves*, 507 U.S. at 183. Further, Plaintiffs must allege "that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Id.* at 185 (emphasis in original). "[M]ere participation in the activities of the enterprise is insufficient." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). An allegation of "the existence of a business relationship between the[] defendants and the enterprise" does not satisfy the operation or management test. *Id.* at 728. Even performing services for an enterprise "with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c)." *Id.*

Plaintiffs Vulcan, Blitz and Jackson lack standing to sue Ireit. They fail to allege that Ireit committed any acts that harmed them. Plaintiffs Vulcan, Blitz and Jackson rely entirely on hypothetical claims that might be asserted by non-parties to establish standing for their claims against Ireit. This is improper. Unless and until a class is certified in this case, the claims of alleged class members are simply not relevant. *See Warth*, 422 U.S. at 502 (named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"). Plaintiffs Vulcan, Blitz and Jackson may not bring claims against Ireit "through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828-829 (1974) (Burger, C.J., concurring in part and dissenting in part).

Because Plaintiffs Vulcan, Blitz and Jackson fail to plead <u>any</u> facts or claims against Ireit that establish standing, all fourteen counts asserted by them against Ireit in Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(1).[3]

### 2. There Is No Allegation that Ireit Injured Plaintiffs Vulcan, Blitz and Jackson through a RICO Violation.

Nor do Plaintiffs Vulcan, Blitz and Jackson's RICO allegations provide standing to sue Ireit. To have standing under RICO, a plaintiff must allege that he has been "injured in his business or property by reason of a [RICO] violation." 18 U.S.C. 1964(c); *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006). This provision requires a plaintiff to show that an actionable RICO violation was the proximate cause of the <u>plaintiff's</u> injury for standing to sue

---

[3] *See, e.g., Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 75 (S.D.N.Y. 1986) (copyright owner injured by one infringer did not have standing to bring a class action against all alleged infringers under theory of alleged "industry-wide policy"); *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 826 (W.D. La. 2003) (rejecting attempt by 16 mobile home owners to bring class action against 282 defendants comprising all mobile home manufacturers, because they could trace no injury to the conduct of defendants from whom they did not purchase a mobile home).

under RICO. *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Gas Technology Institute v. Rehmat*, No. 05 C 2712, 2006 WL 3422190 at *13 (N.D. Ill. 2006).

The Complaint fails to allege any agreement by Ireit with any party that relates in any way to Vulcan's, Blitz's, or Jackson's domain names or to Plaintiffs Vulcan Golf, Blitz, or Jackson. Plaintiffs fail to allege that Ireit did anything whatsoever to assist any Defendant to profit from any mark owned by Vulcan, Blitz, or Jackson. Nor do Plaintiffs Vulcan, Blitz, or Jackson allege that Ireit committed any other RICO predicate act that damaged Plaintiffs Vulcan, Blitz, or Jackson. The Complaint's RICO allegations against Ireit instead rely on an alleged conspiracy to harm JBS or other, hypothetical, unnamed, potential future class members. ¶¶ 261-269. These allegations fail to state that Ireit committed any RICO predicate acts that were a proximate cause of Vulcan, Blitz and Jackson's own injuries. Hence, Plaintiffs Vulcan, Blitz and Jackson lack standing to sue Ireit under RICO.

**C.      Plaintiffs Vulcan, Blitz and Jackson's Count II Must Be Dismissed Because These Plaintiffs Fail to Adequately Allege a RICO Conspiracy**

As described above, Plaintiffs do not claim that Ireit directly committed any RICO 1962(c) violation with respect to Plaintiffs Vulcan, Blitz or Jackson. Nor do Plaintiffs allege that Ireit committed a RICO 1962(d) violation by conspiring with any other person to commit a 1962(c) violation that harmed Plaintiffs Vulcan, Blitz or Jackson. In order to plead a 1962(d) violation, a plaintiff must plead that a defendant "knowingly agree[d] to perform services of a kind which facilitate[d] the activities of those who [were] operating the enterprise in an illegal manner." *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000); *United States v. Dote*, 150 F. Supp. 2d 935, 940 (N.D. Ill. 2001).

The Complaint simply recites the elements of 1962(d) and states that facts supporting this violation are "fully set forth herein." ¶ 316. But the Complaint alleges that each Defendant

individually agreed with Google to share advertising revenues from the websites each Defendant owned.  ¶¶ 99-141.  The Complaint does not allege that Ireit assisted Google or any of the other Defendants to profit from the websites the other Defendants owned.  Indeed, the Complaint does not allege that Ireit had any knowledge that the other Defendants' websites even existed.  It does not allege that Ireit profited from the other Defendants' websites or made any agreement with any party regarding the other Defendants' websites.  Thus, the Complaint fails to adequately allege that Ireit "knowingly" entered into any conspiracy to harm Plaintiffs Vulcan, Blitz or Jackson.  The Court should therefore dismiss the RICO 1962(d) claims of Plaintiff Vulcan, Blitz and Jackson against Ireit.

> **D.** **Plaintiffs Vulcan, Blitz and Jackson's Count III Must Be Dismissed Because Plaintiffs Fail to Assert a Cybersquatting Claim Against Ireit.**

Plaintiffs Vulcan, Blitz and Jackson fail to establish a claim against Ireit under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  To state an ACPA claim, each Plaintiff must allege that: (1) it owns a distinctive or famous name or mark entitled to protection; (2) Ireit owns a domain name that is "identical or confusingly similar to" Plaintiff's name or mark; and (3) Ireit registered that domain name with the bad-faith intent to profit from it. *Id.*  Plaintiffs Vulcan, Blitz and Jackson have not alleged and cannot prove these requisite elements, because Ireit does not own any domain name that infringes their rights.

> **E.** **Plaintiffs Vulcan, Blitz and Jackson's Counts IV, V, and VI Must Be Dismissed Because Plaintiffs Fail to Allege That Ireit Infringed, Falsely Designated, or Diluted Plaintiffs' Registered Trademark.**

Because Plaintiffs Vulcan, Blitz and Jackson fail to allege that Ireit used, infringed, falsely designated, or diluted any of Plaintiffs' marks, Counts IV, V, and VI alleged by them against Ireit fail to state a claim and should be dismissed.

-6-

### 1.     There Has Been No Trademark Infringement by Ireit Under 15 U.S.C. § 1141(1).

Count IV of the Complaint alleges trademark infringement under 15 U.S.C. § 1114(1). To assert a claim under that provision, Plaintiffs Vulcan, Blitz and Jackson must each show that (1) its marks are registered; (2) Ireit used the marks in commerce without that Plaintiff's consent; and (3) Ireit's unauthorized use is likely to confuse consumers or deceive the public. *Id.*; *see also S Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp. 2d 796, 803 (N.D. Ill. 1998). Plaintiffs Vulcan, Blitz and Jackson cannot meet this burden because Ireit has not used, and these Plaintiffs have not alleged that Ireit has used, any mark owned by these Plaintiffs in commerce.

As noted above, Plaintiffs Vulcan, Blitz and Jackson lack standing to enforce rights in trademarks to which Plaintiffs have no legal interest. The clear language of the statute accords a cause of action to only the owner of a mark. 15 U.S.C. § 1114(1). Since Ireit is not alleged to have owned or used a domain name confusingly similar to a trademark owned by Plaintiffs Vulcan, Blitz or Jackson, Count IV against Ireit should be dismissed as to these three Plaintiffs.

### 2.     There Has Been No False Designation of Origin by Ireit Under 15 U.S.C. § 1125(a).

Plaintiffs Vulcan, Blitz and Jackson's "false designation of origin" claim fails for essentially the same reasons as its trademark infringement claim. Section 43(a) of the Lanham Act protects unregistered trademarks in much the same way 15 U.S.C. § 1141 protects marks registered with the United States Patent and Trademark Office.

As with their claims for trademark infringement, Plaintiffs Vulcan, Blitz and Jackson fail to allege that Ireit used any false designation of origin, or made any false or misleading description or misrepresentation of fact as to these three Plaintiffs' marks. Nor have these Plaintiffs identified any such false designation or misleading description. Vague and

unsupported allegations under 15 U.S.C. § 1125(a)  are not sufficient to withstand dismissal. *See*, *e.g.*, *Sweet v. City of Chicago*, 953 F. Supp 225, 231 (N.D. Ill. 1996) (finding plaintiff's § 1125(a) claim warranted dismissal because it "merely makes the conclusory assertion that confusion is likely and sets forth no facts that would permit a conclusion that patrons of the Art Fair are likely to be confused as to the origin or sponsorship of the Art Fair").

### 3.    There Has Been No Trademark Dilution by Ireit.

Plaintiffs Vulcan, Blitz and Jackson have alleged no basis for their trademark dilution claims against Ireit in Count VI of the Complaint.  To state a claim for dilution under federal law, each Plaintiff must allege: (1) it owns a famous mark; (2) Ireit used the mark after it became famous; (3) Ireit's use of the mark caused it to be diluted; and (4) Ireit's use of the marks was "in commerce." 15 U.S.C. § 1125(c)(1).  Plaintiffs Vulcan, Blitz and Jackson fail to allege facts that satisfy any of these requirements.  Specifically, none of these three Plaintiffs  has contended that Ireit used its famous mark (as opposed to Plaintiff JBS's allegedly famous mark) or that Ireit diluted its famous mark, or that Ireit's use of its famous mark was commercial or in commerce. 15 U.S.C. § 1125(c)(1).  Count VI thus fails to state a claim by any of these three Plaintiffs against Ireit under the federal dilution statute and should therefore be dismissed as to these three Plaintiffs.

**F.    Plaintiffs Vulcan, Blitz and Jackson's Claim for Consumer Fraud and Deceptive Trade Practices (Count VII) Must Be Dismissed Because These Plaintiffs Have Not Alleged  Any Misrepresentation by Ireit or Any Acts by Ireit in Illinois.**

In Count VII, Plaintiffs Vulcan, Blitz and Jackson assert a defective claim under §2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and §2 of the Illinois Deceptive Trade Practices Act ("DTPA") 815 ILCS 505/2 and 815 ILCS 510/2.  To state a claim under the ICFA, a private plaintiff must plead: (1) a deceptive act or practice by the defendant,

(2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180, 835 N.E.2d 801, 850 (2005). Plaintiffs Vulcan, Blitz and Jackson's ICFA and DTPA claims fail because these plaintiffs fail to allege that Ireit committed any deceptive act aimed at these three Plaintiffs or that these three Plaintiffs were damaged by any such deceptive act. Misrepresentation is a necessary element for such claims. *Web Communication Group Inc. v. Gateway 2000, Inc.*, 889 F. Supp. 316, 323 (N.D. Ill. 1995) (dismissing consumer fraud claims where plaintiff failed to identify any misrepresentation by movants affecting consumers); *Industrial Specialty Chemicals v. Cummins Engine Co., Inc.*, 902 F. Supp. 805, 812-813 (N.D. Ill. 1995) (granting motion to dismiss claims under the Act due to lack of actionable misrepresentations by defendant). Significantly, Plaintiffs Vulcan, Blitz, and Jackson do not, and cannot, identify <u>any</u> misrepresentation by Ireit that has injured them.

Plaintiffs Vulcan, Blitz and Jackson's Count VII claims also fail because these Plaintiffs fail to plead any jurisdictional nexus to Illinois. The ICFA does not apply to "fraudulent transactions which take place outside Illinois." *Avery*, 835 N.E. 2d at 853.

The only alleged connection to Illinois is that Plaintiffs Vulcan, Blitz, and Jackson's principal places of business are located in Illinois. Ireit is not based in Illinois, nor is there any allegation that any relevant transaction occurred in Illinois. Plaintiffs Vulcan, Blitz and Jackson attempt to sidestep this obvious pleading deficiency by alleging, in conclusory fashion, that Ireit "has engaged in acts or omissions within this judicial district causing injury . . . ." Comp. ¶77. This allegation is insufficient to establish the "requisite nexus" with Illinois to warrant application of the ICFA. *See, e.g., Avery*, 835 N.E.2d at 854  Plaintiffs Vulcan, Blitz and

Jackson have not alleged that Ireit committed, or that Plaintiffs were injured as a result of, any deceptive act committed by Ireit in Illinois.

The lack of an Illinois nexus applies equally to Plaintiffs Vulcan, Blitz and Jackson's DTPA claim, just as with Plaintiffs' ICFA claim. *See Rohlfing*, 172 F.R.D. at 340 n. 9, *citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985) (recognizing that Due Process Clause forbids a forum state from applying its own law to every member of a class unless the state has a significant contact or significant aggregation of contacts with the claims asserted by each member of the plaintiff class). Plaintiffs Vulcan, Blitz and Jackson's Count VII should be dismissed as to Ireit.

### G.   Plaintiffs Vulcan, Blitz and Jackson Are Not Entitled to Declaratory Relief Under Count VIII.

Plaintiffs Vulcan, Blitz and Jackson are not entitled to the requested declaratory relief because Plaintiffs fail to adequately plead any claims against Ireit under Counts I through VII of the Complaint. In the absence of any cognizable claim against Ireit, there is no "actual controversy." Moreover, the declaratory relief sought merely tracks these Plaintiffs' other claims, all of which are deficient for the reasons detailed above. Accordingly, this Court should dismiss Count VIII of Plaintiffs' Amended Complaint as directed against Ireit by Plaintiffs Vulcan, Blitz and Jackson.

### H.   Plaintiffs Vulcan, Blitz and Jackson's Count IX Should Be Dismissed Because These Plaintiffs Do Not Have a Valid Common Law Claim for Trademark Infringement Against Ireit.

The principles of trademark law and the tests for infringement under the Illinois common law are essentially the same as under the federal Lanham Act. *See  Berghoff Restaurant Co. v. Lewis W. Berghoff, Inc.*, 357 F. Supp. 127, 130 n.3 (N.D. Ill. 1973), *aff'd*, 499 F.2d 1183 (7th Cir. 1974). Therefore, Plaintiffs Vulcan, Blitz and Jackson's claims for trademark infringement

-10-

under Illinois common law are deficient for the reasons set forth above in the discussion of Counts IV and V. Accordingly, Count IX alleged by these Plaintiffs should be dismissed.

     **I.**     **Plaintiffs Vulcan, Blitz, and Jackson's Count X Should Be Dismissed Because These Plaintiffs Fail to Allege That Ireit Has Contributorily Infringed Plaintiffs' Trademark Rights.**

Plaintiffs Vulcan, Blitz and Jackson fail to allege (nor do these Plaintiffs have standing to allege) a justiciable trademark infringement claim against Ireit, because Ireit has not used any mark, name or term confusingly similar to a mark owned by any of these three Plaintiffs. Consequently, the attempt by these Plaintiffs to assert a <u>contributory</u> infringement claim against Ireit also fails. To properly plead a claim for contributory trademark infringement, each of these Plaintiffs must allege that Ireit: (1) intentionally induced a third party to infringe its mark; or (2) supplied a product to a third party with actual or constructive knowledge that the product was being used to directly infringe its mark. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982); *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1148 (7th Cir. 1992); *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 911-12 (N.D. Ill. 2004). Contributory infringement requires proof of direct infringement of Plaintiff's mark by a third party, as well as the defendant's intent and knowledge of the wrongful activities of the infringer. *David Berg & Co. v. Gatto Int'l Trading Co.*, 884 F.2d 306, 311 (7th Cir. 1989).

Plaintiffs Vulcan, Blitz and Jackson fail to allege these essential elements of a claim for contributory infringement: ownership by each Plaintiff of a valid trademark a third party's use of a confusingly similar domain name or trademark, knowledge by Ireit of such allegedly infringing use, and Ireit's contribution to or inducement of that infringement. *See Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 2d 877, 892 (N.D. Ill. 2005) (finding that contributory infringement requires proof of direct infringement by third party, as well as defendant's intent

and knowledge of wrongful activities of third party).  Accordingly, Plaintiffs Vulcan, Blitz and

Jackson's Count X as asserted against Ireit fails to state a claim for contributory infringement

and should be dismissed.

> **J.**  **Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead Vicarious Trademark Infringement.**

Vicarious liability for trademark infringement requires "a finding that the defendant and

the infringer have an apparent or actual partnership, have authority to bind one another in

transactions with third parties or exercise joint ownership or control over the infringing product."

*Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992)

(internal quotations omitted), followed by *Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d

1265, 1275 (D. Or. 2003).  "Vicarious liability" generally refers to the liability of a principal,

such as an employer, for the torts committed by his agent, an employee for example, in the

course of the agent's employment.  *In re Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir.

2003).  In this case, Plaintiffs Vulcan, Blitz and Jackson fail to allege that Defendant Ireit entered

into any agreement, apparent or actual partnership, or joint ownership with any other party with

respect to these three Plaintiffs' marks or domain names.  Accordingly, Plaintiffs Vulcan, Blitz

and Jackson's claims for vicarious trademark infringement against Ireit should be dismissed.

> **K.**  **Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead an Intentional Interference with Any Current or Prospective Economic Advantage.**

Plaintiffs Vulcan, Blitz and Jackson fail to plead an intentional interference claim against

Ireit.  In order to state a claim for tortious interference with prospective economic advantage, a

plaintiff must allege that: (1) it had a reasonable expectancy of a valid business relationship; (2)

Ireit knew about the expectancy; (3) Ireit intentionally interfered with the expectancy and

prevented it from ripening into a valid business relationship; and (4) the intentional interference injured the plaintiff. *Ali v. Shaw*, 481 F.3d 942, 946 (7th Cir. 2007).  Illinois courts have made clear that "A plaintiff states a cause of action only if it alleges a business expectancy with a specific third party as well as action by the defendant directed towards that third party." *Assoc. Underwriters of Am. Agency, Inc. v. McCarthy*, 356 Ill. App. 3d 1010, 826 N.E.2d 1160, 1169 (Ill. App. 2005).  *See also Ali*, 481 F.3d at 946 (same).

In this case, Plaintiffs Vulcan, Blitz and Jackson vaguely refer to "third party Internet consumers" as third parties with whom they had a business expectancy with which Defendants allegedly interfered.  But these three Plaintiffs fail to identify any specific third party with whom they had a business expectancy <u>or</u> any specific action Ireit took toward that party to these Plaintiffs' detriment. *Schuler v. Abbott Laboratories*, 265 Ill. App. 3d 991, 994-95, 639 N.E. 2d 144, 147 (Ill. App. 1 Dist. 1993). Accordingly, Count XII as alleged against Ireit is subject to dismissal as to Plaintiffs Vulcan, Blitz and Jackson.

### L. Plaintiffs Vulcan, Blitz and Jackson's Count XIII Should Be Dismissed Because These Plaintiffs Fail to Plead a Cognizable Unjust Enrichment Claim Against Ireit.

Plaintiffs Vulcan, Blitz and Jackson's unjust enrichment count also fails to state a claim on which relief can be granted.  To state a claim for unjust enrichment in Illinois**,** each Plaintiff must allege that: (1) Ireit unjustly retained a benefit to the Plaintiff's detriment, and (2) Ireit's retention of that benefit would violate the fundamental principles of justice, equity, and good conscience. *See Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*, 2006 U.S. Dist. LEXIS 18630 at * 12-13 (N.D. Ill. Apr. 12, 2006); s*ee  also Sudicky v. Allied Tube & Conduit*, 1999 U.S. Dist. LEXIS 16794 (N.D. Ill. Oct. 22, 1999) (dismissing an unjust enrichment claim

because "[u]nder Illinois law, 'no person is unjustly enriched unless the retention of the benefit would be unjust'").

Plaintiffs Vulcan, Blitz and Jackson fail to recite any benefit retained by Ireit to the detriment of these three Plaintiffs. In fact, these three Plaintiffs have not pled <u>any</u> factual allegation linking Ireit to <u>any</u> alleged injury to these three Plaintiffs or the absence of a remedy provided by law. Accordingly, Count XIII as alleged by these Plaintiffs against Ireit must be dismissed.

**M.      Plaintiffs Vulcan, Blitz and Jackson's Count XIV Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead Any Civil Conspiracy.**

The Complaint fails to state a claim of civil conspiracy against Ireit with respect to Vulcan, Blitz or Jackson. Under Illinois law, the elements of civil conspiracy are "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill. 302, 317 (2004); *Foodcom International v. Barry*, 463 F. Supp. 818, 830 (N.D. Ill. 2006). "Civil conspiracy is an intentional tort that requires proof that a defendant 'knowingly and voluntarily participates in a common scheme to commit an unlawful act or a lawful act in an unlawful manner.'" *Foodcom*, 463 F. Supp. at 830; *Adcock v. Brakegate, Ltd.*, 164 Ill.Dec. 636, 645 (1994).

The Complaint makes no allegation that Ireit "knowingly and voluntarily" participated in a scheme to harm any of these three Plaintiffs. The Complaint makes the broad statement that "each" Defendant was involved in a civil conspiracy "described herein." ¶ 468. But in the conspiracy described by the Complaint, each Defendant allegedly individually agreed with Google to share advertising revenues only from the sites that each defendant owned. ¶¶ 99-141.

-14-

The Complaint does not allege that Ireit made any agreement of any kind with Google or with any of the other Defendants related to the websites owned by co-Defendants. The complaint does not allege that Ireit had any knowledge that the websites owned by its co-Defendants existed, does not allege that Ireit profited from these websites in any way, and does not allege that Ireit "knowingly and voluntarily" committed any act that assisted its co-Defendants to profit from these websites. The Complaint therefore fails to allege that Ireit "knowingly and voluntarily" participated in a scheme to harm Vulcan, Blitz or Jackson.

**IV.    CONCLUSION.**

For the foregoing reasons and the reasons set forth in Defendants' Consolidated Memorandum, Ireit respectfully moves the Court to: (1) dismiss Plaintiffs Vulcan, Blitz, Jackson, and JBS's Counts I, II, VII, VIII, XII, and XIV as to Defendant Ireit; and (2) dismiss Plaintiffs Vulcan, Blitz and Jackson's remaining Counts as to Defendant Ireit.

Respectfully Submitted,

PATTISHALL, McAULIFFE, NEWBURY,
   HILLIARD & GERALDSON

Dated: October 18, 2007          By:  /s/ Brett August
                                 Brett A. August (ARDC #  0081345)
                                 Bradley L. Cohn (ARDC # 6224692)
                                 Alexis E. Payne (ARDC # 6270412)
                                 311 South Wacker Drive
                                 Suite 5000
                                 Chicago, Illinois 60606
                                 (312) 554-8000

                                 VINSON & ELKINS L.L.P.

Dated: October 18, 2007          By:  /s/ Steve Borgman
                                 Steven R. Borgman (admitted pro hac vice)
                                 Kenneth P. Held (admitted pro hac vice)
                                 2500 First City Tower
                                 1001 Fannin Street
                                 Houston, Texas 77002-6760
                                 (713) 758-2222

                                 Attorneys for Defendant Internet Reit, Inc.

-16-

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing Memorandum of Defendant Internet Reit, Inc. In Support of Its Motion to Dismiss Plaintiffs' Amended Complaint was served via the Court's CM/ECF system on the 18th day of October, 2007.


           /s/ Steve Borgman              
          Steven R. Borgman

Houston 3417415v.1

-17-