# EXHIBIT B

# EXHIBIT "B"

# "FACTUAL OVERVIEW CHART"

| | |
|---|---|
| **Bad Actors** | Defendants (FAC¶¶67-79) have unlawfully conspired, contrived and effectuated an unlawful scheme, the "Deceptive Domain Scheme," (FAC¶3) to obtain financial benefits from the unlawful and unauthorized use of Class Plaintiffs' and the putative class members' property, rights and interests. (FAC¶¶10-11). |
| **Fraudulent Scheme** | Deceptive Domain Scheme, as defined in the FAC, includes but is not limited to the following actions: (1) Defendant(s)' deliberate registration, trafficking, license, use and monetization of deceptive domains; (2) deliberate hijacking, redirecting, dilution and infringement of distinctive and valuable marks; (3) deliberate creation and promotion of an illegal aftermarket for the resale of deceptive domains, (4) deliberate tasting and kiting of deceptive domains; (5) deliberate cybersquatting and typosquatting; (6) derive, use and generate illegally obtained money/revenue/profit from their illegal and deceptive actions (7) transact in the money and property obtained from their illegal actions, (8) illegal use and intentional diminution of Class Plaintiffs' and the Class' property and (9) other related actions and omissions intended to generate revenue from the unauthorized, improper, and illegal use/infringements/dilution/misappropriation of Class Plaintiffs' and the putative class members' property. (FAC¶3). |
| **Victims of Fraudulent Scheme** | Class Plaintiffs (FAC¶¶20-64) and the putative class (FAC¶289) are the direct victims of Defendants' Deceptive Domain Scheme because it is their property/interests that Defendants unlawfully took/used in furtherance of the fraudulent scheme. (FAC¶¶11-12). |
| **The Class** | Class Plaintiffs (FAC¶¶20-64) and the putative class (FAC¶289) are the direct victims of Defendants' Deceptive Domain Scheme because it is their property/interests that Defendants unlawfully took/used in furtherance of the fraudulent scheme. (FAC¶¶11-12). |
| **Reason Defendants engaged in the fraudulent scheme** | Defendants engage in the Deceptive Domain Scheme in order to obtain control and use over Class Plaintiffs' and the putative class |

| | |
|---|---|
| | members' property (distinctive and valuable marks, domains, deceptive domains, internet traffic, goodwill, prospective business and customers) and to financially profit and transact in said money gained from the illegal misappropriation, taking, use and monetization of Class Plaintiffs' and the putative class members' property.  (FAC¶¶1, 10, 218, 238, 261, 263, 270.) |
| **Knowledge and Intent** | Defendants contrived, designed, implemented and otherwise engage in the Deceptive Domain Scheme intentionally and knowingly. (FAC¶¶9, 166).  Inherent in the definition of "Deceptive Domain" is the knowing and unauthorized deceptive use of Class Plaintiffs' and the putative class members' distinctive and valuable marks.  (FAC¶¶2-3, 166, 273).  Further, Defendants took actions such as concealment, knowing registration of deceptive domains, masking, redirection, and other fraudulent actions in connection with the commission of the Deceptive Domain Scheme.  (FAC¶249, 263). |
| **Property Defendants Intended to Derive** | Distinctive and valuable marks, domains, Deceptive Domains, goodwill, customers, internet traffic, and prospective business belonging to Class Plaintiffs' and the putative class. (FAC¶¶241, 270). |
| **Manner in which Scheme was carried out** | Sophisticated, highly organized, automated, systemic programs carried out through use of the Mails and Wire. (FAC¶¶245, 246, 248, 249, 323, 324 |
| **Frequency of Fraudulent Scheme** | Defendants' actions constituting the fraudulent scheme are carried out 24 hours a day, 7 days a week on a second-by-second, minute-by minute, hourly, daily, ongoing and regular basis. (FAC¶¶4,249). |
| **RICO ENTERPRISE** | An ongoing and structured association of individuals and entities joined in the common purpose of "*engag[ing] in interstate advertising and marketing*." (FAC¶¶225-227).  An identifiable hierarchy and control structure, with each distinct Enterprise member engaging in certain functions and roles (FAC¶229), and roles assumed by each of the Defendants in the operation and management of the Enterprise. (FAC¶229). Defendants' use and control of the Enterprise to engage in conduct constituting racketeering activity (FAC¶237) and the legitimate conduct of the Enterprise existing separate and apart from the Racketeering |

|  | Activity. (FAC¶¶232, 239). |
|---|---|
| **RICO PREDICATE ACTS** | 18 U.S.C. §1341 (relating to mail fraud) and 18 U.S.C. §1343 (relating to wire fraud); 18 U.S.C. §1952 (relating to racketeering); 18 U.S.C. §1957 (related to engaging in monetary transactions in property derived from specified unlawful activity); and 18 U.S.C. §2320 (relating to trafficking in goods or services bearing counterfeit marks). (FAC¶¶243, 253). |
| **Injury/Damage to Victims** | Damage to property, damage to value of domain, diversion of business, dilution of the distinctive and valuable marks, infringement of distinctive and valuable marks, lost profits/revenue, lost sales, lost customers, lost market share, lost reputation, confusion of goods/services, lost goodwill; and other such injury and damage directly and proximately caused by Defendants illegal actions alleged herein. (FAC¶11, 12, 270). |