# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SON, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, § § § § § § § Lead Plaintiffs, § § v. § § GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, § § § § § § § § § Defendants. § | Civil Action No. 07 CV 3371  Honorable Blanche M. Manning  Magistrate Judge Geraldine Soat Brown |

## MOTION TO AMEND PARAGRAPH 78 OF THE FIRST AMENDED COMPLAINT AND TO DENY IREIT's MOTION TO DISMISS TO THE EXTENT THEY RELY UPON THE OMISSION OF IREIT FROM PARAGRAPH 78 OF THE FILED FIRST AMENDED COMPLAINT

Class Plaintiffs, by and through their undersigned counsel of record, move this Court to enter an order amending Paragraph 78 of the Filed First Amended Complaint ("FAC") and to Deny Defendant INTERNET REIT, INC.'s ("IREIT") Motion to Dismiss ("MTD") to the extent that they rely upon omission of IREIT from Paragraph 78 of the filed FAC. In so doing, Class Plaintiffs state:

1.      Class Plaintiffs made a scrivener's error in ¶78 of the FAC, inadvertently omitting Defendant IREIT from the list of parking company defendants.

2.A scrivener's error is a clerical error resulting from "a minor mistake or inadvertence". *United States v. Gibson,* 356 F.3d 761, 766 n. 3 (7th Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)).

3.Importantly, the Federal Rules of Civil Procedure (Fed.R.Civ.P. 15(b)) clearly provide that a plaintiff's rights are not frozen with the complaint. *See, Prescott v. Marine Bank Dane County,* 805 F.2d 719, 724 (7th Cir. 1986). The purpose of this rule "is to provide the maximum opportunity for each claim to be decided on its merits rather than on its procedural niceties." *Prescott,* 805 F.2d at 725.

4.The rules only require a complaint to provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rouse-Randhurst Shopping Ctr., Inc. v. J.C. Penney Co., Inc.,* 171 F. Supp. 2d 824, 826 (N.D. Ill. 2001) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993) (quotations omitted)). The complaint does not even need not list all claims or specify all legal theories. *Id.*

5.A fair reading of the FAC, unambiguously classifies Defendant IREIT as a "parking company defendant," reveals Class Plaintiffs' intent to include IREIT in the definition of parking company defendants, and puts IREIT on notice of the totality and scope of the facts and claims being alleged against it.  For example, Defendant IREIT knows fully that it is a company that falls squarely within the definition of "Parking Company" as defined in FAC:  "[Parking Companies] means: a company that aggregates numerous domain names from individual domain name registrants and contracts with an advertising service to license and monetize those domain names."  (FAC¶83(w)).

6.  IREIT seizes on the single scriveners error in FAC¶78 and attempts to arbitrage it into a basis for dismissal.

7.  To allow IREIT to capitalize on a single and obvious technical error, in just one paragraph of the FAC would be inconsistent with a fair reading of the FAC, especially since IREIT could not possibly claim "surprise" by the amendment. *Creative Demos, Inc. v. Wal-Mart Stores, Inc.,* 142 F.3d 367, 371-72 (7th Cir. 1998); *See also Molex Inc. v. Wyler* 2005 WL 497812 (N.D. Ill. 2005).

8.  Further, this Court has discretion to consider a 12(b)(6) Motion as one for a more definite statement pursuant to 12(e). *Radisson Hotels International v. Westin Hotel Company*, 931 F. Supp. 638 (D. Minn. 1996). Although, Plaintiff's inadvertent failure to specifically list IREIT as a parking Defendant does not warrant a more definite statement. *Angel Creek Logging Company v. Atlas Plywood Corporation*, 22 F.R.D. 1 (N.D. Cal. 1957). At best, it warrants a simple amendment (addition of IREIT to ¶78)

9.  There would be no prejudice to IREIT to allow Class Plaintiffs motion, at this very early stage of the litigation, to amend ¶78 to include IREIT, therefore reading as follows:

> Defendants Oversee, Sedo, Dotster, IREIT, and unmanned co-conspirators, are referred to collectively herein as the "Parking Company" Defendants.

WHEREFORE, Class Plaintiffs respectfully request that this Court enter an order amending paragraph 78 of the FAC and denying Defendant IREIT's Motions to Dismiss to the extent that they rely upon the inadvertent omission of IREIT from paragraph 78 of the filed FAC.

                        FOOTE, MEYERS, MIELKE, & FLOWERS LLC

                        By: /s/ Robert M. Foote
                            One of Their Attorneys

Robert M. Foote, Esq. #03214325
Stephen W. Fung, Esq. #06289522
Mark A. Bulgarelli, Esq. #06284703
Foote Meyers Mielke & Flowers, LLC
28 North First St.
Suite 2
Geneva, IL 60134
630-232-6333

Kathleen C. Chavez, Esq. #06255735
Chavez Law Firm, P.C.
28 North First St.
Suite 2
Geneva, IL  60134
630-232-4480

William J. Harte, Esq.
Dana Pesha, Esq.
Joan M. Mannix, Esq.
William J. Harte, Ltd.
111 West Washington Street
Suite 1100
Chicago, Illinois 60602
312-726-5015

Benjamin G. Edelman, Esq.
Law Office of Benjamin Edelman
27a Linnaean Street
Cambridge, MA 02138
617-359-3360

ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC. BLITZ REALTYGROUP, INC. and VINCENT E."BO" JACKSON Individually and on Behalf of All Others Similarly Situated, | § § § § § § § | Civil Action No. 07 CV 3371 |
| Lead Plaintiffs, | § § § | JUDGE MANNING |
| v. | § § | |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM INTERNET REIT, INC. d/b/a IREIT, INC.; and JOHN DOES I-X, | § § § § § | CLASS ACTION COMPLAINT |
| Defendants. | § § § | (DEMAND FOR JURY TRIAL) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 5, 2007, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Brett A. August
baugust@pattishall.com

Michael H. Page
mhp@kvn.com

Mariah Moran
mmoran@stetleranduffy.com
edocket@stetleranduffy.com

Kenneth P. Held
kheld@velaw.com

Steven Borgman
sborgman@velaw.com
jwarren@velaw.com
steveborgman@gmail.com
yshumaker@velaw.com

Janelle M. Carter
jcarter@winston.com
ECF_CH@winston.com

Bradley L. Cohn
bcohn@pattishall.com

Alison Conlon
conlon@wildmanharrold.com
ecf-filings@wildmanharrold.com
hardt@wildmanharrold.com

Jonathan M. Cyrluk
cyrluk@stetleranduffy.com
edocket@stetleranduffy.com

Joseph Gratz
jgratz@kvn.com

Misty Martin
mmartin@smsm.com

Alexis Payne
aep@pattishall.com

Ronald Rothstein
rrothsstein@winston.com
ECF_CH@winston.com
mconroy@winston.com

Jeffrey Singer
jsinger@smsm.com

Scott R. Wiehle
swiehle@velaw.com

Michael R. Dockterman
dockterman@wildmanharrold.com
ecf-filings@wildmanharrold.com
eckertm@wildmanharrold.com

Joseph Duffy
jduffy@stetleranduffy.com
bdorgan@stetleranduffy.com
edocket@stetleranduffy.com

William J. Harte
wharte@williamharteltd.com
mccarey@williamharteltd.com

Dana Marie Pesha
dpesha@williamharteltd.com
mccarey@williamharteltd.com

Scott Ryan Wiehle
swiehle@velaw.com

Aaron Van Oort
mavanoort@faegre.com

I certify that I have served the foregoing document by emailing a copy to the following individuals:

Steven Atlee
SAtlee@winston.com

Vincent V. Carissimi
carissimiv@pepperlaw.com

Joanna J. Cline
clinej@pepperlaw.com

Robert J. Hickok
hickokr@pepperlaw.com

s/Robert M. Foote