# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. | : | |
| SANFILIPPO & SON, INC., | : | |
| BLITZ REALTY GROUP, INC., | : | |
| and VINCENT E. "BO" JACKSON, | : | Case No. 07CV3371 |
| Individually and on Behalf of All | : | |
| Others Similarly Situated, | : | Judge Manning |
| | : | |
| v. | : | Magistrate Judge Brown |
| | : | |
| GOOGLE INC., OVERSEE.NET, | : | |
| SEDO LLC, DOTSTER, INC., AKA | : | |
| REVENUEDIRECT.COM, | : | |
| INTERNET REIT, INC. d/b/a IREIT, INC., | : | |
| and JOHN DOES I-X, | : | |
| | : | |
| Defendants. | : | |

## INTERNET REIT, INC.'S REPLY TO PLAINTIFFS' CONSOLIDATED
## RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Dockets.Justia.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ANALYSIS ........................................................................................................... 2

    A. Standard for 12(b)(6) and 12(b)(1) Dismissal. ......................................... 2

    B. Plaintiffs Vulcan, Blitz and Jackson Lack Standing to Sue Ireit. ............... 3

        1. The "Juridical Link" Doctrine Does Not Create Standing. ............ 3

        2. Plaintiffs Fail to Plead Any Other Basis for Standing. ................... 5

    C. The Court Should Dismiss Plaintiffs' RICO 1962(c) Claims Pursuant to Rule 9(b) and Rule 12(b)(6). ..................................................... 5

    D. The Court Should Dismiss Plaintiffs' RICO § 1962(d) Claims Pursuant to Both Rule 9(b) and Rule 12(b)(6). ......................................... 7

    E. Plaintiffs Vulcan, Blitz and Jackson's Count III Must Be Dismissed Because Plaintiffs Fail to Assert a Cybersquatting Claim Against Ireit. ....................................................................................... 8

    F. Plaintiffs Vulcan, Blitz and Jackson's Counts IV, V, VI, and IX Must Be Dismissed Because Plaintiffs Fail to Allege that Ireit Infringed, Falsely Designated, or Diluted Plaintiffs' Registered Trademark ....................................................................................................... 8

    G. Plaintiffs Vulcan, Blitz and Jackson's Claims for Consumer Fraud and Deceptive Trade Practices (Count VII) Must Be Dismissed Because These Plaintiffs Have Not Alleged Any Prohibited Acts by Ireit in Illinois. ..................................................................... 9

    H. Plaintiffs Vulcan, Blitz and Jackson Are Not Entitled To Declaratory Relief Under Count VIII. ........................................................ 9

    I. Plaintiffs Vulcan, Blitz and Jackson's Count IX Should Be Dismissed Because These Plaintiffs Fail to Allege That Ireit Has Contributorily Infringed Plaintiffs' Trademark Rights. ........................... 10

    J. Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs fail to Adequately Plead Vicarious Trademark Infringement ............................................................ 10

    K. Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead an Intentional Interference with Any Current or Prospective Economic Advantage. ................................................................................ 11

    L. Plaintiffs Vulcan, Blitz and Jackson's Count XIII Should be Dismissed Because These Plaintiffs Fail to Plead a Cognizable Unjust Enrichment Claim Against Ireit. ..................................................... 12

  M. Plaintiffs Failed to Plead an Actionable Civil Conspiracy Claim. ........... 12

III. CONCLUSION ................................................................................................. 13

Case 1:07-cv-03371    Document 110    Filed 11/13/2007    Page 3 of 19

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Adcock v. Brakegate, Ltd.*,
    164 Ill. Dec. 636 (1994) ............................................................................................... 12
*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2006) ............................................................................................ passim
*Bombard v. Fort Wayne Newspapers, Inc.*,
    92 F.3d 560 (7th Cir.1996) ............................................................................................ 9
*Brouwer v. Raffensperger, Hughes & Co.*,
    199 F.3d 961 (7th Cir. 2000) ......................................................................................... 7
*Dynabest Inc. v. Yao*,
    760 F.Supp. 704 (N.D.Ill.1991) ................................................................................... 11
*Foodcom International v. Barry*,
    463 F. Supp. 818 (N.D. Ill. 2006) ................................................................................ 12
*Government Employees Insurance Co. v. Google, Inc.*,
    330 F. Supp. 2d 700 (E.D. Va. 2004) .......................................................................... 11
*Hudson v. City of Chicago*,
    242 F.R.D. 496 ............................................................................................................... 3
*Johnson v. Joliet Junior College*,
    No. 06 C 5086, 2007 WL 1119215 (N.D.Ill. April 10, 2007) ....................................... 2
*Landman v. Bancor*,
    No. 01-CV-00417-DRH, 2004 WL 1944789 (S.D.Ill. July 16, 2004) .......................... 4
*Payton v. County of Kane,*
    308 F.3d 673 (7th Cir. 2002) ..................................................................................... 3, 4
*Ulatowski v. John Sterling Corp.*,
    No. 03 C 8847, 2004 WL 1385829 (N.D.Ill. June 17, 2004) ........................................ 9
*United States v. Dote*,
    150 F. Supp. 2d 935 (N.D. Ill. 2001) ............................................................................. 7

**Statutes**

15 U.S.C. § 1114(1) ............................................................................................................ 8
15 U.S.C. § 1125(c)(1) ........................................................................................................ 9
15 U.S.C. § 1125(d) ............................................................................................................ 8
15 U.S.C. § 1141 ................................................................................................................. 8
18 U.S.C. § 1962(c) .................................................................................................... 5, 6, 7
18 U.S.C. § 1962(d) ............................................................................................................ 7
Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 2
Federal Rule of Civil Procedure 12(b)(6) ................................................................... 2, 5, 7
Federal Rule of Civil Procedure 9(b) .......................................................................... 5, 6, 7

I.  **INTRODUCTION**

Defendants' motions to dismiss and accompanying memoranda[1] identified numerous fatal deficiencies in Plaintiffs' 94 page amended complaint (First Amended Class Action Complaint, Document No. 89 ("Complaint")). Rather than respond to the deficiencies in the Complaint highlighted by Defendants' motions to dismiss, Plaintiffs' Response[2] merely summarizes the conclusory allegations in the Complaint. Summarizing conclusory allegations is no substitute for pleading the facts required to allege a claim. Defendants are filing a consolidated reply brief to respond to arguments in Plaintiffs' Response that relate to all the Defendants ("Defendants' Consolidated Reply"). Ireit files this separate reply to address arguments that are unique to it.

Ireit chose not to move to dismiss all of Plaintiff John B. Sanfilippo and Son, Inc.'s ("JBBS") claims against Ireit, and Ireit will defend these claims in due course. But other than a few conclusory and contradictory statements, the other Plaintiffs, Vulcan, Blitz and Jackson, have not alleged that Ireit had anything at all to do with the domain names that allegedly damaged them. Accordingly, these Plaintiffs lack standing and failed to adequately plead any claims against Ireit.[3] The Response fails to address many of the arguments in Ireit's Motion to Dismiss, as set forth below:

---

[1] *See* Defendants' Consolidated Memorandum in Support of Motions to Dismiss ("Defendants' Consolidated Memorandum") and Ireit's Memorandum in Support of Motion to Dismiss, Document No. 100 ("Ireit Memorandum").

[2] Plaintiffs' Consolidated Response to Defendant's Motion to Dismiss, Document No. 104 ("Response").

[3] Exhibit C to Plaintiffs' Response purports to summarize which Defendants have moved to dismiss which claims. Plaintiffs incorrectly assert that Ireit did not move to dismiss Plaintiff JBBS's claims in Counts II, VII, VIII, XII, XIII, and XIV. Ireit has moved to dismiss such claims, as clearly set forth in (1) Defendants' Consolidated Motion to

- Plaintiffs Vulcan, Blitz and Jackson's reliance on the "juridical link" doctrine to establish standing to sue Ireit is meritless.  A cursory reading of applicable case law shows that this doctrine is inapplicable here.  Plaintiffs' other arguments for standing also fail.

- Plaintiffs' Response effectively concedes that the Complaint fails to allege that the websites that purportedly harmed Plaintiffs Vulcan, Blitz, and Jackson have any connection whatsoever to Ireit.  Accordingly, these Plaintiffs failed to allege that Ireit committed any RICO predicate acts or participated in any RICO conspiracy with respect to their claims.

- Because Plaintiffs Vulcan, Blitz and Jackson fail to allege that Ireit had anything to do with the domain names that allegedly harmed them, these Plaintiffs' federal Cybersquatting, Trademark Infringement, False Designation of Origin, Trademark Dilution, state Consumer Fraud, Declaratory Judgment, Trademark Infringement, Contributory Trademark Infringement, Vicarious Trademark Infringement, Interference With Prospective Economic Advantage, Unjust Enrichment, and Civil Conspiracy claims all fail.

Accordingly, Plaintiffs Vulcan, Blitz and Jackson's claims against Ireit should be dismissed as a matter of law.

## II.     ANALYSIS

### A.     Standard for 12(b)(6) and 12(b)(1) Dismissal.

Plaintiffs' Response relies heavily on conclusory allegations in the Complaint. These conclusory allegations do not pass muster under the Supreme Court's pleading standard in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2006).  This standard applies equally to motions to dismiss under Rule 12(b)(1). *Johnson v. Joliet Junior College*, No. 06 C 5086, 2007 WL 1119215 (N.D. Ill. April 10, 2007).

---

Dismiss (Document No. 98), (2) the accompanying Defendants' Consolidated Memorandum, and (3) the concluding paragraph of Ireit's Memorandum.

2

**B.  Plaintiffs Vulcan, Blitz and Jackson Lack Standing to Sue Ireit.**

**1.  The "Juridical Link" Doctrine Does Not Create Standing.**

Recognizing that they fail to allege that Ireit or any domains owned by Ireit caused them any harm, Plaintiffs Vulcan, Blitz and Jackson invoke the "juridical link" doctrine in a vain attempt to establish standing to sue Ireit. (Response at 9). Plaintiffs' reliance on this doctrine is misplaced because the juridical link doctrine only applies where "all the defendants took part in a similar scheme that was sustained either by a contract or conspiracy, or was mandated by a uniform state rule." *Payton v. County of Kane,* 308 F.3d 673, 679 (7th Cir. 2002). Ireit and the other alleged "Parking Company Defendants" are business competitors, and it defies common sense to suggest that they are working together or are otherwise linked.

The juridical link doctrine requires that the Defendants be linked to each other by some sort of clear relationship. *See Payton v. County of Kane,* 308 F.3d 673, 679 (7th Cir.2002) (defendant counties were all arms of the state government uniformly applying an ordinance); *Hudson v. City of Chicago*, 242 F.R.D. 496, 499 (defendant police officers were all part of the Chicago Police Department allegedly misusing a state ordinance). In cases involving state ordinances, the individual counties that enforce the ordinances are all arms of, and controlled by, the state government. *Payton*, 308 F.3d at 679. They all share a common link, and the ordinance affects the plaintiffs in a uniform manner. *Id.* Indeed, the Seventh Circuit has never endorsed the juridical link doctrine in any context other than challenges to a state statute.

Accordingly, the juridical link doctrine does not apply here because Plaintiffs have not alleged that any uniform state rule affects this case. Even if the dicta in *Payton* allowed the application of the juridical link doctrine based upon the existence of a

3

contract, there is no contractual basis to apply the doctrine in this case. The plaintiffs in *Payton* alleged the existence of a "common" contract, *see id.*, but Plaintiffs Vulcan, Blitz and Jackson, on the other hand, do not allege that Ireit is a party to any contract that (a) relates to the domains that purportedly harmed them or (b) allows Ireit to share revenue from domains owned by any other Defendant. Moreover, Plaintiffs do not allege that there is a single contract that links Ireit to its competitors Sedo, Oversee, Dotster or "John Does I-X." In fact, Plaintiffs allege the opposite, admitting in their Response that the "Parking Company Defendants" each have individual agreements with Google. (Response at 93). In a closely analogous case, one court in the Seventh Circuit held that the juridical link doctrine did not apply. In *Landman v. Bancor*, No. 01-CV-00417-DRH, 2004 WL 1944789 (S.D. Ill. July 16, 2004), the court ruled:

> Named Plaintiffs fail to allege any state or local statute requiring common action by the Assignee Defendants, nor are the Assignee Defendants alleged to be government actors. ***Rather, these Defendants are competitors in the same business, further undercutting any argument they acted in concert with each other***.

*Id.* at *4 (emphasis added). Just like the defendants in *Landman*, Ireit and the alleged Parking Company Defendants are competitors. Plaintiffs have not pled anything more than conclusory statements as to how Ireit supposedly acted in concert with its direct business competitors to register or profit from allegedly infringing domain names. The only link Plaintiffs allege is that the Parking Company Defendants each have separate agreements with Google. Plaintiffs do not allege, however, that these agreements are identical. Nor do Plaintiffs allege that Google exercises any control over Defendants. Defendants have different agreements with Google, different business practices, own different domains, and allegedly impact each named Plaintiff in a different manner. Because Plaintiffs plead no fact that supports their assertion that Ireit acted in concert

4

with Sedo, Oversee, Dotster, or "John Does I-X," the juridical link doctrine can not apply.

The only remaining basis for Plaintiffs to invoke the juridical link doctrine is their deficient conspiracy allegations. Plaintiffs' conspiracy allegations, however, are wholly conclusory, legally insufficient, and fail to meet the 12(b)(6) pleading standards under *Twombly*, much less the heightened pleading standards under Rule 9(b). *See* Defendants' Consolidated Memorandum at 5-24, Ireit Memorandum at 2-3, 5-6, 14-15.

### 2. Plaintiffs Fail to Plead Any Other Basis for Standing.

Plaintiffs assert that they have standing based on their conclusory allegation that Ireit owns unidentified domain names that have harmed Plaintiffs Vulcan, Blitz, and Jackson. (Response at 9-10). Plaintiffs erroneously contend that all they are required to do is "simply make allegations that deceptive domain names were used" and that they are not required to identify the domain names that harmed the named Plaintiffs. *Id.* at 10.

Plaintiffs' "simple" assertion that Ireit owns unnamed websites that have damaged Plaintiffs Vulcan, Blitz or Jackson in some unnamed way is *precisely* the type of "formulaic recitation of the elements" that *Twombly* held was inadequate to survive 12(b)(6) scrutiny. *Twombly* 127 S. Ct. at 1964-65. This Court should therefore dismiss Plaintiffs Vulcan, Jackson, and Blitz's claims against Ireit for lack of standing.

### C. The Court Should Dismiss Plaintiffs' RICO 1962(c) Claims Pursuant to Rule 9(b) and Rule 12(b)(6).

In addition to the myriad reasons set forth in Defendants' Consolidated Memorandum why all of Plaintiffs' RICO allegations should be dismissed, Plaintiffs Vulcan, Blitz, and Jackson's RICO claims also fail because these Plaintiffs do not allege how Ireit participated in any RICO conspiracy to harm them. In response to Ireit's

5

observation that they failed to allege a RICO § 1962(c) violation, Plaintiffs propose to amend the Complaint to include Ireit as a "Parking Company" Defendant, citing a "scrivener's error."  The Complaint's allegations against the Parking Company Defendants, however, are completely conclusory, fail to differentiate between the individual Defendants, and fail to satisfy the *Twombly* standard, much less Rule 9(b).

To plead a RICO § 1962(c) violation, Plaintiffs must plead that Ireit "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs." 18 U.S.C. § 1962(c).  The Complaint's sole attempt to plead this element is the conclusory assertion that:

> Defendant Google, Parking Company Defendants, and/or the Domain registrants enter into agreements where Defendant Google and the Parking Company Defendants share advertising/marketing revenue generated on parked domains.

(Complaint ¶ 147).

This paragraph fails to allege that Ireit entered into any agreement with any of the Defendants to share revenue derived from domains owned by any Defendant other than Ireit.  Indeed, the Complaint never actually describes who the "Domain Registrants" are.[4] Plaintiffs later describe the agreement between Google and the "Parking Company" Defendants as one requiring Google to pay each individual Parking Company Defendant a certain amount of money based on the advertising "clicks" generated by each website a Defendant owns. (Complaint ¶¶ 110-117).  Plaintiffs further describe a system in which Google independently agrees to share with each Parking Company Defendant the advertising revenue generated from websites at domains that each Parking Company

---

[4] The Complaint broadly describes who Domain Regis*trars* are (Complaint ¶83k.), but the Complaint does not claim that either Domain Registrars or Domain registrants (with the confusing, but consistent use of a capital "D" but lower case "r") are part of Plaintiff's RICO or civil conspiracies.

6

Defendant owns or manages. Indeed, the Response admits as much when it states "each Parking Company Defendant, including Ireit, *individually* agreed with Google to share advertising revenues from the sites that Defendant owned." (Response at 93). Nowhere does the Complaint allege that the Parking Company Defendants share revenue derived from any other Defendants' websites, or that Defendants have any agreement whatsoever with one another. Thus, Plaintiffs have alleged no fact that supports such an agreement between the Parking Company Defendants, and this allegation therefore fails the *Twombly* standard and Rule 9(b).

Plaintiffs fail to plead any facts that support any connection whatsoever between Ireit and the alleged Parking Company Defendants, who are Ireit's competitors. In other words, Plaintiffs fail to allege that Ireit performed any act that furthered any conspiracy that harmed Plaintiffs Vulcan, Blitz or Jackson. These Plaintiffs have therefore failed to plead an essential element of a RICO 1962(c) violation against Ireit.

### D. The Court Should Dismiss Plaintiffs' RICO § 1962(d) Claims Pursuant to Both Rule 9(b) and Rule 12(b)(6).

In addition to the reasons set forth in Defendants' consolidated briefing, Plaintiffs Vulcan, Blitz and Jackson's Section 1962(d) claims fail for the same reasons that their Section 1962(c) claim fails. In order to plead a Section 1962(d) claim, a plaintiff must plead that a defendant "knowingly agree[d] to perform services of a kind which facilitate[d] the activities of those who [were] operating the enterprise in an illegal manner." *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000); *United States v. Dote*, 150 F. Supp. 2d 935, 940 (N.D. Ill. 2001). Plaintiffs plead no facts that support (a) any connection whatsoever between Ireit and the other Parking Company Defendants or (b) any agreement by Ireit with respect to the domains that allegedly

7

harmed Plaintiffs Vulcan, Blitz or Jackson. Thus, Plaintiffs failed to plead that Ireit knowingly conspired with any person to harm Plaintiffs Vulcan, Blitz or Jackson.

      **E.    Plaintiffs Vulcan, Blitz and Jackson's Count III Must Be Dismissed Because Plaintiffs Fail to Assert a Cybersquatting Claim Against Ireit.**

Plaintiffs do not address Ireit's contention that Plaintiffs failed to plead any facts whatsoever to support an allegation that Ireit owns any domain name that is "identical or confusingly similar" to a famous name or mark owned by Plaintiff Vulcan, Blitz or Jackson. 15 U.S.C. § 1125(d). Instead, Plaintiffs contend all they are required to do is recite the elements and baldy assert that Ireit owns such a domain, without identifying that domain or providing any factual support whatsoever for their claim. (Response at 10). This "formulaic recitation of the elements" is inadequate under *Twombly*. *Twombly* 127 S. Ct. at 1964-65.

      **F.    Plaintiffs Vulcan, Blitz and Jackson's Counts IV, V, VI, and IX Must Be Dismissed Because Plaintiffs Fail to Allege that Ireit Infringed, Falsely Designated, or Diluted Plaintiffs' Registered Trademark.**

Plaintiffs fail to allege any facts that connect Ireit in any way to any of the websites that Plaintiffs claim harmed Plaintiffs Vulcan, Blitz or Jackson. This failure is fatal to their claims. Plaintiffs' Response fails to address these deficiencies in Counts IV, V, VI, and IX:

- In order to state a claim for Trademark Infringement, Plaintiffs must plead that Ireit used Plaintiffs' marks in commerce. 15 U.S.C. § 1114(1); (Ireit Memorandum at 7). Plaintiffs have pled no facts to support the allegation that Ireit used Plaintiffs Vulcan, Blitz or Jackson's marks in any way.

- In order to state a claim for False Designation of Origin, Plaintiffs must plead that Ireit made a false designation or misleading description of Plaintiff Vulcan, Blitz or Jackson's marks. 15 U.S.C. § 1141; (Ireit Memorandum at 7). Plaintiffs did not plead that Ireit did anything whatsoever with Vulcan, Blitz or Jackson's marks.

8

- In order to plead Trademark Dilution, Plaintiffs must plead that Ireit used Plaintiffs' marks. 15 U.S.C. § 1125(c)(1); (Ireit Memorandum at 8). But Plaintiffs have not adequately alleged that Ireit used Vulcan, Blitz or Jackson's marks.

- The principles of common trademark infringement under Illinois law (Count IX) are essentially the same as under the federal Lanham Act. (Ireit Memorandum at 10-11). Therefore, Plaintiffs' common law trademark claims fail for the same reasons that their federal claims fail.

By failing to respond to these arguments, Plaintiffs concede these points in favor of Ireit. *See Ulatowski v. John Sterling Corp.*, No. 03 C 8847, 2004 WL 1385829 at *7 (N.D. Ill. June 17, 2004) (plaintiff conceded dismissal of claims by failing to respond in an argument in a motion to dismiss); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n. 2 (7th Cir.1996) (plaintiff abandons a claim after failing to respond to arguments on that claim in Defendant's motion for summary judgment).

> **G. Plaintiffs Vulcan, Blitz and Jackson's Claims for Consumer Fraud and Deceptive Trade Practices (Count VII) Must Be Dismissed Because These Plaintiffs Have Not Alleged Any Prohibited Acts by Ireit in Illinois.**

Plaintiffs did not respond to Ireit's arguments that Plaintiffs Vulcan, Blitz and Jackson have failed to plead an Illinois consumer fraud claim against Ireit. Plaintiffs fail to allege (1) that Ireit committed any deceptive act aimed at Plaintiffs Vulcan, Blitz or Jackson, and (2) any jurisdictional nexus between Illinois, their claims, and Ireit. (Ireit Memorandum at 8). By failing to respond to these arguments, Plaintiffs have conceded them.

> **H. Plaintiffs Vulcan, Blitz and Jackson Are Not Entitled To Declaratory Relief Under Count VIII.**

Because Plaintiffs Vulcan, Blitz and Jackson do not have any cognizable claim against Ireit – and thus no "actual controversy" – they are not entitled to declaratory

9

relief. (Ireit Memorandum at 10). Plaintiffs' Response does not rehabilitate any of Plaintiffs' claims, and their claims for declaratory relief should be dismissed.

### I. Plaintiffs Vulcan, Blitz and Jackson's Count IX Should Be Dismissed Because These Plaintiffs Fail to Allege That Ireit Has Contributorily Infringed Plaintiffs' Trademark Rights.

Plaintiffs attempt to defend their contributory infringement claims with the following argument:

> The FAC alleges that the Parking Company Defendants intentionally taste, register, and otherwise assist domain registrants in procuring Deceptive Domains for the express purpose of monetization with Google advertisements; enter into agreements with the domain registrants for licenses and rights to control, monitor, maintain, use and place advertising on their domains, including Deceptive Domains; and cause popups or popunder advertisements on the Deceptive Domains and receive money for each popup or popunder displayed, in furtherance of the Deceptive Domain Scheme. (FAC¶¶148-174).

(Response at 45). Rather than parse the factual allegations in the Complaint, Plaintiffs merely dress up conclusory statements with technical jargon. Plaintiffs fail to allege the essential facts needed to raise Plaintiffs' right to relief beyond a "speculative level," namely *the identity of a third party Ireit assisted to register a specific website that harmed a particular Plaintiff*. Without these very basic allegations, there are simply no facts to support Plaintiffs' conclusory statements, and their contributory infringement claims should be dismissed. *See Twombly* 127 S. Ct. at 1964-65.

### J. Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs fail to Adequately Plead Vicarious Trademark Infringement.

Plaintiffs do not allege that Ireit entered into any agreement or partnership with any third party that harmed Plaintiffs Vulcan, Blitz or Jackson. (Ireit Memorandum at 12). Plaintiffs respond by stating that their Complaint alleges that: "Defendants enter into agreements between each other that share ownership, control, and revenue from the

10

Deceptive Domains." (Response at 49). This statement is wholly conclusory and devoid of factual support. As noted above, Plaintiffs fail to allege that Ireit entered into any agreement to share revenue derived from any websites that Ireit does not own. Plaintiffs' citation to *Government Employees Insurance Co. v. Google, Inc.*, 330 F. Supp. 2d 700 (E.D. Va. 2004), illustrates this point. In *Geico*, the plaintiff's complaint specified the persons who owned the websites (Overture), and the person the owner partnered with (Google). *Id.* at 705. These facts helped to establish Geico's right to relief beyond a speculative level. Here, in contrast, Plaintiffs fail to specify any relevant facts, such as (a) who Ireit supposedly partnered with in order to harm Vulcan, Blitz and/or Jackson, (b) who owned the websites that allegedly harmed these Plaintiffs, or (c) what those websites are.

> **K. Plaintiffs Vulcan, Blitz and Jackson's Count XI Should Be Dismissed Because These Plaintiffs Fail to Adequately Plead an Intentional Interference with Any Current or Prospective Economic Advantage.**

Plaintiffs assert that they identified a class of third persons with whom Ireit has interfered by alluding to "internet users/consumers." (Response at 92). To properly plead intentional interference with prospective economic advantage, a plaintiff must plead facts showing that: (1) plaintiff has a reasonable expectancy of entering into a valid business relationship; (2) defendant knows of plaintiff's expectancy; (3) defendant intentionally interferes in plaintiff's expectancy, preventing it from ripening into a valid business relationship; and (4) plaintiff suffers damages from defendant's interference. *Dynabest Inc. v. Yao*, 760 F.Supp. 704, 712 (N.D. Ill.1991). Plaintiffs fail to allege that Ireit had any knowledge that the websites that allegedly harmed Plaintiffs existed. Similarly, Plaintiffs do not plead any facts to support any contention that Ireit owned or

11

was in any way involved with any website that directed consumers away from Plaintiffs Vulcan, Blitz or Jackson's websites.

### L. Plaintiffs Vulcan, Blitz and Jackson's Count XIII Should be Dismissed Because These Plaintiffs Fail to Plead a Cognizable Unjust Enrichment Claim Against Ireit.

Plaintiffs respond to Ireit's unjust enrichment arguments by asserting that "Class Plaintiffs have clearly and completely laid out a scheme under which Defendants were unjustly enriched." (Response at 92). However, Plaintiffs fail to allege what Ireit has that rightfully belongs to Plaintiffs Vulcan, Blitz or Jackson, how Ireit obtained this unjust enrichment, or how Ireit was enriched. Accordingly, these Plaintiffs' unjust enrichment claims against Ireit should be dismissed.

### M. Plaintiffs Failed to Plead an Actionable Civil Conspiracy Claim.

Plaintiffs concede that the only agreement they allege Ireit is party to is an agreement with Google regarding websites at domains that Ireit owned.[5] (Response at 93). Plaintiffs further concede that they do not allege that Ireit had any agreement with any of the other Parking Company Defendants. *Id.* Plaintiffs claim, however, that all they have to show is that Ireit had an agreement with Google. *Id.* Plaintiffs are wrong. Civil conspiracy is an *intentional* tort. *Foodcom International v. Barry*, 463 F. Supp. 818, 830 (N.D. Ill. 2006); *Adcock v. Brakegate, Ltd.*, 164 Ill. Dec. 636, 645 (1994). Plaintiffs Vulcan, Blitz and Jackson must show that Ireit entered into a conspiracy ***with the intent to harm them***. Plaintiffs' allegation that Ireit and Google made an agreement with respect to the website "fishersnuts.com" may be relevant to the question of whether

---

[5] Plaintiffs erroneously state that Ireit "acknowledged" that "Class Plaintiffs have alleged that each Parking Company Defendant, including Ireit, was involved in a civil conspiracy." (Response at 93). Ireit merely acknowledged that the Complaint alleges that Ireit had an agreement with Google. (Ireit Memorandum at 14). Ireit has, in fact, moved to dismiss all the civil conspiracy claims of all Plaintiffs against Ireit.

12

Plaintiff JBBS has a potential civil conspiracy claim against Ireit, but it has no bearing on whether the other Plaintiffs have civil conspiracy claims against Ireit. Plaintiffs plead no facts whatsoever to support the notion that Ireit (a) entered into any agreement with the Google or any other person with the intent to harm Vulcan, Blitz or Jackson, or (b) had any connection to these Plaintiffs whatsoever. Therefore, Plaintiffs Vulcan, Blitz and Jackson's civil conspiracy claims against Ireit should be dismissed.

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' consolidated briefing, Ireit respectfully requests that the Court: (1) dismiss Plaintiffs Vulcan, Blitz, Jackson and JBBS's Counts I, II, VII, VIII, XII, XIII, and XIV as to Defendant Ireit; and (2) dismiss Plaintiffs Vulcan, Blitz and Jackson's remaining Counts as to Defendant Ireit.

Dated: November 13, 2007

> Respectfully submitted,
>
> PATTISHALL, MCAULIFFE,
>   NEWBURY, HILLIARD &
>   GERALDSON LLP
>
> /s/ Brett A. August_____
>
> Brett A. August (ARDC # 0081345)
> Alexis E. Payne (ARDC # 6270412)
> 311 South Wacker Drive, Suite 5000
> Chicago, Illinois  60606
> (312) 554-8000
>
> VINSON & ELKINS L.L.P.
>
> /s/ Steve R. Borgman_____
> Steve R. Borgman
> Kenneth P. Held
> 1001 Fannin Street, Suite 2500
> Houston, Texas 77002-6760
> (713) 758-2222

Attorneys for Defendant
Internet Reit, Inc.

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a copy of the foregoing Internet Reit, Inc.'s Reply to Plaintiffs' Consolidated Response to Defendants Motions to Dismiss was served via the Court's CE/ECF system on the 13th day of November, 2007.

                                                         /s/ Steve R. Borgman
                                                         Steve R. Borgman