C

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC,<br>Individually And On Behalf Of All<br>Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>v.<br><br>GOOGLE INC ., OVERSEE.NET,<br>SEDO LLC, DOTSTER, INC., AKA<br>REVENUEDIRECT.COM<br>INTERNET REIT, INC. d/b/a IREIT, INC.;<br>and JOHN DOES I-X,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 07 CV 3371<br><br>Judge Kocoras<br><br>Magistrate Judge Brown |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, VULCAN GOLF LLC, hereby requests that Defendant GOOGLE, INC. ("GOOGLE"), answer the following written interrogatories, separately and in writing, under oath, within 30 days after service.

These interrogatories shall be deemed continuing to the time of trial. For each interrogatory or part of each interrogatory that Defendant refuses to answer on the ground of privilege, state the specific nature of the privilege claimed with appropriate citation to the relationship or information claimed to be privileged and the reason for the privilege.

### *Definitions*

The following words and terms shall be afforded the following definitions for purposes of these interrogatories:

1.   **"During the relevant time period,"** as used in these interrogatories, shall mean the period commencing with January 2002 through the present.

2.   **"Document,"** as used in these interrogatories has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 26 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to: any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in you actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or

additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

3.    **"Electronically Stored Information"** ("ESI"), as used in these Interrogatories, shall be afforded the broadest possible meaning, and f includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically, or otherwise stored as:

    a.    Digital communications (e.g., e-mail, voice mail, instant messaging);

    b.    E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);

    c.    Word processed documents (e.g., Word or WordPerfect Files and drafts);

    d.    Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

    e.    Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);

    f.    Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

    g.    Databases (e.g., Access, Oracle, SQL Server data, SAP);

    h.    Contact and Relationship Management Data (e.g., Outlook, ACT!);

    i.    Sound Recordings (e.g., .AVI and .MOV files)

    j.    Presentations (e.g., PowerPoint, Corel Presentations)

    k.    Network Access and Server Activity Logs;

    l.    Video and Animation (e.g., .AVI and .MOV files);

    m.    Calendar and Diary Application Data (e.g., Outlook PST, blog entries);

    n.    Online Access Data (e.g., Temporary Internet Files, History, Cookies);

    o.    Project Management Application Data;

    p.    Computer Aided Design/Drawing Files;

q.    Active Files; and

r.    Backup and Archival Files (e.g., Veritas, Zip, .GHO)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible.

4.    **"Occurrence" or "alleged occurrence,"** as used in these interrogatories, shall mean the facts alleging liability to any of the Defendants named in Plaintiff's Complaint.

5.    **"You," "your" and "yourself"** refer to the party to whom the following interrogatories are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees including persons or entities outside of the United States.

6.    **"Person" and/or "individual"** means any natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

7.    **"Defendant" and/or "Defendants"** means the Defendant to whom these interrogatories are addressed, or when referred to in the plural any or all Defendants named in Plaintiff's Complaint, including their agents, directors, employees, subsidiaries, affiliates, assignees, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees including persons or entities outside of the United States.

8.    **"Identify"** means when used in reference to:

a.    A *document*, to state separately:

1.    Its description (e.g. letter, report, memorandum, etc.);

2.    Its date;

3.    Its subject matter;

4.    Its format (electronic, paper, etc.);

5. Its accessibility, or lack thereof;

6. The identity of each author or signer; and

7. Its present location and the identity of its custodian.

b. **An** *oral* **statement, communication, conference or conversation**, to state separately:

1. Its date and the place where it occurred;

2. Its substance;

3. The identity of each person participating in the communication or conversation;

4. The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

5. Whether there is any recording or electronic storage of the oral statement, communication, conference or conversation, and, if so:

i. The format in which it is stored;

ii. The location in which it is stored;

iii. Its accessibility; and

iv. The identity of its custodian.

c. **A** *natural person or persons,* to state separately:

1. The full name of each such person;

2. His or her present, or last known business address and his or her present or last known residential address; and

3. The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

d. **An** *organization or entity* **other than a natural person** (e.g., a company, corporation, firm, association, or partnership), to state separately:

1. The full name and type of organization or entity;

2.     The date and state of organization or incorporation;

3     The address of each of its principal places of business; and

4.     The nature of the business conducted.

9.     **"Communication"** shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications, electronic and non-electronic communications.

10.     **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

11.     **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

12.     **"Consulted"** or **"contracted"** means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

13.     **"Plaintiff"** means VULCAN GOLF and/or any other individuals who have acted on its behalf.

14.     **"Management"** or **"manage"** includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

15.     **"Any"** shall also mean "all" and vice versa.

16.     **"And"** shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

17.     The **"Class"** shall mean the putative Class Set forth in Plaintiff's Complaint, defined as:

**Any and all individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, agents and Defendants' co-conspirators) domiciled within the United States that own or are a licensee of a "distinctive or valuable mark" that has been infringed, diluted, cybersquatted, typosquatted, and/or otherwise improperly used by one or more of the Defendants, as part of the Illegal Infringement Scheme alleged herein, during the period January 2002 through the present.**

18.     **Address Bar:** as used in these Interrogatories, means the text box used to enter a website address in a web browser. On the web browser Internet Explorer it is identified by the word "Address." The address bar allows Internet users to manually type in and specify the web sites they wish to visit on the Internet. It is also known as the location bar in Netscape.

19.     **Click:** as used in these Interrogatories, means: the action of an Internet user in selecting ("clicking on") displayed Internet advertising.

20.     **Click-Through-Rate (CTR):** as used in these Interrogatories, means: the ratio of the number of clicks a particular advertisement receives on a website to the total number of viewers of that website.

21.     **Click-Through-Revenue:** as used in these Interrogatories, means: revenue generated by Clicks on "pay-per-click/cost-per-click" advertisements.

22.     **Cost-Per-Click Advertising (or "Pay-Per-Click"):** as used in these Interrogatories, means: the electronic online advertising method whereby search engines and automated Internet services, such as Defendant Google, provide online/Internet advertising listings on a per-bid, pay per click, basis. The advertiser only pays when its advertisement link is clicked on by an Internet user. Therefore, under a "cost-per-click/pay-per-click" advertising solution, Defendants only generate revenue when an Internet user actually "clicks" on one or more of the advertising links appearing on a domain.

23.    **Cost-Per-Impression:**  as used in these Interrogatories, means:  the electronic online advertising method whereby search engines and automated Internet services, such as Defendant Google, provide online/Internet advertising listings on a pay per display basis wherein the advertiser pays the search engine each time its advertisement is displayed on one of the search engine's participating websites.

24.    **Country Code TLDs ("ccTLDs"):** as used in these Interrogatories, means: a top level domain identifying domain names for a given country.  Country codes are designated by a two letter code identifying the country.

25.    **Cybersquatting:** as used in these Interrogatories, means: the practice of registering, licensing using, and monetizing domain names – usually based on prominent Distinctive and Valuable Marks or corporate names – before the legitimate holders of same have had an opportunity to register the domain names for themselves and/or registering Deceptive Domains, and then using said domains for commercial profit and gain.

26.    **Deceptive Domains:**  as used in these Interrogatories, means: a parked domain that is used for advertising purposes, and is identical to or confusingly similar to a famous mark.

27.    **Distinctive and Valuable Marks:**  as used in these Interrogatories, means: venerable, valuable, distinctive, famous, registered trademarks, trade names, logos, famous names, and other such distinctive/valuable marks.

28.    **Domain Forwarding:** as used in these Interrogatories, means: redirecting requests to reach one Internet address on the Internet to a different Internet address.

29.    **Domain Kiting:**  as used in these Interrogatories, means: the practice of domain registrants registering a domain name, returning that domain name within five (5) days to the

original domain registrar for a full refund, and then reregistering that same domain name to avoid paying for the registration fee.

30.    **Domain Monetization:**  as used in these Interrogatories, means: the practice of using domain names for commercial gain by generating revenue from the placement of advertisements and marketing on domains.

31.    **Domain Name Parking Aggregator:**  as used in these Interrogatories, means: a domain Parking Company that aggregates numerous domain names from individual domain name registrants and then contracts with Google to license and monetize those domain names.

32.    **Domain Names:**  as used in these Interrogatories, means:  a domain name is made up of two components: a top level domain and a secondary level domain. The top level domain is the suffix of the domain name such as .com, .net. org.  The secondary level domain is the remainder of the address, and can consist of letters, numbers, and some typographical symbols.  Certain symbols, such as ampersands ( & ), cannot be used in a domain name.

33.    **Domain Name System ("DNS"):** as used in these Interrogatories, means: the system used to translate alphanumeric domain names into Internet Protocol numbers.

34.    **Domain Registrars:**  as used in these Interrogatories, means: an organization such as Network Solutions, that has control over the granting of domains within top level domains. Persons that want to own a domain name on the Internet must register a unique domain name with a domain registrar.

35.    **Domain Registration:**  as used in these Interrogatories, means:  the act of registering a domain name.  A domain name can only be registered by one entity and domain names are registered on a first-come first-served basis.

36.    **Domain Tasters:**  as used in these Interrogatories, means: persons involved in the practice of domain tasting.

37.    **Domain Tasting:**  as used in these Interrogatories, means: the practice of domain registrants registering a domain name to assess its profitability by redirecting it through Defendant Google, and returning that domain name within five (5) days to the original domain registrar for a full refund if the domain name proves unprofitable.

38.    **Commerce:**  as used in these Interrogatories, means: commerce that is transacted electronically, such as over the Internet.

39.    **Generic TLDs ("gTLDs"):**  as used in these Interrogatories, means: the top-level domain name of an Internet address that gives it a generic identification associated with a domain class, such as .com (commercial), .net (Internet service providers), .org (non-profit organizations), .gov (government), .mil (military), .edu (educational institutions), and .int (international treaties or databases).

40.    **Google Network:**  as used in these Interrogatories means: (1) the advertisers participating in the Google AdWords Program, (2) the Parking Company Defendants, (3) the third party domain owners and aggregators that participate in Google's AdSense for Domains Network, (4) Google AdSense for Content Partners, and (5) Google AdSense for Search Partners.

41.    **Google Adsense for Domains Program:** as used in these Interrogatories, means the technology, systems, and processes that Google developed, formulated, controls and uses to operate the displaying of Google advertisements on the domain names in Google Adsense for Domains Network.

42.    **Google Adsense for Domains Network**:  as used in these Interrogatories means the millions of domain names using the Google AdSense for Domains Program which Google controls and manages via direct contracts with domain owners such as Defendant Ireit, and contracts with the Parking Company Defendants (who aggregate domain portfolios, and in some cases, also own large portfolios of domain names).

43.    **HyperText Markup Language ("HTML")**:  as used in these Interrogatories means *"Hypertext Markup Language,"* a language used in the creation of web pages which denotes text as headings, paragraphs, lists, describe the appearance and semantics of a document, and can include embedded scripting language code and affect the behavior of web browsers and other HTML processors. Generally, HTML is used herein in its most general sense and refers to the type of markup language used in creating a web page.

44.    **Internet:**  As used in these Interrogatories, means:  The international network of interconnected computers and computer networks.  It is networking infrastructure or medium that connects computers globally.

45.    **Internet Corporation for Assigned Names and Numbers (ICANN):**  as used in these Interrogatories, means: the internationally organized, non-profit corporation responsible for coordinating the management of the technical elements of the Domain Name System to ensure universal resolvability so that all users of the Internet can find all valid addresses.

46.    **Internet Protocol ("IP") numbers:**  as used in these Interrogatories, means: a unique number consisting of four (4) numbers, each between 0 and 255, separated by periods, used to uniquely identify a computer on the Internet.

47.    **Masked Redirection/Framed Forwarding/Stealth:**  as used in these Interrogatories, means: when an Internet user attempts to access a website by typing the domain into a Web

browser, the user will be redirected to a different Web address without authorization or permission and the URL in a Web browser's address bar remains the one that was typed in when the visitor is being redirected. That way, the actual destination address is concealed from the user who only sees the domain name the user typed in.

48.     **Non-Content Advertising:** as used in these Interrogatories, means: an Internet webpage consisting solely of Internet advertising links and lacking any substantive content.

49.     **Normal Domain Redirection:** as used in these Interrogatories, means: when an Internet user attempts to access a website by typing the domain into a Web browser, the user will be redirected to a different Web address without authorization or permission.

50.     **Parked Domains:** as used in these Interrogatories, means: a registered domain which is being redirected and monetized through the Google AdSense for Domains Program and/or the Parking Company Defendants, and is part of the Google AdSense for Domains Network.

51.     **Parking Companies:** as used in these Interrogatories, means: a domain company that aggregates numerous domain names from individual domain name registrants and then contracts with Google to license and monetize those domain names.

52.     **Pay-Per-Click (or Cost-Per-Click):** as used in these Interrogatories, means: the electronic online advertising method whereby search engines and automated Internet services, such as Defendant Google, provide online/Internet advertising listings on a per-bid, pay per click, basis.

53.     **Search Engine:** as used in these Interrogatories, means: a program that searches web pages for specified keywords and returns a list of web pages where the keywords were found.

54.     **Second Level Domains ("SLDs"):** as used in these Interrogatories, means: the portion of the Uniform Resource Locator that identifies the specific and unique administrative owner

associated with an Internet Protocol number. For example, in: www.whatis.com, "whatis" is the second level domain.

55.    **Semantic Technology:** as used in these Interrogatories, means: technology that analyzes text input by a user to assess the probable intent of the user.

56.    **Top Level Domains ("TLDs"):** as used in these Interrogatories, means: the portion of the Uniform Resource Locator that refers to the suffix attached to the domain name. For example, in www.whatis.com, ".com" is the Top Level Domain.

57.    **Trademark Cyberpiracy:** as used in these Interrogatories, means: synonymous with Cybersquatting.

58.    **Typosquatting:** as used in these Interrogatories, means: a form of cybersquatting, aimed at registering domain names similar to prominent trade names, trademarks, or corporate names, in order to capture and lure Internet traffic from misspelled or mistyped trade names, trademarks, or corporate names in the domain.

59.    **Undeveloped Site/Domain:** as used in these Interrogatories means a site that does not contain any content.

60.    **Uniform Resource Locator ("URL"):** as used in these Interrogatories, means: the unique address for a file that is accessible on the Internet. A web site is accessed on the Internet by providing that web site's URL to the Internet browser.

61.    **Web Browser:** as used in these Interrogatories, means: the software that allows a user to locate, view, and access websites on the World Wide Web (Ex: Microsoft Internet Explorer)

62.    **Website ("site"):** as used in these Interrogatories, means: a location on the World Wide Web.

63.    **Web Traffic:** as used in these Interrogatories (used synonymously with Internet traffic) to mean: the flow of data and users around the Internet and web.

64.    **World Wide Web ("Web"):** As used in these Interrogatories, means: a collection of online documents stored on servers around the world, that are connected to the Internet. The web is one of the ways that information is shared over the Internet.

### *INTERROGATORIES*

***INTERROGATORY NO. 1:*** Please state the name, address, phone number, and position of any and all individuals that prepared, compiled, contributed to, or assisted in any way in responding to these interrogatories.

*Identify all documents related to your answer.*

### *ANSWER TO INTERROGATORY NO. 1:*

***INTERROGATORY NO. 2:*** Identify each and every person, individual, and/or entity whom you believe to possess knowledge of any facts or circumstances which refer or relate to any of the allegations in Plaintiff's Complaint.  For each person identified:

    a.    State full name;

    b.    State whether the person is an employee of one or more of the Defendants;

    c.    State the last known address of said person; and

    d.    Describe the knowledge believed to be possessed by said person.

*Identify all documents related to your answer.*

*ANSWER TO INTERROGATORY NO. 2:*

*INTERROGATORY NO. 3:*  During the relevant time, identify each and every domain name owned, licensed, or otherwise controlled by you, or from which you receive any revenue. Include in your response:

      a.     Name of Domain;

      b.     Owner of Record of the Domain;

      c.     Date(s) of ownership, license, use, or revenue earned;

      d.     Type and scope of internet advertising/marketing associated with the Domain;

      e.     Amount and dates of all revenue generated or earned in association with the domain; and

      f.     Whether the Domain has participated in or been associated with any of Defendant Google's Adwords, AdSense or other advertising and marketing programs and/or networks.

*Identify all documents related to your answer.*

*ANSWER TO INTERROGATORY NO. 3:*

*INTERROGATORY NO. 4:* Please identify each and every "deceptive domain", as defined herein, that was or is in your possession, use, under your license, or control during all relevant times herein (January 2002 through the present), and for each state:

      a.     Name of Domain;

      b.     Owner of Record of the Domain;

      c.     Date(s) of ownership, license, use, or revenue earned;

d.    Type and scope of internet advertising/marketing associated with the Domain;

e.    Amount and dates of all revenue generated or earned in association with the domain;

f.    Percentage of content present on said domain;  and

f.    Whether the Domain has participated in or been associated with any of Defendant Google's Adwords, AdSense or other advertising and marketing programs and/or networks.

*Identify all documents related to your answer.*

**ANSWER TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:**  During the relevant time, state for each annual year the amount of revenue you generated from:

a.    "Cost-per-click/Pay-per-click" advertising;

b.    All other internet/online advertising and marketing;

c.    The Google AdSense Program; and

d.    The Google AdWords Program.

*Identify all documents related to your answer.*

**ANSWER TO INTERROGATORY NO. 5:**

**INTERROGATORY NO. 6:** During the relevant time frame, please identify and describe each and every complaint, claim, or report that you have received of a trademark infringement,

dilution, or misuse, including but not limited to those received through your online complaint process. Please include, but do not limit your answer to:

a.    Name of individual or entity making the Complaint;

b.    Name of individual or entity conducting investigation into the complaint;

c.    Date(s)of investigation;

d.    Scope of investigation;

e.    Finding of investigation; and

f.    Action, if any, taken in response to the Complaint.

*Identify all documents related to your answer.*

### *ANSWER TO INTERROGATORY NO. 6:*

### *INTERROGATORY NO. 7:*    Please describe in detail how (what policies, procedures, protocols, monitoring, etc.): (1) domains are screened and evaluated to ensure that they do not infringe or dilute distinctive and valuable marks, (2) you do not engage in cybersquatting/typosquatting, (3) you do not engage in domain kiting, tasting, or improper domain registration.

*Identify all documents related to your answer.*

### *ANSWER TO INTERROGATORY NO. 7:*

***INTERROGATORY NO. 8:***   Identify the date the following programs began and the most knowledgeable people at Defendant:

      a.    AdSense for Domains

      b.    AdSense

      c.    AdWords

*Identify all documents related to your answer.*

***ANSWER TO INTERROGATORY NO. 8:***

***INTERROGATORY NO. 9:***   State each and every complaint, allegation, charge and/or other communication (whether formal or informal) pertaining to deceptive domains, trademark infringement, trademark dilution, domain kiting, domain tasting, hijacking, and/or other deceptive trade practices alleged to have occurred in conjunction with Google AdSense and AdWords programs.  For each state:

      a.    Person(s), Individual(s), and/or entities alleging or asserting complaint, allegation, charge and/or communication;

      b.    Date of complaint, allegation, charge and/or communication;

      c.    Action taken by Defendant in response to complaint, allegation, charge and/or communication; and

      d.    Describe in detail how the matter was addressed, remediated, settled, dismissed and/or otherwise resolved.

*Identify all documents related to your answer.*

***ANSWER TO INTERROGATORY NO. 9:***

***INTERROGATORY NO. 10:***  Please identify all company policies, practices, and procedures, whether written or oral, formal or informal, related to document retention and destruction, preservation of ESI, and litigation holds.  For each:

      a.      Identify the effective dates of the policy, practice, or procedure;

      b.      The location of the policy, practice or procedure;

      c.      The individual(s) responsible for drafting the policy, practice, or procedure;

      d.      The dates the policy, practice, or procedure was revised, modified and updated;

      e.      A copy of any written policy, practice or procedure; and

      f.      A summary of any oral policy, practice or procedure.

*Identify all documents related to your answer.*

***ANSWER TO INTERROGATORY NO. 10:***

***INTERROGATORY NO. 11:***  Please state the following concerning your financial condition and identify any documents evidencing and/or associated with:

      a.      The value of your total net assets and liabilities;

      b.      The amount of your total net income;

      c.      Your gross revenue;

      d.      Your tax returns; and

      e.      Your Market Cap.

*Identify all documents related to your answer.*

***ANSWER TO INTERROGATORY NO. 11:***

**_INTERROGATORY NO. 12:_**  Please describe in detail each and every software program used in conjunction with the Google AdWords, AdSense, Search and Ranking,  and/or other Google Advertising and Marketing Program.  Include, but do not limit your response to,  all software, technology and programming used for filtering, ranking, searching, redirecting, evaluating, etc. For each:

      a.     Identify the name of the programs, and if applicable, the versions used;

      b.     Identify the manufacturer of the programs;

      c.     Identify the dates of use;

      d.     Identify any modifications, alternations, and/or customization of the software by You;

      e.     Identify the individual(s) and/or entities responsible for acquisition, use, quality control, and maintenance of the programs;

      f.     Identify the purpose and scope of use of the program; and

      g.     If use has been discontinued, why it has been discontinued.

_Identify all documents related to your answer._

**_ANSWER TO INTERROGATORY NO. 12:_**

**_INTERROGATORY NO. 13:_**  Please identify all witnesses that you expect to call to testify at any hearing, trial, or other proceeding related to this matter.  Please provide the name, address, and a summary of each witness' knowledge and the subject matter upon which the witness is expected to testify.

_Identify all documents related to your answer._

*ANSWER TO INTERROGATORY NO. 13:*

*INTERROGATORY NO. 14:*  Identify each person whom you expect to call as an expert witness at trial, if any, and as to each potential expert identified include:  the subject matter on which the expert is expected to testify; a complete statement of all opinions to which the expert is expected to testify and be expressed, and the basis, reasons, grounds therefore; the data or other information considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Identify all documents related to your answer.

*ANSWER TO INTERROGATORY NO. 14:*

*INTERROGATORY NO. 15:*    Identify each and every trade association, professional associations, not-for-profit organizations, or other associations that you belong to, or attend meetings of, that at least one or more of the other Defendants also belong to or attend meetings of, and for each state:

  a. Name of association;

  b. Dates of participation;

  c. Other Defendants that are members or participate in association;

    d.  Purpose of association/organization;

    e.  Most knowledgeable individuals regarding your participation in said.

***ANSWER TO INTERROGATORY NO. 15:***

***INTERROGATORY NO. 16:*** Identify each and every document that you intend to introduce at any hearing, trial, or other proceeding related to this matter.

***ANSWER TO INTERROGATORY NO. 16:***

***INTERROGATORY NO. 17:*** Identify each and every joint venture, partnership or contractual arrangement/association (hereinafter collectively referred to as "association"), whether formal or informal, that you have, had, or intend to have with another Defendant. For each, state:

    a.  Nature of association;

    b.  Applicable dates of association ;

    c.  Purpose and Scope of association; and

    d.  Most knowledgeable individuals regarding association.

***ANSWER TO INTERROGATORY NO. 17:***

***INTERROGATORY NO. 18:*** Identify for all relevant times herein (January 2002), your most knowledgeable individuals in the following categories, stating the dates and scope of their knowledge:

    a.  Domain registration, domain kiting, domain tasting, and domain licensing;

    b.  "Pay-per-click/Cost-per-click" advertising;

    c.  AdSense and AdWords programs;

    d.  Online/Internet marketing and advertising;

    e.  Revenue generated from online/internet advertising;

    f.  Policies and procedures that relate in any way to Distinctive and Valuable mark infringement, deceptive domains, cybersquatting, and typosquatting;

    g.  Document retention and preservation policies;

    h.  Software and technology used for each of the above (a-g); and

    i.  Licensing and use agreements for domains.

**ANSWER TO INTERROGATORY NO. 18:**

Respectfully submitted,

Robert Foote, Esq. #03214325
Stephen W. Fung #06289522
FOOTE MEYERS MIELKE & FLOWERS, LLC
28 North First St.
Suite 2
Geneva, IL 60134
630-232-6333

Kathleen C. Chavez, Esq. #6255735
CHAVEZ LAW FIRM, P.C.
28 North First St.
Suite 2
Geneva, IL  60134
630-232-4480

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned attorney, deposes and states that she mailed a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant, GOOGLE, INC. to the undersigned, by hand delivery on August 7, 2007.

Michael H. Page
Joseph Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

Moriah Moran
Jonathan M. Cyrluk
Joseph J. Duffy
Stetler & Duffy, Ltd.
11 S. LaSalle Street, Suite 1200
Chicago, IL  60603



Kathleen C. Chavez, Esq.