# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTYGROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) |
| | ) No. 07 CV 3371 |
| Lead Plaintiffs, | ) ) |
| v. | ) Judge Blanche M. Manning ) |
| | ) Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC. and JOHN DOES I-X, | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' JOINT INITIAL STATUS REPORT

Defendants, by their respective counsel, for their Joint Initial Status Report submitted pursuant to this Court's Order dated December 10, 2007, state as follows:

    **A.    Nature of the Case**

        **1.    Summary of Claims Asserted and Relief Sought in Plaintiffs' Amended Complaint**

The four named Plaintiffs in this putative class action allege that they own various distinctive, valuable and/or famous marks. Plaintiffs further allege that Defendants infringe Plaintiffs' trademarks by registering and/or operating web sites at certain internet domain names. Plaintiffs also allege that Defendants engage in similar trademark-infringing conduct in connection with other trademarks owned by other, unnamed members of the putative class. Plaintiffs allege that "millions of individuals and entities" collectively participate in an orchestrated campaign to infringe the class' trademarks.

Based on these allegations, Plaintiffs assert fourteen claims against Defendants: violation of sections 1962(c) and (d) of the RICO statute (Counts I & II); cybersquatting (Count III); trademark infringement (Count IV); false designation of origin (Count V); dilution (Count VI); claims under Illinois' Consumer Fraud & Deceptive Business Practices Act, Uniform Deceptive Trade Practices Act, and similar statutes of various states (Count VII); declaratory judgment (Count VIII); common law trademark infringement (Count IX), contributory trademark infringement (Count X); vicarious trademark infringement (Count XI); intentional interference with current and prospective economic advantage (Count XII); unjust enrichment (Count XIII); and civil conspiracy (Count XIV). Plaintiffs seek unspecified monetary damages, legal relief, and equitable relief.

Defendants deny any wrongdoing and have filed motions to dismiss that are pending before Judge Blanche Manning. Defendants have not asserted any counterclaims. Defendants contend in their joint and separate motions to dismiss the Amended Complaint that Plaintiffs' factual allegations are not properly asserted against Defendants and fail to meet the relevant legal standards, providing pure questions of law for the court to resolve prior to the commencement of discovery. As the motions to dismiss are pending, discovery has been stayed; and Judge Manning has not yet set a ruling date on the motions.

## 2. Status of Case and Scope of Referral

Plaintiff Vulcan Golf LLC filed its Complaint on June 15, 2007, and in August 2007, Defendants filed separate motions to dismiss. Thereafter on August 21, 2007, Judge Charles Kocoras granted Plaintiffs leave to amend the Complaint, denied without prejudice Defendants' pending motions to dismiss, stayed all discovery until resolution of motions to dismiss, and recommended reassigning the case. The same day, the case was reassigned to Judge Manning.

 On September 18, 2007, Plaintiffs filed the Amended Complaint. Judge Manning held a status conference on September 20, 2007, and continued the stay of discovery. On October 18, 2007, Defendants filed their Consolidated Motion To Dismiss and memorandum in support, as well as individual motions to dismiss and supporting briefs. On November 20, 2007, Judge Manning reset the status hearing from November 29, 2007, to December 6, 2007, and on December 5, 2007, reset it to February 5, 2007. On December 7, 2007, the case was assigned to Magistrate Judge Geraldine Soat Brown for discovery supervision, settlement conference and all

nondispositive pretrial motions. On December 10, 2007, Judge Brown set an initial status hearing for January 7, 2008, and ordered that the parties deliver a copy of an Initial Status Report before the initial status hearing.

At this point in time, the parties have not consented to a jury trial before a magistrate judge and have not entertained any substantive settlement negotiations.

### B. Discovery

In light of the ordered stay of discovery, there has been no discovery other than initial disclosures. Plaintiffs did, however, propound extensive production requests, interrogatories and Rule 30(b)(6) deposition demands upon all Defendants, in conjunction with their original Complaint. *See* July 3, 2007 letter from Plaintiffs' counsel (similar letters were sent to all defense counsel) and Plaintiffs' propounded discovery, attached collectively hereto as Exhibit A. Defendants believe those discovery requests are overbroad and will require motion practice to limit their scope. Defendants believe the Court should keep in place its stay on all discovery until the Court rules on the pending motions to dismiss, and believe that thereafter only very limited discovery will be required if there are disputed issues related to class certification. If a class is certified, Defendants plan to propound production requests, interrogatories and Rule 30(b)(6) deposition notices.

Dated: January 2, 2008

Respectfully submitted,

| /s/ Brett August<br>One of the Attorneys for ***Internet Reit, Inc.***<br><br>Brett August<br>Bradley Cohn<br>Alexis Payne<br>Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP<br>311 South Wacker Drive, Suite 5000<br>Chicago, Illinois 60613<br><br>Steve Borgman<br>Kenneth P. Held<br>Vinson & Elkins LLP<br>First City Tower<br>1001 Fannin Street, Suite 2300<br>Houston, Texas 77002-6760 | /s/ Ronald Y. Rothstein<br>One of the Attorneys for ***Oversee.net***<br><br>Ronald Y. Rothstein<br>Janelle M. Carter<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br><br>Andrew P. Bridges<br>Winston & Strawn LLP<br>101 California Street, Suite 3900<br>San Francisco, California 94111<br><br>Steven D. Atlee<br>Winston & Strawn LLP<br>333 South Grand Avenue, 38th Floor |

| | |
|---|---|
| /s/ Mariah E. Moran<br>One of the Attorneys for **Google, Inc.**<br><br>Joseph J. Duffy<br>Jonathan M. Cyrluk<br>Mariah E. Moran<br>Stetler & Duffy, Ltd.<br>11 South LaSalle Street, Suite 1200<br>Chicago, Illinois 60603<br><br>Michael H. Page<br>Joseph Gratz<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, California 94111-1704<br><br>Aaron Daniel Van Oort<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br><br>/s/ Jeffrey Singer<br>One of the Attorneys for **Sedo, LLC**<br><br>Jeffrey Singer<br>Misty R. Martin<br>Segal McCambridge Singer & Mahoney<br>Sears Tower<br>233 South Wacker Drive, Suite 5500<br>Chicago, Illinois 60606 | Los Angeles, California 90071<br><br>/s/ Michael Dockterman<br>One of the Attorneys for **Dotster, Inc.**<br><br>Michael Dockterman<br>Alison C. Conlon<br>Wildman, Harrold, Allen & Dixon LLP<br>225 West Wacker Drive, Suite 2800<br>Chicago, Illinois 60606-1229<br><br>Vincent V. Carissimi<br>Robert L. Hickok<br>Joanna J. Cline<br>Pepper Hamilton LLP<br>3000 Two Logan Square, 18th & Arch Streets<br>Philadelphia, Pennsylvania 19103-2799 |