## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § | Civil Action No. 07 CV 3371 |
| Class Plaintiffs, | § | |
| v. | § § | Honorable Blanche M. Manning |
| | § | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, | § § § § § § § | |
| Defendants. | § | |

## CLASS PLAINTIFFS' INITIAL STATUS REPORT

1.    Class Plaintiffs seek redress for injuries suffered as a direct result of Defendants' illegal internet-based racketeering scheme that generates revenue from the unauthorized use and taking of Class Plaintiffs' (and the class members') property and business assets.

2.    Class Plaintiffs' detailed First Amended Complaint ("FAC") sets forth the structure and shocking scope of the "Deceptive Domain Scheme" that involves Defendants' use of sophisticated and proprietary technology/software to capture, use, take, and otherwise profit (generate and transact in revenue) from Class Plaintiffs' and the class members' property.

3.    The scheme involves Defendants' use of domain names that are the same or confusingly similar to Class Plaintiffs' and the Class member's Distinctive and Valuable Marks. Defendants use semantics software programs to understand the "meaning" of Class Plaintiffs'

1

Dockets.Justia.com

and Class members' Distinctive and Valuable Marks, and what goods and services are associated

with those marks, to effectively maximize advertising revenue derived from advertisements that

Defendants' associate with the Deceptive Domains.  For example, Defendants generate revenue

from the following names without the consent or permission of Class Plaintiffs:

> VulconGolf.com
>
> fishersnuts.com
>
> BlitzRealty.com
>
> nobojackson.com

Each of the above domain names resolved to "parked" sites that contained no content other than

revenue-generating advertisements under the control of Defendant Google.

4.    All Defendants engage in this scheme knowingly and on an ongoing basis for the

purpose of generating and transacting in revenue that could only be derived from the unlawful

scheme.

5.    Class Plaintiffs have asserted the following claims against all Defendants:  (1)

RICO violations under 18 U.S.C. § 1962(c); (2) RICO violations under 18 U.S.C. § 1962(d); (3)

Cybersquatting under 15 U.S.C. § 1125(d); (4) Trademark Infringement under 15 U.S.C. §

1114(1); (5) False Designation of Origin under 15 U.S.C. § 1125(a); (6) Dilution under 15

U.S.C. § 1125(c); (7) Violations of the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/2, and the Illinois Uniform Deceptive Trade Practices Act, 815

ILCS 510/2, and the similar or identical state statutes of the various states; (8) Declaratory

Judgment on Behalf of Class; (9) Common Law Trademark Violations; (10) Contributory

Trademark Infringement; (11) Vicarious Trademark Infringement; (12) Intentional Interference

with Current and Prospective Economic Advantage; (13) Unjust Enrichment; and (14) Civil Conspiracy.

6.    Class Plaintiffs ask for the following relief:  (1) the certification of a class and the appointment of Class Plaintiffs as Class Representative for the Class; (2) the transfer of Deceptive Domain to the rightful owner of the Distinctive and Valuable Marks; (3) the permanent enjoining of Defendants from all illegal activities alleged in the First Amended Complaint; (4) corrective advertising to correct consumer confusion, misperceptions or dilution resulting from Defendants' unlawful acts; (5) disgorging of Defendants' illegal profits; (6) payment of damages, punitive damages and/or treble damages; (7) payment of statutory damages under 15 U.S.C. § 1117(d); and (8) reasonable attorney fees, prejudgment interest, and costs.

7.    A computation of damages is not available at this time, as the necessary information is in the possession of the Defendants.  Furthermore, damages to the Class Plaintiffs and the Class continue to accrue.

8.    This matter has been referred to Magistrate Judge Geraldine Soat Brown, pursuant to the order of the Executive Committee on December 7, 2007, Docket Entry No. 116, for discovery supervision, settlement conference, and all nondispositive pretrial motions.

9.    There are currently no nondispositive motions, or other briefed matters pending that have been referred to Magistrate Judge Geraldine Soat Brown.

10.    On November 5, 2007 the parties exchanged their initial Rule 26(a)(1) disclosures.  Defendants failed to comply in good faith with Rule 26.  Class Plaintiffs have filed a Motion to Compel Rule 26 disclosures contemporaneous with this report.

11.    No discovery has taken place at this time, and no dates or deadlines governing discovery have been set.

12.    Class Plaintiffs anticipate the need for substantial discovery.   The necessary discovery will necessarily include, but is not limited to:   30(b)(6) depositions; 30(b)(5) depositions; depositions of Class Plaintiffs; interrogatories; production of documents and data; requests for admission; expert witness reports; and expert witness depositions.   Class Plaintiffs respectfully request bifurcated discovery as set forth in the proposed Rule 16 Scheduling Order. *See attached Rule 16 Scheduling Order.*

13.    At the August 2007 Rule 26 Conference, Class Plaintiffs proposed and presented an "Agreed" Production Protocol, and sought the cooperation of Defendants in coordinating an acceptable set of protocols based on the volume and type (largely electronic) of data that would likely be produced in this litigation.  Defendants have summarily rejected any agreed protocol. Further, as is evidenced by Defendants' utterly inadequate Rule 26 disclosures, Defendants will not cooperate in good faith without a Court Order.  Therefore, Class Plaintiffs request that this Court enter and approve the attached "Production Protocol Order" to efficiently guide and promote good discovery practices in this matter, and alleviate the need for Court intervention on non-substantive discovery issues.  *See attached Production Protocol Order*   The "Production Protocol Order" should govern both Phase I and Phase II Discovery in this matter.

14.    Class Plaintiffs respectfully do not consent to a trial before a magistrate judge.

15.    On or about August 3, 2007, Class Plaintiffs sent a settlement demand to each of the Defendants.  Defendants have refused to discuss any possible settlement, and as a result there are no settlement negotiations ongoing at this time.

FOOTE, MEYERS, MIELKE & FLOWERS, LLC

By:  /s/ Robert M. Foote_____
         One of Their Attorneys

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | |
| | § | Civil Action No. 07 CV 3371 |
| ClassPlaintiffs, | § § | |
| | § | Honorable Blanche M. Manning |
| v. | § | |
| | § | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, | § § § § § § § § | |
| Defendants. | § | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 2, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Brett A. August
baugust@pattishall.com

Michael H. Page
mhp@kvn.com

Mariah Moran
mmoran@stetlerandduffy.com
edocket@stetlerandduffy.com

Janelle M. Carter

Kenneth P. Held
kheld@velaw.com

Steven Borgman
sborgman@velaw.com
jwarren@velaw.com
steveborgman@gmail.com
yshumaker@velaw.com

Bradley L. Cohn

jcarter@winston.com
ECF_CH@winston.com

bcohn@pattishall.com

Alison Conlon
conlon@wildmanharrold.com
ecf-filings@wildmanharrold.com
hardt@wildmanharrold.com

Jonathan M. Cyrluk
cyrluk@stetlerandduffy.com
edocket@stetlerandduffy.com

Joseph Gratz
jgratz@kvn.com

Misty Martin
mmartin@smsm.com

Alexis Payne
aep@pattishall.com

Ronald Rothstein
rrothsstein@winston.com
ECF_CH@winston.com
mconroy@winston.com

Jeffrey Singer
jsinger@smsm.com

Scott R. Wiehle
swiehle@velaw.com

Anastasios Foukas
afoukas@smsm.com

Michael R. Dockterman
dockterman@wildmanharrold.com
ecf-filings@wildmanharrold.com
eckertm@wildmanharrold.com

Joseph Duffy
jduffy@stetlerandduffy.com
bdorgan@stetlerandduffy.com
edocket@stetlerandduffy.com

William J. Harte
wharte@williamharteltd.com
mccarey@williamharteltd.com

Dana Marie Pesha
dpesha@williamharteltd.com
mccarey@williamharteltd.com

Scott Ryan Wiehle
swiehle@velaw.com

Aaron Van Oort
mavanoort@faegre.com

I certify that I have served the foregoing document by emailing a copy to the following individuals:

Steven Atlee
SAtlee@winston.com

Vincent V. Carissimi
carissimiv@pepperlaw.com

Joanna J. Cline
clinej@pepperlaw.com

Robert J. Hickok
hickokr@pepperlaw.com

/s/ Robert M. Foote