# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | Civil Action No. 07 CV 3371 |
| Lead Plaintiffs, | § § § | Honorable Blanche M. Manning |
| v. | § § | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, | § § § § § § § § | |
| Defendants. | § | |

**RULE 16 SCHEDULING ORDER**

This Court hereby enters the following Rule 16 Scheduling Order:

**I.   DISCOVERY**

Discovery in this matter will be bifurcated as follows:

**1.   Phase 1:**   Initial Discovery relevant to Class Certification and the Motion for

Preliminary Injunctive Relief, which will be subject to the following dates:

| | |
|---|---|
| Parties to Propound Phase 1 Discovery | January 21, 2008 |
| Motion the Court to determine any unresolved Objections to Propounded Phase 1 Discovery | January 30, 2008 |
| Responses to Written Phase 1 Discovery | February 18, 2008 |
| Phase 1 Fact Discovery Closed | March 28, 2008 |

1

| | |
|---|---|
| Expert Disclosure of Preliminary Injunction/Class Certification Experts by Class plaintiffs | April 4, 2008 |
| Defendant Disclosure of Rebuttal Experts for Preliminary Injunction/Class Certification | April 11, 2008 |
| Class Plaintiff Disclosure of Rebuttal Experts for Preliminary Injunction/Class Certification | April 18, 2008 |
| All Expert Witness Depositions Completed | May 2, 2008 |

**A.     Scope of Phase 1 Discovery:**

Phase 1 Discovery shall consist of the following:

a. Class Plaintiffs entitled to four (4) 30(b)(6) Depositions of from each Defendant;

b. Class Plaintiffs entitled to six (6) 30(b)(5) Depositions from each Defendant;

c. Defendants are collectively entitled to the Deposition of each Class Plaintiff, then are additionally each entitled to six (6) 30(b)(5) or 30(b)(6) Depositions;

d. Written Discovery relevant to the issues raised in the Motion for Preliminary Injunction and Class Certification; and

e. Both parties entitled to submit and present Expert Witnesses and Reports relevant to the Motion for Preliminary Injunction and Class Certification.

**B.     General Terms of Phase 1 Discovery:**

a.    **Depositions:**  To be limited to eight (8) total hours per deponent, allocated with seven (7) hours for the noticing party and one (1) hour to be divided by all other parties.

i.    Class Plaintiffs shall only be presented one time in this litigation, and deposition time shall be limited to a total of eight (8) hours, with all Defendants dividing seven (7) hours and one (1) hour allocated to Class Plaintiffs;

ii.    If Defendants designate multiple 30(b)(6) witnesses on the same topic, then Defendant shall provide Class Plaintiffs, in writing, a detailed statement of the scope and differentiation of knowledge between the two witnesses.  Class Plaintiffs can either object to the presentation of multiple witnesses on said topic, or can divide the seven (7) hours among the multiple witnesses, at their discretion; and

iii.    Depositions shall be taken at a location designated by the noticing party within fifty (50) miles of the residence or place of business of the deponent, or as otherwise agreed to by the Parties.

2.    **Phase 2:**  Merits Discovery to be commenced and scheduled by further order of the Court.

3.    **Production Protocols**:  All production shall be made in a timely and compliant manner.  Contemporaneous with the entry of this Order, the Court enters, and incorporates herein, the attached "Production Protocol Order" governing production in this matter.   The "Production Protocol Order" shall govern both Phase I and Phase II Discovery in this matter.

## II.     RULE 26 DISCLOSURES

Defendants are ordered to file supplemental Rule 26(a)(1) Disclosures on or before January 21, 2008, and are further ordered to comply in good faith with the requirements of Rule 26, making all reasonable attempts to provide complete and accurate disclosures.

## III.     PROTECTIVE ORDER

The Parties have until January 14, 2008 to submit an Agreed Proposed Protective Order, or in the alternative submit appropriate motions to the Court.

## IV.     BRIEFING SCHEDULE AND OTHER SCHEDULING

| | |
|---|---|
| Class Plaintiffs' Brief in Support of Class Certification and any additional affidavits, evidence, and briefing in support of Motion for Preliminary Injunction | May 16, 2008 |
| Defendants Brief in Response to Motion for Class Certification and Response to Motion for Preliminary Injunctive Relief | May 30, 2008 |
| Class Plaintiffs' Reply to Defendants' Responses to Motions for Class Certification and Preliminary Injunctive Relief | June 13, 2008 |
| Further Hearing Dates/Status Dates | To Be Set By Court |

_____

**Judge**
United States District Judge Manning

Dated: _____

4

Attorneys for Plaintiff:                          Attorneys for Defendant:

Robert M. Foote                                   Michael H. Page
Stephen W. Fung                                   Joseph Gratz
Foote, Meyers, Mielke & Flowers, LLC              Keker & Van Nest LLP
28 North First St., Suite 2                       710 Sansome Street
Geneva, IL  60134                                 San Francisco, CA  94111
(630) 232-6333                                    415-391-5400
(630) 845-8982 - facsimile                        415-397-7188 – facsimile

                                                  Moriah Moran
                                                  Jonathan M. Cyrluk
                                                  Joseph J. Duffy
                                                  Stetler & Duffy, Ltd.
                                                  11 S. LaSalle Street, Suite 1200
                                                  Chicago, IL  60603

                                                  *Attorneys for Google, Inc.*

Kathleen C. Chavez                                Kenneth P. Held
Chavez Law Firm, P.C.                             Steven Borgman
28 North First St., Suite 2                       Vinson & Elkins LLP
Geneva, Il  60134                                 First City Tower
(630) 232-4600                                    1001 Fannin Street
(630) 845-8982 – facsimile                        Suite 2500
                                                  Houston, Texas 77002-6760
                                                  Phone: (713) 758-4353
                                                  Fax:    (713) 615-5219

                                                  Brett A. August
                                                  Bradley L. Cohn
                                                  Alexis A. Payne
                                                  Pattishall, McAuliffe, Newbury, Hilliard &
                                                  Geraldson LLP
                                                  311 South Wacker Drive, Suite 5000
                                                  Chicago, IL  60606
                                                  (312) 554-7962

                                                  *Attorneys for Internet REIT, Inc.*

5

Jeffrey Singer
Misty Martin
Segal McCambridge Singer & Mahoney, Ltd.
One IBM Plaza, Suite 200,
330 North Wabash
Chicago, Illinois 60611
312-645-7800
312-645-7711 – facsimile

*Attorneys for Sedo LLC*


Michael Dockterman
Alison C. Conlon
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606
312-201-2652

*Attorneys for Dotster, Inc.*


Steven Atlee
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, California  90071-1543
(213) 615-1700
(213) 615-1750 – facsimile

*Attorneys for Oversee.Net*

6

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| VULCAN GOLF, LLC, | § | |
| JOHN B. SANFILIPPO & SONS, INC., | § | |
| BLITZ REALTY GROUP, INC., and | § | |
| VINCENT E. "BO" JACKSON, | § | |
| Individually And On Behalf Of All | § | |
| Others Similarly Situated, | § | Civil Action No. 07 CV 3371 |
|  | § | |
| Lead Plaintiff, | § | |
|  | § | Honorable Blanche M. Manning |
| v. | § | |
|  | § | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, | § | |
| SEDO LLC, DOTSTER, INC., AKA | § | |
| REVENUEDIRECT.COM | § | |
| INTERNET REIT, INC. d/b/a IREIT, INC.; | § | |
| and JOHN DOES I-X, | § | |
|  | § | |
|  | § | |
| Defendants. | § | |

## PRODUCTION PROTOCOL ORDER

This Court hereby enters the following Production Protocol ("Order"):

1.     This Order shall govern the production, handling, and use of documents, data, information and/or electronically stored information, produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony.

2.     This Order shall apply to the parties in this lawsuit, to all attorneys of record in this action, and to others who produce, obtain, or are given access to confidential information pursuant to this Order.

3.     For purposes of this Order, the following terms shall have the following meaning:

a.    **"During the relevant time period,"** shall mean the period commencing with January 2002 through the present.

b.    **"Document,"** has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 26 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to:  any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in your actual or constructive possession, custody, or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.  If a document has been prepared in several copies, or additional copies have been made,

2

or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy should be treated as a separate document.

   c. **"Electronically Stored Information"** ("ESI") shall be afforded the broadest possible meaning, and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically, or otherwise stored as:

    i. Digital communications (e.g., e-mail, voice mail, instant messaging);

    ii. E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);

    iii. Word processed documents (e.g., Word or WordPerfect Files and drafts);

    iv. Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

    v. Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);

    vi. Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

    vii. Databases (e.g., Access, Oracle, SQL Server data, SAP);

    viii. Contact and Relationship Management Data (e.g., Outlook, ACT!);

    ix. Sound Recordings (e.g., .MP3 and .WAV files);

    x. Presentations (e.g., PowerPoint, Corel Presentations);

    xi. Network Access and Server Activity Logs;

    xii. Video and Animation (e.g., .AVI and .MOV files);

    xiii. Calendar and Diary Application Data (e.g., Outlook PST, blog

3

entries);

xiv.    Online Access Data (e.g., Temporary Internet Files, History, Cookies);

xv.    Project Management Application Data;

xvi.    Computer Aided Design/Drawing Files;

xvii.    Active Files; and

xviii.    Backup and Archival Files (e.g., Veritas, Zip, .GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible.

4.    Pursuant to applicable federal rules, a responding party is required, in responding to a request, to obtain and furnish all information available to it, any of its representatives, employees, agents, brokers, servants, or attorneys, and to obtain and furnish all information that is in its possession or under its control, or in the possession or under the control of any of its representatives, employees, agents, servants or attorneys.

5.    Each request which seeks information relating in any way to communications, to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

6.    Each request should be responded to separately.  However, a document which is a response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response, by its designated mark or index identifier.

7.    All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.    Where required by a particular Request, documents produced shall be further segregated and identified as indicated in that Request.

8.    For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

9.    If a party objects to part of any request, the objecting party must furnish documents responsive to the remainder of the request.

10.    Each request refers to all documents that are either known by a party to exist or that can be located or discovered by reasonably diligent efforts by the responding party.

11.    The documents produced in response to any request shall include all attachments and enclosures.

12.    The documents requested for production include those in the possession, custody, or control of the responding party, its agents, representatives, or attorneys.

13.    All documents, data, information and/or ESI, for which a responding party makes a claim to a privilege or statutory authority as a ground for non-production, shall be listed chronologically as follows:

      a.    The place, date and manner of recording or otherwise preparing the document;

      b.    The name and title of the sender;

      c.    The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

      d.    The identity and title with the responding party, if any, or the person or

5

persons supplying responding party's attorneys with the information requested above;

e.    The identity of each person to whom the contents of the document have summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

f.    Type of document;

g.    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

h.    Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production, including the identity of the holder of the privilege.

14.    Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed.

15.    Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

16.    All documents shall be produced notwithstanding the fact that portions thereof may contain information not requested.

17.    If any documents have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

6

18.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

19.    With respect to any document requested which was once in responding party's possession, custody or control, but is no longer, please indicate the date the document ceased to be in the said party's possession, custody or control, the manner in which it is ceased, and the name and address of its present custodian.

20.    Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired during all relevant times herein up to the present.

**<u>Additional Production Protocol-ESI</u>**

21.    Each individual piece of computer media produced must be clearly labeled with a unique media control or Bates number which is indelibly written on, or affixed to, both the media itself and any enclosure or case produced with the media.  This label or marking will be affixed in a place and manner which does not obliterate any labeling on the original media, and which does not interfere with the ability to examine or use the media.

22.    Electronic records and computerized information must be produced in an intelligible format or together with a technical description of the system from which they were derived sufficient to permit rendering the records and information intelligible.  This description shall include, but not be limited to:

      a.    Except where redaction is required by law or privilege, any record, document or data item which was created on a computer or

computer system must be produced on computer media in the original unredacted form in which it was created and/or maintained. For all such media produced, external labels on the media shall contain a unique tracking number which can be used to associate the media with appropriate identification for the computer(s) from which the copies of computer files were made, and the full names of the individuals or business units who used the computer so identified. A record shall also be maintained and produced which shows how the information on the media was copied, and whether or not it is a complete and forensically accurate copy of the original.

b.    For any electronic records, documents or data items produced, the producing party shall verify that it has modified its document retention policies in a manner that will ensure retention of the original records, documents and data items. These document retention policies shall include, without limitation, policies which automatically delete electronic mail or remove unused files, policies which permit overwriting of computer media for system backup functions, and similar policies.

23.    Should the responding party seek to redact any document based on some limitation of discovery (including but not limited to a claim of privilege), the responding party shall supply a list of the documents for which such a limitation of discovery is claimed, indicating:

8

     a.     The claimed grounds for the redaction;

     b.     The nature of the redacted material (e.g., "trade secret"); and

     c.     A description of the exact process used for redaction.

24.     Should the responding party seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a list of the documents for which such limitation of discovery is claimed, indicating:

     a.     The identity of each document's author, writer, sender;

     b.     The identity of each document's addressee, or person for whom it was intended;

     c.     The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

     d.     The general subject matter as described on each document, or if no such description appears, then some other description sufficient to identify the document; and

     e.     The claimed grounds for the limitation of discovery (e.g., "attorney-client privilege").

25.     All ESI must be produced in either:

     a.     "native format" with all metadata, or

     b.     Another format that retains all metadata and is searchable.

If neither of the above is available, the Parties are ordered to "meet and confer" to attempt to agree upon a suitable form that is reasonably usable and includes all metadata.

26.    All computer media must be properly packaged to ensure safe shipping and handling.  If any piece of media produced is known to have any physical defect, electronic defect, damaged data, or is infected with any virus or other harmful software of any kind, it should be clearly labeled so that appropriate care can be taken during its examination.

27.    All computer media which can be write protected should be write protected before production.

28.    All copies of computer files for production will be created in such a way as to preserve the original directory structure and any information about the files that is created and maintained by the operating system and the software used to create and maintain the information. This will include, but is not limited to, dates, times, authorship, and transmittal information.

29.    Electronic records and computerized information must be produced with sufficient information to permit identification of the responding agent and business unit responsible for the production.  This information shall include, but not be limited to:

> a.    The name of the corporation of entity that is producing the information, along with information such as country, city, site, and department sufficient to uniquely identify the producing agent;
>
> b.    The name or identity of the specific server or computer system from which the backup was produced or information copied;
>
> c.    The name or identity of the specific server or computer system upon which the information was originally created, and the name of the individual who created and/or maintained the information; and

    d.    The name or identity of the specific server or computer system upon which the information was maintained during the course of normal business, if different from the system where it was created.

30.    Production can be accomplished by mailing the documents within the rule time, or another time frame agreed to by the Parties, to the address of the attorney of record as per below:

    TO    CLASS PLAINTIFF:

Robert M. Foote, Esq.
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, Suite 2
Geneva, Illinois 60134.

    TO    DEFENDANT GOOGLE, INC.:

Michael H. Page
Joseph Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

    TO    DEFENDANT INTERNET REIT, INC.:

Kenneth P. Held
Vinson & Elkins LLP
First City Tower
1001 Fannin Street
Suite 2500
Houston, Texas 77002-6760

    TO    DEFENDANT DOTSTER, INC.:

Michael Dockterman
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606

11

TO      DEFENDANT SEDO LLC:

Jeffrey Singer
Segal McCambridge Singer & Mahoney, Ltd.
One IBM Plaza, Suite 200,
330 North Wabash
Chicago, Illinois 60611

TO      DEFENDANT OVERSEE.NET:

Steven Atlee
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, California  90071-1543

31.    Any party may apply to the Court, on reasonable notice to all counsel of record,

for relief from or modification of any provision of this Order.

Dated:_____    Entered:_____

                                      Judge Manning