# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) Case No. 07 CV 3371 ) ) Hon. Blanche M. Manning ) |
| Lead Plaintiffs, | ) Magistrate Judge Geraldine Soat Brown ) |
| v. | ) ) |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a/ IREIT, INC.; and JOHN DOES 1-X, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## GOOGLE INC.'S RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Google Inc. makes the following disclosures. Google reserves the right, pursuant to Federal Rule of Civil Procedure 26(e), to supplement these disclosures.

## INTRODUCTORY STATEMENT

The following disclosures are made based on the information reasonably available to Google as of the date hereof. By making these disclosures, Google does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does Google waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid ground for objection. Rather, Google's disclosures represent a good-faith effort to identify the information required under Rule 26(a)(1).

1

Persons who are not now officers, directors, or managing agents of Google may have information relevant to this lawsuit. Google does not purport in these disclosures to make disclosures on behalf of, or based on the information available to, any such person.

Finally, Google makes these disclosures without in any way waiving:

1.      The right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use, in whole or in part for any purpose, of any information disclosed herein in any subsequent proceeding in this action or any other action;

2.      The right to object on any and all grounds at any time to any other discovery request or proceeding involving or relating to the subject matter of these disclosures, including without limitation, objections on the basis of any privilege, the work product doctrine, relevancy, or undue burden;

3.      The right to object to the production of any document or tangible thing disclosed in these disclosures on the basis of a privilege or other valid objection; and

4.  The right to object to the production of any document or tangible thing disclosed in these disclosures on the basis on confidentiality, absent an appropriate protective order.

All of the disclosures set forth below are made subject to the above objections and qualifications.

## I.      Rule 26(a)(1)(A):  Witnesses

For many of the subjects listed below, there may be numerous persons who have some knowledge of discoverable information.  Google has identified those persons that it may use to support its claims or defenses that it presently believes are most knowledgeable about the listed subjects, but Google reserves its right to supplement these disclosures as discovery progresses.

Google employees or former employees, including those identified below, may be contacted only through Google counsel.

The following individuals may have discoverable information that Google may use to support its claims or defenses. These individuals may be contacted through Google's counsel.

| NAME | TITLE/SUBJECTS |
|---|---|
| Hal Bailey | Relationships with AdSense For Domains (AFD) contractual partners. |
| Eric Davis | Policies regarding AFD product. |
| Loren Donelson | Product Manager for AFD product. |
| Eytan Elbaz | Development of the AFD product. Sales of AFD product. |
| Katherine Fowler | Trademark complaint review process. |
| Rose Hagan | Trademark policy and procedures for AFD product. |
| Bill Lloyd | Trademark complaint review process. |
| Christopher Mah | Customer relations for AFD product. |
| Emel Mutlu | Associate Product Marketing Manager; AFD marketing to advertisers. |
| Kevan Newton | Product manager and engineer for AFD. |
| Hunter Walk | Former AFD Product Manager. |
| Troy Walker | Software engineer for AFD. |

In addition, current or former employees of Vulcan, John B. Sanfilippo & Son, Inc., Blitz Realty Group, Inc., and Vincent E. "Bo" Jackson are likely to have discoverable information that Defendants may use to support their claims or defenses.

In addition to the above-identified persons, Google identifies all persons identified in Plaintiffs' and the other Defendants' initial disclosures pursuant to Rule 26(a)(1).

3

These disclosures do not include any expert witnesses who will be identified pursuant to Rule 26 and the Court's Scheduling Order.

## II.    Rule 26(a)(1)(B):  Documents

Google identifies the following documents that are in Google's custody, possession, and control, and that at this time, Google reasonably believes it may use to support its defenses:

1.   Google's trademark complaint procedures for its AdSense For Domains service.

2.   Files documenting trademark complaints that Google received in connection with its AdSense for Domains service and Google's responses to those complaints.

3.   Google's contracts with the other Defendants that display advertising provided by the AdSense for Domains service.

4.   Google's policies that it provides to companies that display advertising provided by the AdSense for Domains service.

5.   Records showing the traffic and advertising revenue derived from the domain names identified in the complaint.

6.   All documents concerning advertising related to the plaintiffs.

7.   Documents sufficient to show how the AdSense For Domains service operates.

## III.    Rule 26(a)(1)(C):  Damages

This category of disclosure is not presently applicable to Google.

## III.    Rule 26(a)(1)(D):  Insurance Agreements

Google is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

4

Dated: November 5, 2007

Respectfully submitted.

GOOGLE, INC.

By: _____
One of Its Attorneys

Michael H. Page
Joseph Gratz
Keker & Van Nest, LLP
San Francisco, CA 94111
(415) 391-5400
*Lead Counsel*
*Admitted Pro Hac Vice*

Aaron D. Van Oort
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200

## CERTIFICATE OF SERVICE

I, Mariah E. Moran, an attorney, certify that I caused a copy of *Google, Inc.'s Rule*

*26(a)(1) Disclosures* to be served upon the parties listed in the attached Service List via e-mail

and U.S. Mail this 5th day of November, 2007.

Mariah E. Moran

## SERVICE LIST

Robert Foote
Stephen W. Fung
Foote Meyers Meilke & Flowers, LLC
28 North First Street, Suite 2
Geneva, IL 60134

Kathleen C. Chavez
Chavez Law Firm, P.C.
28 North First Street, Suite 2
Geneva, IL 60134

Steve Borgman
Kenneth P. Held
Vinson & Elkins LLP
First City Tower
1001 Fannin Street, Suite 2300
Houston, TX 77002-6760

Scott Wiehle
2001 Ross Ave.
Suite 3700
Dallas, TX 75201

Steven D. Atlee
Winston & Strawn, LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071

Andrew P. Bridges
Winston & Strawn, LLP
101 California Street, Suite 3900
San Francisco, CA 94111

Ronald Y. Rothstein
Janelle M. Carter
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601

Michael Dockterman
Alison C. Conlon
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606

Vincent V. Carissimi
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Jeffrey Singer
Misty R. Martin
Segal McCambridge Singer & Mahoney
Sears Tower
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606

Brett August
Bradley Cohn
Alexis Payne
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive, Suite 5000
Chicago, IL 60613

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC,<br>Individually And On Behalf of All Others<br>Similarly Situated,<br>      Lead Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Case No. 07 CV 3371 |
| GOOGLE, INC., OVERSEE.NET,<br>SEDO LLC, DOTSTER, INC., AKA<br>REVENUEDIRECT.COM,<br>INTERNET REIT, INC. d/b/a IREIT, INC.<br>and JOHN DOES I-X.,<br>      Defendants. | ) ) ) ) ) ) | Judge Blanche M. Manning<br>Magistrate Judge Geraldine Soat Brown |

**INTERNET REIT'S INITIAL DISCLOSURES
PURSUANT TO RULE 26(a)(1)**

Defendant Internet Reit, Inc. ("Ireit") hereby submits its initial disclosures pursuant to

Rule 26(a)(1) as follows. Ireit reserves the right to amend and supplement these disclosures as

additional information is learned. Based on the information currently and reasonably available to

Ireit, Ireit submits the following information:

1.    Individuals likely to have discoverable information that Ireit may use to support

its claims or defenses (except for impeachment):

      Craig Snyder
      Lisa J. Box
      Ari Master

Mr. Snyder and Ms. Box are officers and/or employees of Ireit and have the following

address and telephone number:  Internet Reit, Inc., 1233 West Loop South, Suite 1400, Houston,

Texas 77027, 713-628-7654.

Mr. Master has acted as a contractor to Ireit, and has an address and telephone number of

CitizenHawk, Inc., 27068 La Paz Road, Suite 104, Aliso Viejo, California 92656, 888-210-8802.

Mr. Snyder and Ms. Box are believed to have knowledge of facts relevant to some or all of the following: Ireit's acquisition and/or registration of the domain at issue, Ireit's use (if any) of the domain at issue, Ireit's disposition of the domain at issue, Ireit's efforts to locate and/or screen for the domain at issue, Ireit's lack of a bad faith intent to profit from the domain at issue, Ireit's efforts to avoid registration, use and/or trafficking in domains that are identical or confusingly similar to other's trademarks, Ireit's disposition of domains which are asserted to be identical or confusingly similar to trademarks of others, and Ireit's revenues and/or profits (if any) from the domain at issue.

Mr. Master is believed to have knowledge of facts relevant to Ireit's efforts to find and remove from its portfolio of domains those which might arguably involve trademarks of third parties.

2.    Documents that Ireit may use to support its claims or defenses (except for impeachment) are believed to include the following:

a.    Documents reflecting the website previously available to Internet users at the domain at issue in this action.

b.    Documents reflecting Ireit's limited amount of revenues from the website previously available at the domain at issue in this action.

c.    Documents reflecting Ireit's efforts to identify and remove from its portfolio domains that arguably might involve trademarks of third parties.

d.    Documents reflecting Ireit's disposition of the domain name at issue in this action.

e.    Documents reflecting Ireit's efforts to avoid the registration, use or trafficking in domains which arguably involve trademarks of others.

f.    Documents which reflect the absence of a bad faith intent on Ireit's part to profit from the domain at issue in this action.

g.    Documents reflecting domain names registered and/or used by the plaintiffs and/or their affiliated companies.

2

h.  Documents reflecting the goodwill and reputation of the plaintiffs and/or their affiliated companies, including without limitation any customer complaints, lawsuits against them, publicity, and the like.

The documents referred to in subsections 2(a)-2(f) are located at the offices of Ireit and/or its counsel. The documents referred to in subsections 2(g)-2(h) are believed to be in the possession of one or more of the plaintiffs and/or their affiliated companies. The documents referred to in subsections 2(a) and 2(b) may also include documents in the possession of third parties, such as Google. Ireit notes that some of the foregoing documents may be subject to the attorney-client and/or work product privileges.

3.  Ireit's computation of damages claimed:

Ireit does not claim damages from the plaintiffs at this time.

4.  Applicable insurance policies:

Ireit is not aware of any applicable insurance policies that provide coverage for the claims by plaintiffs in this action.

Respectfully Submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON

Dated: November 5, 2007        By: *Brett August* *By Permission*
Brett A. August (ARDC # 00843245)
Bradley L. Cohn (ARDC # 6224692)
Alexis E. Payne (ARDC # 6270412)
311 South Wacker Drive
Suite 5000
Chicago, Illinois 60606
(312) 554-8000

3

VINSON & ELKINS L.L.P.

Dated: November 5, 2007

By: _____
Steven R. Borgman (admitted pro hac vice)
Kenneth P. Held (admitted pro hac vice)
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
(713) 758-2222

**Attorneys for Defendant Internet Reit, Inc.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served to the following via certified mail, return receipt requested, on November 5, 2007.

Ronald Y. Rothstein
Janelle M. Carter
Winston & Strawan LLP
35 West Wacker Drive
Chicago, Illinois

Jonathan M. Cyrluk
Joseph J. Duffy
Maria E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603

Michael Page
Joseph Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, California 94111

Steven Atlee
Winston & Strawn LLP
333 Grand Avenue
Los Angeles, CA 90071

Jeffrey Singer
Misty Rose Martin
Segal, McCambridge, Singer
& Mahoney, Ltd.
330 North Wabash Avenue
Suite 200
Chicago, Illinois 60611

Michael R. Dockterman
Alison C. Conlon
Wildman, Harrold, Allen &
Dixon
225 West Wacker Drive
Suite 3000
Chicago, Illinois 60606

Andrew Bridges
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111

William J. Harte
William J. Harte, Ltd.
111 West Washington
Suite 1100
Chicago, Illinois 60602

Vincent V. Carissimi
Joanna J. Cline
Robert L. Hickok
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Robert M. Foote
Foote, Meyers, Mielke &
Flowers, LLC
28 North first Street, #2
Geneva, Illinois 60134

Kathleen Currie Chavez
Chavez Law Firm P.C.
28 North First Street, #2
Geneva, Illinois 60134

Aaron Daniel Van Oort
Faegre & Benson LLP
90 South Seventh Street
Suite 2200
Minneapolis, MN 55113

Houston 3430332v.1

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. | : | |
| SANFILIPPO & SON, INC., | : | |
| BLITZ REALTY GROUP, INC., | : | |
| and VINCENT E. "BO" JACKSON, | : | Case No. 07CV3371 |
| Individually and on Behalf of All | : | |
| Others Similarly Situated, | : | Judge Manning |
| | : | |
| v. | : | Magistrate Judge Brown |
| | : | |
| GOOGLE INC., OVERSEE.NET, | : | |
| SEDO LLC, DOTSTER, INC., AKA | : | |
| REVENUEDIRECT.COM, | : | |
| INTERNET REIT, INC. d/b/a IREIT, INC., | : | |
| and JOHN DOES I-X, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DOTSTER INC.'S
RULE 26(A)(1)(A) INITIAL DISCLOSURES**

Defendant Dotster, Inc. ("Dotster"), by and through its counsel of record, hereby

submits these initial disclosures as required by FRCP 26(a)(1):

**A.    Witnesses – FRCP 26(a)(1)**

The following individuals are likely to have knowledge of discoverable

information which Dotster may use to support its claims or defenses:

> 1.      Clint Page
>         President and CEO
>         c/o Pepper Hamilton LLP
>         Two Logan Square
>         Eighteenth and Arch Streets
>         Philadelphia, PA 19103-2799

Mr. Page has general knowledge regarding the business plan and general

operations of Dotster.

2.    Brian Unruh
Senior Vice President and Chief Financial Officer
c/o Pepper Hamilton LLP
Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Mr. Unruh has general knowledge regarding the business of Dotster and revenues generated by the sale and monetization of domain names. He also has knowledge of company policies and procedures regarding trademarks.

3.    George DeCarlo
Former Senior Vice President of Marketing
18009 NE 25th Street
Vancouver, WA 98684
360-828-5139

While he was employed by Dotster, Mr. DeCarlo had general knowledge regarding its advertising programs, the business plan, and week-to-week operations of Dotster. He also had knowledge regarding the selection, acquisition, and retention of domain names and company policies and procedures regarding trademarks.

4.    Connie Gougler
Former Advertising Director
5420 NW Skyline Blvd
Portland, OR 97229
503-671-9321

While she was employed by Dotster, Ms. Gougler had general knowledge regarding its advertising programs, business plan, and day-to-day business operations. She also had knowledge of the screening of domain names for acquisition and retention as well as knowledge regarding Dotster's relationship with Google, Inc.

5.    John Smrekar
      Advertising Director
      c/o Pepper Hamilton LLP
      Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799

Mr. Smrekar has knowledge regarding:  the design and maintenance of Dotster's business systems; the acquisition, retention, and sale of domain names; Dotster's relationship with Google, Inc.; the uploading of registration data to the domain registry; and the monetization of domain names.

6.    Ravi Puri
      c/o Pepper Hamilton LLP
      Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799

While he was employed by Dotster as an in-house attorney, Mr. Puri had general knowledge regarding trademark issues and policies.

7.    Darcy Enyeart
      Contracts Administrator/Paralegal
      c/o Pepper Hamilton LLP
      Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799

Ms. Enyeart has general knowledge regarding trademark-related domain inquiries and company policies about the acquisition and sale of domain names.

8.    As yet unidentified individuals who have knowledge of plaintiffs' advertising on the internet, plaintiffs' alleged losses, plaintiffs' trademark enforcement history and plaintiffs' investigations supporting their complaint.

**B.**     **Documents in Defendant's Possession, Custody, and/or Control – FRCP 26(a)(1)(B)**

The following categories of documents, all of which either are located at Dotster's place of business or are in the care of the law firm Pepper Hamilton LLP, Two Logan Square, Eighteenth and Arch Streets, Philadelphia, Pennsylvania, 19103-2799, are within Dotster's possession, custody, or control and may be used to support Dotster's claims or defenses:

Data relating to the selection, acquisition, registration, monetization, and transfer of domain names;

Log files of domain names;

Revenue records and related contracts;

Information related to Dotster's relationship with Google; and

Communications with trademark owners.

**C.**     **Computation of Claimed Damages – FRCP 26(a)(1)(C)**

Dotster is not asserting any claims for damages at this time.

**D.**     **Insurance Agreements – FRCP 26(a)(1)(D)**

Dotster believes that it has an insurance agreement that would provide coverage for the claims asserted in Plaintiffs' Amended Complaint, although its insurer is taking the position that the claims are not covered. Dotster will provide a copy of the applicable agreement.

**E.**     **Reservation of Rights**

Dotster reserves all of its rights under the Federal Rules of Civil Procedure and applicable law, and nothing in these initial disclosures should be construed as a waiver of any of its rights. Without limitation, Dotster specifically and expressly reserves its rights as follows:

1.     Dotster reserves the right to object to the admissibility of the testimony of any of the witnesses identified herein.

-4-

2.      Dotster reserves the right to object to the admissibility of any document and/or excerpt thereof identified herein.

3.      Dotster reserves the right to assert any privilege and/or protection available under applicable law.

4.      Dotster reserves the right to call as a witness: (a) any party to this litigation, and (b) any individual identified as a witness by any other party to this litigation.

5.      Dotster reserves the right to offer as evidence any document identified or disclosed by any other party to this litigation.

6.      Dotster reserves the right to supplement these initial disclosures to identify additional individuals and/or documents.

7.      Dotster has not yet determined what expert(s), if any, it will call to testify at trial. Dotster reserves the right to identify and call expert(s) as appropriate, and it will disclose any such experts as provided by the applicable rules and/or law.

DATED this 5th day of November, 2007.

WILDMAN, HARROLD, ALLEN & DIXON LLP

By:  _Alison C Conlon_____
     Michael Dockterman, Esquire
     Alison Conlon, Esquire
     225 West Wacker Drive
     Suite 3000
     Chicago, IL 60606
     312.201.2000 (phone)
     312.201.2555 (fax)
     Attorneys for Defendant Dotster, Inc.

PEPPER HAMILTON LLP

By:  s/Vincent V. Carissimi_____
     Vincent V. Carissimi, Esquire
     *Admitted Pro Hac Vice*
     Joanna J. Cline, Esquire
     *Admitted Pro Hac Vice*
     Two Logan Square
     Eighteenth and Arch Streets
     Philadelphia, PA 19103-2799
     215.981.4000 (phone)
     215.981.4750 (fax)
     Attorneys for Defendant Dotster, Inc.

-6-

## <u>CERTIFICATE OF SERVICE</u>

I, Susan Hardt, a non-attorney, certify that I served a copy of the foregoing **Defendant Dotster, Inc.'s Rule 26(A)(1)(A) Initial Disclosures,** on all Counsel of Record, listed on the attached Service list, by sending them via First Class Mail on November 5, 2007, before 5:00 p.m.

_____

Sue Hardt

[x]   Under penalties as provided by law pursuant to 28 U.S.C. § 1746, I certify that the statements set   forth herein are true and correct.

IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC,<br>Individually and On Behalf Of All<br>Others Similarly Situated, | ) )<br>) )<br>) ) | |
| Lead Plaintiff, | ) )<br>) ) | No. 07 CV 3371 |
| v. | ) )<br>) ) | Judge Kocoras |
| GOOGLE INC., OVERSEE.NET,<br>SEDO, LLC, DOTSTER, INC., AKA<br>REVENUEDIRECT.COM<br>INTERNET REIT, INC. d/b/a IREIT, INC.<br>and JOHN DOES I-X, | ) )<br>) )<br>) )<br>) )<br>) )<br>) ) | Magistrate Judge Brown |
| Defendants. | ) ) | |

## Service List

Robert M. Foote
Stephen William Fung
Mark A. Bulgarelli
Foote, Meyers, Mielke & Flowers LLC
28 North First Street, Suite 2
Geneva, IL 60134
(630) 232-6333
Email: rmf@foote-meyers.com
Email: sfung@foote-meyers.com
Email: mbulgarelli@foote-meyers.com

**For Plaintiff**

Kathleen Currie Chavez
Chavez Law Firm P.C.
28 North First Street, #2
Geneva, IL 60134
(630) 232-4480
Email: gkeg4@aol.com

**For Plaintiff**

William J. Harte
Dana M. Pesha
Williams J. Harte, Ltd.
111 W. Washington Street
Suite 1100
Chicago, IL 60603
(312) 726-5015
wharte@williamharteltd.com
dpesha@williamharteltd.com

**For Plaintiff**

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street
Suite 1200
Chicago, IL 60603-1203
(312) 338-0200
Email: jduffy@stetlerandduffy.com
Email: cyrluk@stetlerandduffy.com
Email: mmoran@stetlerandduffy.com

**For Google, Inc.**

Michael H. Page
Joseph C. Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 9411
(415) 391 5400
Email: mhp@kvn.com
Email: jgratz@kvn.com

**For Google, Inc.**

Jeffrey Singer
Misty Martin
Segal, McCambridge, Singer & Mahoney
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
(312) 645-7800
Fax: (312) 645-7711
Email: jsinger@smsm.com
Email: mmartin@smsm.com

**For Sedo LLC**

Steven D. Atlee
Winston & Strawn, LLP
333 S. Grand Avenue
38th Floor
Los Angeles, CA  90071
(213) 615-1750

**For Oversee.Net**

Scott Ryan Wiehle
Vinson & Elkins
Trammel Crow Center
2001 Ross Avenue
Suite 3700
Dallas, TX 75201-2975
(214) 220-7700
Email: swiehle@velaw.com

**For Internet Reit, Inc.**

Aaron D. Van Oort
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 766-6000
Email: avanoort@faegre.com

**For Google, Inc.**

Ronald Y. Rothstein
Janelle M. Carter
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Email: rrothstein@winston.com
Email: jcarter@winston.com

**For Oversee.Net**

Brett A. August
Bradley Louis Cohn
Alexis Elizabeth Payne
Pattishall, McAuliffe, Newbury, Hilliard &
Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606
(312) 554-8000
Email: baugust@pattishall.com
Email: bcohn@pattishall.com
Email: aep@pattishall.com

**For Internet Reit, Inc.**

Steven R. Borgman
Kenneth P. Held
Vinson & Elkins LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
713 758 4353

**For Internet Reit, Inc.**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SON, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf of All Others Similarly Situated, | )<br>)<br>)<br>)<br>)<br>) | No. 07 CV 3371 |
| Lead Plaintiffs, | )<br>) | |
| v. | )<br>) | Honorable Blanche M. Manning |
| | )<br>) | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IReit, INC. and JOHN DOES I-X, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## <u>DEFENDANT OVERSEE.NET'S RULE 26(a)(1) INITIAL DISCLOSURES</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Oversee.net ("Oversee"),

by and through its counsel Winston & Strawn LLP, hereby makes the following initial disclosures.

## <u>RESERVATIONS</u>

By making these initial disclosures, Oversee does not intend to represent affirmatively that

specific information or materials disclosed will necessarily be used to support its claims or defenses in

this matter.  Rather, the disclosures are made in a good faith effort to disclose the categories of

documents that Oversee may use to support its claims and defenses in this litigation, and persons who

may have discoverable information that Oversee may use to support its claims or defenses.  Oversee

expressly reserves the right to object to the production and/or admissibility of disclosed documents or

testimony on the basis of privilege, relevance, or otherwise, as appropriate. Oversee also expressly reserves the right to move for a protective order.

The disclosures contained herein are based on Oversee's knowledge, information and belief at this time, and are made without prejudice to the foregoing and following reservations and objections. Oversee has not completed its investigation of this case and has not completed preparation for trial. Accordingly, Oversee reserves the right to clarify, amend, modify, and/or supplement these initial disclosures in accordance with the Federal Rules of Civil Procedure and the local rules of this Court as investigation into this matter continues and new facts come to light. Further, Oversee reserves the right to rely upon and introduce such facts, and persons having knowledge of such facts, as may be derived through future discovery, if any, or as may be adduced at trial.

## DISCLOSURES

A.    **Rule 26(a)(1)(A) Initial Disclosure: The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**Disclosure:**    Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Oversee identifies the following individuals or companies, with addresses and telephone numbers where known, who may have discoverable information that may be used by Oversee to support its claims or defenses. By making these disclosures, Oversee makes no representation as to its control over any non-employees. Additionally, Oversee continues to investigate to identify individuals with discoverable information that it may use to support its claims. Oversee is not aware of any other individuals at this time but additional persons may be identified in the future. Oversee reserves the right to supplement this list in the future. Finally, Oversee does not consent to or authorize Plaintiff's communications with Oversee's employees and does not consent to or authorize any communication

otherwise prohibited by all applicable rules of professional conduct. Plaintiff's contact with Oversee's

employees should take place solely through Winston & Strawn LLP.

| WITNESS | SUBJECTS OF INFORMATION |
|---|---|
| Jeff Kupietzky<br>Executive Vice President<br>Oversee.net<br>515 South Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>(213) 408-0080 | General operation of Oversee.net and its various businesses; the process by which Oversee identifies and registers domain names, including efforts taken to filter out registered or recognized trademarks owned by others; Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting; the revenues generated by the challenged domain names; the absence of merit of plaintiffs' claims. |
| Kathy Yeung<br>GM, Traffic Acquisitions<br>Oversee.net<br>515 South Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>(213) 408-0080 | General operation of Oversee.net and its various businesses; the process by which Oversee identifies and registers domain names, including efforts taken to filter out registered or recognized trademarks owned by others; Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting; the revenues generated by the challenged domain names; the absence of merit of plaintiffs' claims. |
| Stacey M. Peterson<br>Chief Financial Officer<br>Oversee.net<br>515 South Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>(213) 408-0080 | General operation of Oversee.net and its various businesses; the process by which Oversee identifies and registers domain names, including efforts taken to filter out registered or recognized trademarks owned by others; Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting; the revenues generated by the challenged domain names; the absence of merit of plaintiffs' claims. |
| Ryan Berryman<br>Vice President, Product<br>GM, Advertiser Solutions<br>Oversee.net<br>515 South Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>(213) 408-0080 | General operation of Oversee.net and its various businesses; the process by which Oversee identifies and registers domain names, including efforts taken to filter out registered or recognized trademarks owned by others; Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting; the revenues generated by the challenged domain names; Oversee's relationship with Google; the absence of merit of plaintiffs' claims. |

| WITNESS | SUBJECTS OF INFORMATION |
|---------|-------------------------|
| Lance Martinez<br>GM, Domain Holdings<br>Oversee.net<br>515 South Flower Street, Suite 4400<br>Los Angeles, CA 90071<br>(213) 408-0080 | General operation of Oversee.net and its various businesses; the process by which Oversee identifies and registers domain names, including efforts taken to filter out registered or recognized trademarks owned by others; Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting; the revenues generated by the challenged domain names; the absence of merit of plaintiffs' claims. |
| Plaintiffs | Plaintiffs and their directors, officers, employees and agents are likely to have discoverable information relating to their alleged trademarks, any secondary meaning or lack thereof, any efforts to promote the alleged trademarks or lack thereof, any connection between any misspellings of the alleged trademarks and the challenged domain names, any evidence of confusion, any attempts to notify Oversee.net of any complaint relating to the challenged domain names or otherwise invoke any dispute resolution procedures prior to filing suit, and other matters relevant to Oversee's defenses. |

**B.**    **Rule 26(a)(1)(B) Initial Disclosure:  A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

**Disclosure:**    Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Oversee

provides the following descriptions of documents, data compilations, and/or tangible things in its

possession, custody, or control that Oversee may use to support its claims or defenses.

     1.    Documents and communications relating to the challenged domain names.

     2.    Documents relating to the process by which Oversee identifies and registers domain names, including but not limited to the efforts taken to filter out registered or recognized trademarks owned by others.

     3.    Documents relating to the revenues generated by the challenged domain names.

     4.    Documents relating to Oversee's domain name monetization and domain name auction businesses.

     5.    Documents relating to Oversee's policies and procedures for dealing with claims of trademark infringement and cybersquatting.

Subject to the entry of an appropriate protective order, Oversee will make available for inspection and copying at a mutually convenient time the foregoing categories of documents at the offices of Winston & Strawn LLP. Oversee will continue to investigate whether additional documents are responsive to this required disclosure. Oversee hereby reserves the right to amend or supplement this disclosure upon the discovery of additional responsive information.

In addition, Oversee reserves the right to object to the production of any document within the document categories described above on any basis permitted by the Federal Rules of Civil Procedure. Specifically, certain documents included in these categories may not be discoverable because they are protected from disclosure by privileges, including the attorney-client privilege and work product immunity, or for other reasons; no such documents will be produced. Oversee also reserves the right to object to the production of any confidential document within the documents described herein until the entry of an appropriate protective order that protects Oversee's confidential business documents and information from improper disclosure and use.

C.    **Rule 26(a)(1)(C) Initial Disclosure: A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

**Disclosure:**    Oversee is not seeking damages in this case. However, Oversee reserves the right to seek its attorneys' fees and costs in defending this matter, as well as any sanctions or other relief that may be appropriate. Oversee contends that Plaintiffs have suffered no damages as a result of Oversee's conduct.

**D.    Rule 26(a)(1)(D) Initial Disclosure:  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**Disclosure:**    In accordance with the requirements of Federal Rule of Civil Procedure Rule 26(a)(1)(D), and subject to the Reservations set forth above, Oversee states that it is not aware of any insurance agreement under which any claim will be made to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.


Respectfully submitted,              **OVERSEE.NET, INC.**


Dated:  November 5, 2007             By:    ___s/___Steven D. Atlee____
                                            One of Its Attorneys


Ronald Y. Rothstein
Janelle M. Carter
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
Email: rrothstein@winston.com
        jcarter@winston.com

Steven Atlee
Winston & Strawn LLP
333 Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: satlee@winston.com

Andrew Bridges
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: abridges@winston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2007, a true and correct copy of the foregoing was served in accordance with Rule 5, Federal Rules of Civil Procedure, on the following:

Mark Anthony Bulgarelli
Robert M. Foote
Stephen William Fung
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, #2
Geneva, Illinois  60134

Kathleen Currie Chavez
Chavez Law Firm P.C.
28 North First Street, #2
Geneva, Illinois  60134

Jonathan M. Cyrluk
Joseph J. Duffy
Mariah E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street, Suite 1200
Chicago, Illinois  60603

Joseph Gratz
Michael Page
Keker & Van Nest LLP
710 Sansome Street
San Francisco, California

Jeffrey Singer
Misty Rose Martin
Segal, McCambridge, Singer & Mahoney, Ltd.
330 North Wabash Avenue, Suite 200
Chicago, Illinois  60611

Alison C. Conlon
Michael R. Dockterman
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606

Alexis Elizabeth Payne
Bradley Louis Cohn
Brett A. August
Pattishall, McAuliffe, Newbury,
Hilliard & Geraldson LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois  60606

Scott Ryan Wiehle
Vinson & Elkins LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

Steven R. Borgman
Vinson & Elkins LLP
Kenneth P. Held
2500 First City Tower
1001 Fannin Street
Houston, Texas  77002

Vincent V. Carissimi
Joanna J. Cline
Robert L. Hickok
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103

William J. Harte
Dana Marie Pesha
William J. Harte, Ltd.
111 West Washington, Suite 1100
Chicago, Illinois  60602

Aaron Daniel Van Oort
Faegre & Benson LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN  55113

_____ s/   Janelle Carter

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SON, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Case No. 07CV3371 |
| Plaintiffs | ) ) ) | Judge Manning |
| v. | ) ) | Magistrate Judge Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC.,and JOHN DOES I-X, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## SEDO.COM'S RULE 26(A)(1) DISCLOSURES TO PLAINTIFFS

Defendant, Sedo.com, LLC (misnamed Sedo LLC) (hereafter "SEDO") by and through

its counsel, Segal McCambridge Singer & Mahoney, Ltd., hereby makes the following

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

## 26 (a)(1)(A)

The names, last known addresses and telephone numbers of each individual likely to have

discoverable information that SEDO may use to support its claims or defenses and the subjects

of the information:

**Martin Osusky**
Director of Customer Relations
161 First Street, 4th Floor
Cambridge, MA 02142

Mr. Osusky may testify regarding SEDO's marketplace, domain related services and user
relationships and policies.

**Jochen Dannemann**
Tech/IT-Internal Processes
Sedo.com, LLC
161 First Street, 4th Floor
Cambridge, MA 02142

Mr. Dannemann may testify regarding the technical operation of the system that facilitates users' participation in Sedo's domain related services.

Unidentified employees at Google, Inc. may testify regarding Google's AdSense Program.

Unidentified owners of the following domain names: vulcanogolf.com, aintnobojackson.com and nobojackson.com may testify regarding the ownership and operation of those domain names.

## 26 (a)(1)(B)

SEDO identifies the following documents, data compilations, tangible things and/or

information that are in the possession, custody or control of SEDO that it may use to support its

claims or defenses:

(1)     Documents and information regarding the agreement between Google and SEDO regarding participation in Google's AdSense Program.

(2)     Documents and information regarding SEDO's parking program.

(3)     Documents and information regarding SEDO's Rights Production Program and other quality assurance programs.

(4)     Documents and information regarding SEDO's Terms of Use Agreements and published policies regarding use of SEDO services that applies to buyers, sellers, parkers or website visitors.

## 26 (a)(1)(C)

A Computation of any category of damages claimed:

Not applicable.

## 26 (a)(1)(D)

Any insurance agreement under which SEDO may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

2

Sedo reserves the right to supplement this response if necessary.

## 26 (a)(1)(E)

Exemptions:

Not applicable.

## 26(a)(2)(A)

Non-retained Expert Witnesses:

To be disclosed in accordance with the scheduling order entered by the Court.

## 26(a)(2)(B)

Retained Expert Witnesses:

To be disclosed in accordance with the scheduling order entered by the Court.

**SEDO's investigation is continuing and it reserves the right to supplement these disclosures as additional information becomes available.  SEDO specifically reserves the right to call any witnesses and identify any documents and tangible things it discovers during its ongoing investigation of this case**

<div style="margin-left: 50%;">
Respectfully submitted,

By:    /s/ Misty R. Martin
       On behalf of Sedo.com, LLC
</div>

Jeffrey Singer, Esq. (ARDC # 2670510)
Misty R. Martin, Esq. (ARDC # 6284999)
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive
Sears Tower – Suite 5500
Chicago, IL 60606
(312) 645-7800 (t)
(312) 645-7711 (f)

3

**Certificate of Service**

I, Misty R. Martin, attorney of record for defendant, certify that on November 5, 2007, a copy of this document was served on all counsel of record via electronic mail.

/s/ Misty R. Martin