IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | |
| | § | Civil Action No. 07 CV 3371 |
| Lead Plaintiffs, | § § | |
| | § | Honorable Blanche M. Manning |
| v. | § § | Magistrate Judge Geraldine Soat Brown |
| GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, | § § § § § § § | |
| Defendants. | § | |

**SUPPLEMENT TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Class Plaintiffs respectfully submit this Supplement to Plaintiffs' Motion for Preliminary Injunctive Relief, and in so doing states as follows:

1.    This supplementary filing is necessitated by Defendants' outrageous conduct since the filing of the original Motion for Preliminary Injunctive Relief, which includes: (1) New registrations, tasting, monetization and other use of Deceptive Domains belonging to and/or infringing on Class Plaintiffs' Distinctive and Valuable Marks, (2) Continued use and monetization of Deceptive Domains identified in the Motion for Preliminary Injunctive Relief and correspondence from Class Counsel; and (3) New monetization with *pornographic* advertisements of Deceptive Domains infringing upon Class Plaintiff JBSS. Defendants have blatantly and willfully engaged in the ongoing unauthorized use and monetization, despite

1

repeated notice and the January 3, 2008 filing of the Motion for Preliminary Injunctive relief.

**a. Pornographic Monetization**

2.   Defendant Google continues to brazenly disregard their obligations to comport with the law.  Even after the filing of the Motion for Injunctive Relief, they chose to *expand* their monetization of Deceptive Domains with pornographic advertisements beyond Class Plaintiff Bo Jackson to Class Plaintiff JBSS (Fisher Nuts parent company).  Defendant Google monetized the Deceptive Domain www.foshernuts.com (just 1 character deviation from Class Plaintiff JBSS's website www.fishernuts.com) with pornography advertisements.  *Copy of Screenshots are attached hereto as Exhibit A.*

3.   Defendant Google willfully and intentionally generated revenue from the use and monetization (with pornography ads) of the Deceptive Domain www.foshernuts.com, in blatant disregard for the reputation, goodwill, or interests of Class Plaintiff JBSS.

4.   As with Class Plaintiff Bo Jackson, Class Plaintiff JBSS has and is suffering irreparable harm to its reputation, good name, and the goodwill associated with its company by Defendants' monetization of Deceptive Domains with said explicit, offensive, obscene and pornographic advertisements.

5.   Class Plaintiff JBSS does not condone the degradation of humans through any form of pornography, explicit, and/or obscene material.  Class Plaintiff JBSS's Fisher Nuts is in the wholesome business of selling nut products nationwide.  Association with pornography, in any manner, is injurious to its business and reputation.

6.   Class Plaintiff JBSS did not grant any of the Defendants any rights, licenses, permission, or otherwise support, condone or accept the association of its products, good name, goodwill, companies, or other business property and assets with the highly offensive, obscene,

pornographic and explicit material and advertisements on monetized Deceptive Domains containing pornography ads.

7. Class Plaintiff JBSS has not been compensated or received any income from the advertisements and obscenities associated with pornography ads on Deceptive Domains.

8. There is no adequate remedy at law for the injury to reputation, goodwill, business, and property that Defendants are causing Plaintiff JBSS by associating its good name with shocking and offensive obscene material.

9. Defendant Google routinely generates revenue from obscene and pornographic internet advertisements placed on Deceptive Domains without the consent or permission of the rightful owner. Its actions against Class Plaintiffs Bo Jackson and JBSS are illustrative of its common and substantially similar misconduct toward millions of putative class members.

10. Without immediate Court intervention, Defendant Google's continued blatant misconduct and disregard for the rights of Class Plaintiffs and the putative class members will unfortunately continue. In fact, Defendant Google's most recent new monetization with pornographic ads of www.foshernuts.com is demonstrative of its intentions to continue and expand its unauthorized and illegal conduct.

**b. Deceptive Domains Still In Use and New Deceptive Domains**

11. Defendants continue to use Deceptive Domains contained in the Motion for Injunctive Relief even after the January 3, 2008 filing of the Motion.

12. Defendants further register, taste, kite, monetize and otherwise use New Deceptive Domains subsequent to the January 3, 2008 filing of the Motion for Injunctive Relief, including but not limited to:

| Domain Name | Parking Company | Date Registered |
|---|---|---|
| vulcaingolf.com | Google/Unnamed | Jan. 10, 2008 |
| wwwblitzrealtygroup.com | Google/Unnamed | Jan. 12, 2008 |
| blitzrealtygroupagents.com | Google/Unnamed | Jan. 12, 2008 |
| Fihsernuts.com | Google/Unnamed | Jan. 15, 2008 |
| jbssiinc.com | Google/Unnamed | Jan. 15, 2008 |
| bojacksoncars.com | Google/Unnamed | Jan. 15, 2008 |
| Fisherntus.com | Google/Unnamed | Jan. 15, 2008 |
| fisshernuts.com | Google/DomainSponsor | Jan. 20, 2008 |
| fishernuts.com | Google/DomainSponsor | Jan. 20, 2008 |
| bojacksoncleats.com | Google/Unnamed | Jan. 19, 2008 |
| Fishernurs.com | Google/DomainSponsor | Jan. 20, 2008 |
| foshernuts.com foshernuts.com | Google/DomainSponsor Google/Unnamed *note foshernuts.com was used at 2 parking companies Domainsponsor first and then an unnamed parking company for porn ads | Jan. 20, 2008 |
| Vulcangolfgifts.com | Google/DomainSponsor | Jan. 20, 2008 |
| bojacksontrainershoe.com | Google/Sedo | Jan. 24, 2008 |
| Bitzrealtygroup.com | Google/Unnamed | Jan. 23, 2008 |
| bojacksonfootballs.com | Google/Unnamed | Jan. 22, 2008 |
| bojacksonbaseballcamp.com | Google/Unnamed | Jan. 21, 2008 |
| bojacksonfootballcamp.com | Google/Unnamed | Jan. 22, 2008 |
| bojacksonsfootballcamp.com | Google/Unnamed | Jan. 21, 2008 |
| boojackson.com | Google/Unnamed | Jan. 23, 2008 |
| fishernutssales.com | Google/DomainSponsor | Jan. 19, 2008 |
| fisherspeanuts.com | Google/DomainSponsor | Jan. 18, 2008 |
| fishernuuts.com | Google/Unnamed | Jan. 24, 2008 |
| mailfishernuts.com | Google/Unnamed | Jan. 23, 2008 |

**c. Continued Tasting and Kiting of Deceptive Domains**

13. Defendant Google and the other Defendants continue to "taste," "kite," use and monetize tasted domains. Tasting and kiting of domains is a process where Defendant Google and the other Defendants exploit the Add Grace Period ("AGP" is the five day period from registration of a domain where certain registrars can delete a domain at no cost) by registering millions of temporary sites and then monetizing those sites with advertisements.

14. A large majority of the "tasted" and "kited" domains are Deceptive Domains that infringe upon Class Plaintiffs and the putative class members' Distinctive and Valuable marks. For example, www.bojacksontrainershoe.com is a Deceptive Domain that Defendant Sedo tasted and, in conjunction with Defendant Google, monetized and shared the resultant revenue.

15. Tasting and kiting allow Defendants to generate revenue (largely from the unauthorized use and monetization of Deceptive Domains) without paying for the Deceptive Domain or maintaining the Deceptive Domain past the AGP period (5 days). By deleting the name during the five day period, Defendants willfully attempt to conceal their connection to the illegal use and monetization of Deceptive Domains.

16. As part of the Deceptive Domain Scheme set forth in the First Amended Complaint ("FAC"), Defendants engage in a domain tasting cycle where the exact same Deceptive Domains are repeatedly tasted, monetized, and deleted. The tasting cycle perpetuates the deception and fraud, and involves generally Defendants' actions to: register domains, monetize the registered domains for the 5 day AGP period, delete the domains during the AGP period, reregister the exact same domains, remonetize the exact same domains, and again delete the exact same domains during the AGP period. The cycle is ongoing and occurs with respect to millions of domains. Defendants routinely generate revenue and transact in the revenue from said tasting cycle.

17. Defendants generate millions of dollars during each five day period from monetizing tasted domains, many of which are Deceptive Domains. Defendants are using tasting as a lucrative revenue generating component of the Deceptive Domain Scheme set forth in Class Plaintiffs' First Amended Complaint.

18. Despite Class Plaintiffs' FAC, Motion for Preliminary Injunctive Relief, and requests by Class Counsel to Defendants, Defendants persist in tasting Deceptive Domains. Illustrative of Defendants' ongoing tasting is the list of New Deceptive Domains just since January 3, 2008 set forth in the Chart in Paragraph 11 herein.

19. Class Plaintiffs have requested that Defendants cease use and monetization of tasted domains, cease use and monetization of Deceptive Domains, and have provided Defendants with lists and examples of such. Nevertheless, Defendants continue to use and monetize tasted domains even after Class Plaintiffs' filing of this action, notice to Defendants, and the filing of the Motion for Preliminary Injunctive Relief.

20. Defendants continued conduct even since the filing of the Motion for Preliminary Injunctive Relief, demonstrates that they are committed to continued use and monetization of tasted domains.

21. Defendants should be enjoined from monetizing domains during the five (5) day Add Grace Period ("AGP"). Specifically, Defendants should be enjoined from placing advertisements, or generating revenue from advertisements, on Deceptive Domains that are less than five days old.

**d. Conclusion**

22. In addition to the above lists of Deceptive Domains directly related to Class Plaintiffs, Defendants are continuing to transact in revenue generated from use and monetization of millions of Deceptive Domains adversely impacting all class members.

23. Defendants' continued refusal to block Deceptive Domains from their respective systems, continued monetization and transaction in revenue derived from Deceptive Domains,

and Defendants' unwillingness to take reasonable action to prevent further violations demonstrates the willfulness of their conduct and necessity for injunctive relief.

24.     Defendants each have an affirmative duty to operate their respective businesses legally. If Defendants cannot engage in a particular business activity without violating the law, then said business activity must cease. In this instance, if Defendants cannot engage in the business of "internet advertising" without the blatant and widespread exploitation, use and monetization of Deceptive Domains that belong to/infringe upon the rights and property of Class Plaintiffs and the putative class, then Defendants have no option but to stop internet advertising. Defendants bear the duty and obligation to run their businesses legally and with respect for the rights and property of other businesses, individuals, and entities.

WHEREFORE, Class Plaintiffs respectfully request that this Court enter a Preliminary Injunction against all Defendants, granting relief as follows:

   a. Enjoining Defendants from placement of advertising on, use, monetization, and/or conduct resulting in the generation of revenue on domains less than five (5) days old;

   b. All Defendants ordered to immediately cease and desist tasting, registration, monetization, sale, trafficking in, or other use of Deceptive Domains that infringe on the Class Representatives' and the Putative Class Members' Distinctive and Valuable Marks;

   c. Defendant Google ordered to provide the Court with the domain name and associated reports (traffic statistics, revenue statistics, etc.) of every domain name (including "tasted domains") that has displayed Google controlled advertising, participated in its AdSense for Domains program, or otherwise been used to generate revenue from advertisements;

   d. All other Defendants ordered to provide the Court with the domain name and associated reports (traffic statistics, revenue statistics, etc.) of every domain name that they have tasted, kited, are under their ownership, license, or control, or that they have received any revenue from the displayed of Google controlled advertisements, participated in the Google AdSense for Domains program, or has otherwise been used to generate revenue from internet advertisements;

e. All Defendants ordered to immediately implement Court-approved, appropriate blocking and filtering technology to prevent use and monetization of Deceptive Domains;

f. If one or more of the Defendants cannot implement appropriate blocking and filtering technologies, enjoin those Defendants from all internet advertising until an appropriate blocking and filtering system can be implemented;

g. Order a constructive trust over all revenue generated by any of the Defendants from the monetization of Deceptive Domains;

h. Sanction Defendants for their blatant misrepresentations to this Court that they have stopped the registration, use, and monetization of Deceptive Domains that infringe upon Class Plaintiffs;

i. Award reasonable attorneys' fees and costs for the filing of this Motion; and

j. Award any and all such other relief as this Court deems just and appropriate.

Respectfully Submitted,

By: /s/ Robert M. Foote
    One of Their Attorneys

Robert M. Foote, Esq. #03214325
Stephen W. Fung, Esq. #06289522
Mark A. Bulgarelli, Esq. #06284703
Foote, Meyers, Mielke & Flowers, LLC
28 North First St.
Suite 2
Geneva, IL 60134
630-232-6333

Kathleen C. Chavez, Esq. #06255735
Chavez Law Firm, P.C.
28 North First St.
Suite 2
Geneva, IL 60134
630-232-4480

William J. Harte, Esq.
Dana Pesha, Esq.
Joan M. Mannix, Esq.

William J. Harte, Ltd.
111 West Washington Street
Suite 1100
Chicago, IL 60602
312-726-5015

Benjamin G. Edelman, Esq.
Law Office of Benjamin Edelman
27a Linnaean Street
Cambridge, MA 02138
617-359-3360

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　Lead Plaintiffs, <br><br>　v. <br><br>GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, <br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 07 CV 3371 <br><br> Honorable Blanche M. Manning <br><br> Magistrate Judge Geraldine Soat Brown |

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Brett A. August
baugust@pattishall.com

Michael H. Page
mhp@kvn.com

Mariah Moran
mmoran@stetlerandd`uffy.com
edocket@stetleranddufy.com

Janelle M. Carter
jcarter@winston.com
ECF_CH@winston.com

Kenneth P. Held
kheld@velaw.com

Steven Borgman
sborgman@velaw.com
jwarren@velaw.com
steveborgman@gmail.com
yshumaker@velaw.com

Bradley L. Cohn
bcohn@pattishall.com

| | |
|---|---|
| Alison Conlon<br>conlon@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>hardt@wildmanharrold.com | Jonathan M. Cyrluk<br>cyrluk@stetleranduffy.com<br>edocket@stetleranduffy.com |
| Joseph Gratz<br>jgratz@kvn.com | Misty Martin<br>mmartin@smsm.com |
| Alexis Payne<br>aep@pattishall.com | Ronald Rothstein<br>rrothsstein@winston.com<br>ECF_CH@winston.com<br>mconroy@winston.com |
| Jeffrey Singer<br>jsinger@smsm.com | |
| Anastasios Foukas<br>afoukas@smsm.com | Scott R. Wiehle<br>swiehle@velaw.com |
| Michael R. Dockterman<br>dockterman@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>eckertm@wildmanharrold.com | Joseph Duffy<br>jduffy@stetleranduffy.com<br>bdorgan@stetleranduffy.com<br>edocket@stetleranduffy.com |
| William J. Harte<br>wharte@williamharteltd.com<br>mccarey@williamharteltd.com | Dana Marie Pesha<br>dpesha@williamharteltd.com<br>mccarey@williamharteltd.com |
| Scott Ryan Wiehle<br>swiehle@velaw.com | Aaron Van Oort<br>mavanoort@faegre.com |

    I certify that I have served the foregoing document by emailing a copy to the following individuals:

| | |
|---|---|
| Steven Atlee<br>SAtlee@winston.com | Vincent V. Carissimi<br>carissimiv@pepperlaw.com |
| Joanna J. Cline<br>clinej@pepperlaw.com | Robert J. Hickok<br>hickokr@pepperlaw.com |

                                                s/Robert M. Foote