IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiffs,<br><br>v.<br><br>GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X,<br><br>Defendants. | Civil Action No. 07 CV 3371<br><br>Honorable Blanche M. Manning<br><br>Magistrate Judge Geraldine Soat Brown |

## MOTION FOR LEAVE TO REFILE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND SUPPLEMENT AND TO CONDUCT EXPEDITED LIMITED DISCOVERY

Lead Plaintiffs, Vulcan Golf, LLC ("Vulcan") John B. SanFilippo & Sons, Inc. ("JBSS"), and Blitz Realty Group, Inc. ("Blitz"), and Vincent E. "BO" Jackson ("Bo Jackson") (collectively referred to herein as "Lead Plaintiffs") hereby move for leave to re-file their Motion For Preliminary Injunctive Relief and Supplement, pursuant to Fed. R.Civ.P. 65, as well as moving pursuant to Fed.R.Civ.P. 26, 33 and 34 for leave to conduct expedited limited discovery for the purposes of supplementing their evidentiary record in support of the Motion for Preliminary Injunctive Relief, and in so doing state as follows:

1

1. On February 5, 2008, Magistrate Judge Geraldine Soat Brown stayed discovery in this matter pending resolution of Defendants' Motions to Dismiss Lead Plaintiffs' First Amended Class Action Complaint in Law and Equity ("FAC").

2. On January 3, 2008, Lead Plaintiffs filed a Motion for Preliminary Injunctive relief based on Defendants' willful, continued, and egregious use and monetization of Deceptive Domains despite notice and demands from Lead Plaintiffs to cease said conduct. Monetization of Deceptive Domains related to Plaintiff Bo Jackson, with Google controlled pornography advertisements, was among the "irreparable harm" alleged by Lead Plaintiffs. *See Motion for Preliminary Injunction attached hereto as Exhibit "A."*

3. On January 25, 2008, Lead Plaintiffs filed a "Supplement to Motion for Preliminary Injunctive Relief" based on continued, ongoing and increased use and monetization of Deceptive Domains even since the filing of the Motion for Preliminary Injunctive Relief, including the new monetization with Google controlled pornography advertisements of the Deceptive Domain www.foshernuts.com, which is a typosquat ("1"character deviation) from Class Plaintiff JBSS website www.fishernuts.com. *See Supplement to Motion for Preliminary Injunctive Relief attached hereto as Exhibit "B."*

4. On February 5, 2008, this Court struck Lead Plaintiffs' Motion For Preliminary Injunctive Relief without prejudice as premature.

5. On March 20, 2008, this Court denied all Defendants' Motions to Dismiss Counts (3, 5, 9, 10, 11, 12), alleging violations of Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), common law trademark violations,

contributory trademark infringement, vicarious trademark infringement, and intentional interference with prospective economic advantage.

6. On April 9, 2008, contemporaneous with the filing of this motion, Lead Plaintiffs filed a Second Amended Class Action Complaint In Law and Equity ("SAC"), and in so doing did not make any substantive changes to the ACPA, statutory or common law trademark claims as alleged in the FAC (no changes to Counts 3, 4, 5, 6, 8, 9, 10, 11 of the FAC).

7. As the Court has determined that each Defendant is properly before it on said claims, and since Lead Plaintiffs made no substantive changes to said claims in the SAC, Lead Plaintiffs' Motion for Preliminary Injunctive relief is now ripe and is capable of being determined. Accordingly, Lead Plaintiffs seek leave to pursue preliminary injunctive relief exclusively under the ACPA, statutory and common trademark claims (Counts 4, 5, 6, 7, 9, 10, 11 of the SAC).

8. Plaintiffs respectfully submit, consistent with their previous arguments regarding the harm they continue to endure, their claims for injunctive relief are not premature. Courts considering a plaintiff's request for preliminary injunctive relief in the context of ACPA and other trademark claims, have consistently found a need for preliminary injunctive relief to prevent further irreparable harm. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808 (7th Cir.2002); *International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 66 Fed. R. Serv. 3d 1019 (N.D. Ill. 2006); HER, Inc. v. RE/MAX First Choice, LLC, 468 F. Supp. 2d 964 (S.D. Ohio 2007). *See also Abercrombie & Fitch Co. v. Moose Creek. Inc.,* 486 F.3d 629, 633 (9th Cir.2007) ("Irreparable injury is ordinarily presumed upon a showing of likelihood of success."); *Brookfield Commc'ns, Inc. v. With. Coast Entm't Corp.,* 174 F.3d 1036, 1066 (9th Cir.1999) ("[I]rreparable injury may be presumed from a showing of likelihood of success on the merits of

a trademark infringement claim."), including those brought under the ACPA. *DISC Intellectual Properties LLC v. Delman*, 2007 WL 4973849 (C.D.Cal.,2007).

9. Likewise, courts have consistently granted preliminary injunctive relief in similar factual circumstances, and routinely recognize the "irreparable harm" caused to plaintiffs by the unauthorized association (by defendants) of obscene/pornographic materials/advertisements with a plaintiffs name, business, and reputation. *See Kraft Foods Holdings,* Inc. *v. Helm* 205 F.Supp.2d 942(N.D.Ill., 2002); *Eastman Kodak Co. v. Rakow,* 739 F.Supp. 116 (W.D.N.Y.1989) (a mark can be tarnished when its likeness is placed in the context of sexual activity, obscenity, or illegal activity); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.,* 467 F.Supp. 366 (S.D.N.Y.), aff'd, 604 F.2d 200 (2d Cir.1979). *Ford Motor Co. v. Lapertosa,* 126 F.Supp.2d 463 (E.D.Mich.,2000); *See also Mattel Inc. v. Internet Dimensions, Inc.,* No. 99 Civ. 10066, 2000 WL 973745 (S.D.N.Y. July 13, 2000) (finding that use of domain name barbiesplaypen.com to display pornographic content tarnished goodwill of plaintiff's Barbie mark); *Lucent Technologies v. Johnson,* No. CV-00-05668, 2000 WL 1604055, *3 (C.D.Cal. Sept.12, 2000) (finding that use of domain name lucentsucks.com to display pornographic content could constitute tarnishment of plaintiff's Lucent mark); *See Toys "R" US, Inc. and Geoffrey, Inc., v. Akkaoui,* 40 USPQ 2d 1836, 1838 (N.D.Cal.1996) (mark used in Web site to selling "a variety of sexual devices and clothing" under the name ADULTS R U.S. and domain name "adultsrus.com") dilutes plaintiff's family of trademarks ending in "R" U.S. including TOYS "R" US, KIDS "R" US, etc., citing *Hasbro, Inc v. Internet Entertainment Group, Ltd.,* 40 U.S.P.Q.2d 1479 at *I (W.D.Wash. Feb. 9, 1996); *Archdiocese of St. Louis v. Internet Entertainment Group, Ltd.,* 34 F.Supp.2d 1145, 1999 WL 66022 at 8 (E.D.Mo.1999).

10. Contrary to Defendants' prior representations to this Court, it is not necessary to certify a class action prior to granting class-wide preliminary injunctive relief. Courts grant both individual and class-wide preliminary injunctive relief *prior* to class certification, when a showing of irreparable harm to putative class members is made. See *In re Ameriquest Mortgage Co.,* 2006 WL 1525661(N.D.Ill.,2006) (recognizing that it was unable at an early stage of the litigation to expeditiously rule on the appropriateness of class certification, the court nevertheless granted *class wide* preliminary injunctive relief reasoning that: "A piece of property is always considered unique, and its loss is always an irreparable injury." *United Church of the Med. Ctr. v. Med. Ctr. Comm'n,* 689 F.2d 693, 701 (7th Cir.1982); *see Pelfresne v. Village of Williams Bay,* 865 F.2d 877, 883 (7th Cir.1989). Ultimately, there can be no adequate remedy at law for loss of a home."); see also *Olson v. Wing*, 281 F.Supp.2d 476 (E.D.N.Y.,2003) (pre-Class Certification preliminary injunctive relief granted class-wide to the non-certified class of Disaster Relief Medicaid (DRM) that filed an action seeking preliminary injunction against state and city agencies).

11. Despite repeated notice of their unlawful conduct, the filing of this action, repeated demands by Lead Plaintiffs to cease said unlawful conduct, and the Court's ruling on Defendants' Motion to Dismiss the ACPA and trademark claims, all of the Defendants continue their conduct in violation of the ACPA and statutory and common trademark laws, on a daily and repeated basis, up and through the filing of this motion.

12. Absent preliminary injunctive relief, Defendants will not stop tasting, kiting, registering, monetizing and otherwise using Deceptive Domains in violation of the ACPA and statutory and common law trademark claims, thus irreparably harming Lead Plaintiffs and the Class. Defendants' blatant disregard for Lead Plaintiffs' and putative class members' property,

business, and rights, including but not limited to Defendants use of pornography advertisements, is causing irreparable harm and necessitates immediate preliminary injunctive relief.

13. Further, Defendants' continued blatant participation in tasting and kiting, and the use/monetization of domains that are less than five (5) days old, increases the harm to Lead Plaintiffs and the putative class members and increases the likelihood of additional "new" violations. Internet Association for Assigned Names and Numbers ("ICANN") recently acknowledged the harms associated with tasting and kiting in a June 14, 2007 Report titled: "GNSO Issues Report on Domain Tasting," which provides a section on the "Consequences of Domain Tasting." (p.34). In pertinent part, that section lists five likely consequences, including: (1) Destabilization of the Domain System, (2) Creation of Consumer Confusion, (3) Increased Costs and Burdens to Legitimate Restraints; (4) Facilitation of Trademark Abuse, and (5) Facilitation of Criminal Activity. *(P. 34-35) See ICANN Report on Domain Tasting, attached hereto as Exhibit "C."*

14. On January 29, 2008, ICANN's Board of Directors have issued a recommendation to take action (by making fee changes) against Domain Tasting. *See www.ICANN.org*. ICANN proposes charging the registration fee upon registration, and only later refunding the charges. ICANN believes that the fee changes will help address Domain Tasting. In its press release, ICANN explained, in pertinent part: "Tasting has been a serious challenge for the Internet community and has grown exponentially since 2004. In January 2007 the top 10 domain tasters accounted for 95% of all deleted .com and .net domain names — or 45,450,897 domain names out of 47,824,131 total deletes." *See attached ICANN January 29, 2008 Press Release, attached hereto as Exhibit "D."*

15. As a result of the continuing and impending future irreparable harm experienced

by Plaintiffs, leave is sought in the instant motion to conduct limited discovery in the interests of expediency to prevent such harm and obtain a hearing on the Motion for Preliminary Injunctive Relief as soon as practicable. Although Lead Plaintiffs contend that websites and "screenshots" evidencing Defendants' continued and repeated (willful) use and monetization of Deceptive Domains is sufficient evidence to support preliminary injunctive relief, Lead Plaintiffs are seeking very limited additional discovery for purposes of providing this Court with additional evidence in support of the Motion for Preliminary Injunctive Relief.

16. Lead Plaintiffs specifically request a limited twenty-one (21) day discovery period. Lead Plaintiffs attach proposed discovery for this Court's review and represent to this Court that they has made all efforts to limit the scope of discovery accordingly.

17. Each day that passes without preliminary injunctive relief causes additional irreparable damage to Lead Plaintiffs' and the putative class.

18. Lead Plaintiffs request a limited scope of Discovery during the twenty-one (21) day period of time that would include:

    i. Lead Plaintiffs propounding Limited Interrogatories, Production Requests, and Requests for Admission and a single Rule 30(b)(6) Deposition Notice upon each Defendant. Lead Plaintiffs request leave to collectively propound a single set of limited discovery on Defendant, that shall be limited as follows:

        a. 5 Interrogatories to each Defendant;

        b. 10 Production Requests to Each Defendant;

        c. 10 Requests for Admission to Each Defendant; and

      d. One 30(b)(6) deposition notice.

    ii. Defendants to answer written discovery within fourteen (14) days; and

    iii. Defendants to provide 30(b)(6) designees for deposition within (21) days.

19. Defendants have taken the position, in their filings with this Court, that they do not believe any discovery is necessary to dispose of Lead Plaintiffs' Motion for Preliminary Injunctive Relief. The burden, however, is upon Lead Plaintiffs to establish the necessity for preliminary injunctive relief. As discovery has been stayed in this matter, Lead Plaintiffs have not had any opportunity to obtain certain specific information that is in the exclusive possession of Defendants (i.e, the identity of each domain/website that was monetized with an AdWords advertisement during the relevant class period). Lead Plaintiffs therefore request limited discovery relevant to its Motion for Preliminary Injunctive Relief.

20. Since Defendants have advised this Court that they do not need any discovery to respond to Lead Plaintiffs Motion For Preliminary Injunctive relief, and based on the ongoing irreparable harm that requires expedited discovery, Lead Plaintiffs have not proposed any discovery on behalf of Defendants. However, Lead Plaintiffs have no objection to Defendants conducting limited discovery on the same terms afforded Lead Plaintiffs.

21. Courts have discretion to grant expedited limited discovery in connection with a motion for preliminary injunctive relief, especially since different standards of proof and of preparation generally apply to the emergency hearing, as opposed to full trial. *Paris v. U.S. Dept. of Housing and Urban Development*, 713 F.2d 134 (C.A.Ind., 1983).

22. In fact the 7th Circuit has recognized that a litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency

relief, or to forego a prompt application for an injunction in order to prepare adequately for trial. *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.,* 463 F.2d 1055, 1057 (7th Cir.1972).

WHEREFORE, Lead Plaintiffs respectfully request that this Honorable Court enter an order granting Lead Plaintiffs leave to re-file their previously filed Motion for Preliminary Injunctive Relief and Supplement, as attached hereto, instanter, as well as leave to conduct expedited limited discovery as set forth herein.

Dated:  04/09/02008                    FOOTE, MEYERS, MIELKE & FLOWERS, LLC

/s/Robert M. Foote
Robert Foote, Esq. (#03214325)
Stephen W. Fung, Esq. (#06289522)
Mark A. Bulgarelli, Esq. (#06284703)
Foote, Meyers, Mielke & Flowers, LLC
28 North First St., Suite 2
Geneva, IL 60134
Tel. No.: (630) 232-6333

Kathleen C. Chavez, Esq. (#6255735)
Chavez Law Firm, P.C.
28 North First St., Suite 2
Geneva, IL  60134

William J. Harte, Esq.
Dana Pesha, Esq.
William J. Harte, Ltd.
111 West Washington Street
Suite 1100
Chicago, IL 60602

Benjamin G. Edelman, Esq.
Law Office of Benjamin Edelman
27a Linnaean Street
Cambridge, MA 02138
Tel. No.: (617) 359-3360

Bryan L Clobes, Esq.
Cafferty Faucher, LLP
1717 Arch Street
Suite 3610
Philadelphia, PA 19103

Nyran Rose Pearson, Esq.
Dominic J. Rizzi, Esq.
Cafferty Faucher LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiffs,<br><br>v.<br><br>GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X,<br><br>Defendants. | Civil Action No. 07 CV 3371<br><br>Honorable Blanche M. Manning<br><br>Magistrate Judge Geraldine Soat Brown |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Brett A. August<br>baugust@pattishall.com | Kenneth P. Held<br>kheld@velaw.com |
| Michael H. Page<br>mhp@kvn.com | Steven Borgman<br>sborgman@velaw.com<br>jwarren@velaw.com |
| Mariah Moran<br>mmoran@stetleranduffy.com<br>edocket@stetleranduffy.com | steveborgman@gmail.com<br>yshumaker@velaw.com |
| Bradley L. Cohn<br>bcohn@pattishall.com | Aaron Daniel Van Oort<br>Avanoort@faegre.com |

| | |
|---|---|
| Alison Conlon<br>conlon@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>hardt@wildmanharrold.com | Jonathan M. Cyrluk<br>cyrluk@stetleranduffy.com<br>edocket@stetleranduffy.com |
| Joseph Gratz<br>jgratz@kvn.com | Misty Martin<br>mmartin@smsm.com |
| Alexis Payne<br>aep@pattishall.com | Ronald Rothstein<br>rrothsstein@winston.com<br>ECF_CH@winston.com<br>mconroy@winston.com |
| Jeffrey Singer<br>jsinger@smsm.com | Scott R. Wiehle<br>swiehle@velaw.com |
| Michael R. Dockterman<br>dockterman@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>eckertm@wildmanharrold.com | Joseph Duffy<br>jduffy@stetleranduffy.com<br>bdorgan@stetleranduffy.com<br>edocket@stetleranduffy.com |
| William J. Harte<br>wharte@williamharteltd.com<br>mccarey@williamharteltd.com | Dana Marie Pesha<br>dpesha@williamharteltd.com<br>mccarey@williamharteltd.com |
| Henry M. Baskerville<br>hbasker@stetleranduffy.com | Marlon Emile Lutfiyya<br>mlutfiyya@winston.com |
| Dominic J. Rizzi<br>drizzi@caffertyfaucher.com | Nyran Rose Pearson<br>npearson@faffertyfaucher.com |
| Thomas J. Wiegand<br>twiegand@winston.com | Anastasios T. Foukas<br>Afoukas@smsm.com |

I certify that I have served the foregoing document by emailing a copy to the following individuals:

| | |
|---|---|
| Steven Atlee<br>SAtlee@winston.com | Vincent V. Carissimi<br>carissimiv@pepperlaw.com |
| Joanna J. Cline<br>clinej@pepperlaw.com | Robert J. Hickok<br>hickokr@pepperlaw.com |

/s/Robert M. Foote