## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VULCAN GOLF, LLC, JOHN B. | ) | |
| SANFILIPPO & SONS, INC. | ) | |
| BLITZ REALTY GROUP, INC. | ) | |
| and VINCENT E. "BO" JACKSON | ) | |
| Individually And On Behalf of All Others | ) | |
| Similarly Situated, | ) | No. 07 CV 3371 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| GOOGLE INC., OVERSEE.NET, | ) | |
| SEDO LLC, DOTSTER, INC., AKA | ) | Magistrate Judge Geraldine Soat Brown |
| REVENUEDIRECT.COM, | ) | |
| INTERNET REIT, INC. d/b/a IREIT, INC. | ) | |
| and JOHN DOES I-X, | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS

On March 20, 2008, this Court issued its Memorandum and Order, addressing in 52 pages of detail all of the Defendants' motions to dismiss under Rule 12(b)(6). Defendants believe this action now is in position to address the question of whether Plaintiffs' putative class can be certified. To that end, Defendants had proposed to Plaintiffs that if they did not seek to replead the dismissed claims, then Defendants would answer the surviving counts and the parties could proceed to class certification. Plaintiffs have rejected this proposal, however, instead moving for leave to replead their dismissed claims with a Second Amended Complaint ("SAC"). Rule 15(a), while setting a permissive standard for leave to amend a complaint, does not require this Court to engage in an exercise of futility. Defendants believe that this Court can and should deny leave to file the SAC because even a cursory review of the proposed SAC demonstrates that it fails to cure the defects identified in the Court's March 20 Order. On the other hand, if the

Court believes that a more detailed review is required, Defendants are prepared to present such arguments in their Rule 12(b)(6) motions rather than filing detailed oppositions to Plaintiffs' motion for leave to amend under Rule 15(a). In the interim, Plaintiffs agree that discovery should continue to be stayed during another round of Rule 12(b)(6) motions (other than their request for expedited discovery on their renewed motion for preliminary injunction).

Plaintiffs also propose that they refile the same preliminary injunction motion that this Court struck earlier this year, even though nothing has happened in the interim that would affect the Court's rationale for doing so. Because the question of class certification has not been addressed, the only relief that this Court could grant would relate to named Plaintiffs and the evidence submitted by them. Even if Plaintiffs could prevail in this limited scope (which Defendants deny), the motion can serve no utility as Defendants have continued throughout this action to remove and not use any allegedly infringing domain names. The preliminary injunction motion would serve only to waste this Court's and Defendants' time and other resources.

This Court should deny Plaintiffs' two motions and, as instructed by this Court in its March 20 Order, a schedule should be set to address the question of class certification.

## ARGUMENT

**I.  THE SECOND AMENDED COMPLAINT SHOULD NOT BE FILED**

Under Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, Rule 15(a) does not require courts to indulge in futile gestures. *See Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985). A court is justified in denying leave to amend if proposed amendments could not withstand a motion to dismiss. *Id.*; *Universal Mfg. Co. v. Douglas Press, Inc.*, 770 F.Supp. 434, 435 (N.D. Ill. 1991). More specifically, where proposed amendments fail to cure

deficiencies in an original pleading or could not survive a second motion to dismiss, a district court properly refuses leave to amend. *Crestview Village Apts. v. U.S. Dept. of Housing and Urban Dev.*, 383 F.3d 552, 559 (7th Cir. 2004); *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991); *Nigrelli v. Catholic Bishop of Chicago*, 794 F.Supp. 246, 248 (N.D. Ill.1992).

In this case, Plaintiffs have not shown that their proposed amendments cure the deficiencies that the Court identified in claims made in the First Amended Complaint ("FAC"). Rather, Plaintiffs have provided the Court with a simple chart indicating in conclusory fashion that "any changes" to its RICO, Unjust Enrichment and Civil Conspiracy claims are "substantive." Further, the chart plainly admits that Plaintiffs' claim for declaratory judgment in Count Eight of the FAC—a Count that the Court dismissed—remains unchanged in the SAC.

A review of the SAC reveals that, contrary to Plaintiffs' unsupported conclusions, Plaintiffs have failed to make any changes to its dismissed claims that would save the claims from dismissal again. As a matter of law, Plaintiffs have therefore failed to meet their burden in re-pleading these claims. *See Kendall v. Visa*, No.05-16549, 2008 WL 613924 at *7 (9th Cir. March 7, 2008) (affirming the trial court's denial of leave to amend on grounds of "futility" because the plaintiffs' second amended complaint contained the same defects as the first). Accordingly, Plaintiffs' motion should be denied.

**A.     Plaintiffs Have Failed To Cure The Deficiencies In Their Claims For Unjust Enrichment Or Civil Conspiracy**

This Court dismissed Plaintiffs' claims in the FAC for unjust enrichment and civil conspiracy, Counts Thirteen and Fourteen, after finding that the allegations as pled in those counts did not comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (March 20, 2008 Memorandum and Order ("Mem. and Order") at 44.) In

particular, the Court noted that the counts failed to identify specific allegations in the FAC that would meet the requirements of Rule 9(b).

The only differences in how these counts are pled in the FAC as opposed to in the SAC is that they each now include a reference to "paragraphs 1-11, 152-211, and 260" of the Complaint. However, these referenced paragraphs have not changed in any meaningful way either. Plaintiffs have alleged no new facts in these paragraphs or others that would support their claims in Counts Thirteen and Fourteen. Plaintiffs cannot satisfy their burden of pleading these counts with particularity, as required by Rule 9(b), by half-heartedly referencing unchanged paragraphs that do not relate specifically to the elements of the claims in those counts. Consequently, Plaintiffs should not be allowed to re-plead their civil conspiracy or unjust enrichment claims.

**B.  Neither Plaintiffs' Re-pled RICO Claims Nor the Newly Alleged RICO Claim Cure The Deficiencies In Plaintiffs' RICO Claims**

The SAC also fails to repair the deficiencies that this Court identified in Plaintiffs' RICO claims. Plaintiffs' RICO claims under Counts One and Two of the FAC failed in part because Plaintiffs failed to allege an "enterprise" as required under the federal RICO statute. (Mem. and Order at 47-48.) For example, Plaintiffs' allegations did not support a finding that a hierarchical structure existed outside the Defendants' normal business relationships. (*Id.* at 50-51.) Further, the alleged "enterprise" was too nebulous and not well enough defined. (*Id.* at 49.)

The allegations in the SAC contain these same deficiencies. The revised RICO section contains only thinly veiled recitations of the various business relationships among the Defendants and others that Plaintiffs already alleged in the FAC. Plaintiffs have defined a new term, "Google Network," but fail fundamentally to change the make-up of the enterprise they

allege. Plaintiffs still fail to identify a hierarchical structure that exists *outside the defendants' normal relationships*. They have not alleged any old or new facts that would support a finding that Defendants were engaged in any sort of consensual decision-making. (*See* Mem. and Order at 50.) They have not alleged any old or new facts that would support a finding that Defendants conducted or participated in the conduct of an "*enterprise's*" affairs, as opposed to merely their *own* affairs. (*Id.* at 51.) Plaintiffs simply have recycled allegations from their RICO claims in the FAC and added the conclusory label "Hierarchical Structure like RICO Enterprise," *see* SAC ¶ 246, and thus have not cured their prior failed attempt to identify a RICO "enterprise."

The addition of a new RICO claim, in Count One of the SAC, also is futile because it relies on the same "enterprise" allegations as the other RICO counts, and thus fails for the same reasons.

### C. Plaintiffs Concede That Their Deficient Declaratory Judgment Claim Has Not Been Cured

The Court dismissed Plaintiffs' claim for declaratory judgment as alleged in Count Eight of the FAC because Plaintiffs acknowledged that Count Eight failed to add anything to the Complaint that would not be decided by other pending counts. (Mem. and Order at 35-36.) Count Eight of the SAC contains the same claim, unmodified. Even Plaintiffs' motion for leave to file the SAC indicates that there were "no changes" to this claim. Thus Count Eight of the SAC also fails to provide any basis to justify leave to file the new complaint.

## II. THIS COURT SHOULD DENY LEAVE TO REFILE THE PRELIMINARY INJUNCTION MOTION

### A. Plaintiffs Can Seek Preliminary Injunctive Relief Only In Relation To The Specific Domain Names That They Have Identified

Before a class has been certified, the plaintiffs may not seek injunctive relief on behalf of the class as a whole. Indeed, as this Court has ruled, "the absence of an order certifying

a class dooms any such request." *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1081 (N.D. Ill. 1998) (Manning, J.). When, as here, "a class has not been certified, the only interests at stake are those of the named plaintiffs." *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997). Thus, "a wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified. Why else bother with class actions?" *Id.* Consistent with *Chavez* and *McKenzie*, other courts have held in recent cases that class certification issues should be addressed before considering substantive motions such as those seeking preliminary injunctive relief. *See* 3 Newberg on Class Actions § 7:15 (4th ed.). Attempting to assess any class-wide harm and right to relief proves even more challenging in this case due to Plaintiffs' class definition of "anyone with a claim."

The cases that Plaintiffs cite fail to support their argument that class-wide preliminary injunctive relief should be considered prior to the question of class certification. Plaintiffs misdescribe the holding in *In re Ameriquest Mortgage Co*, No. 05-CV-7097, 2006 WL 1525661 at *1 (N.D. Ill. May 30, 2006), where the court did *not* grant class-wide preliminary injunctive relief prior to class certification. Indeed, the court explicitly stated that at the "early stage of the litigation" it was "improvident" for it to rule on the plaintiffs' motions for a preliminary injunction. Two other cases that Plaintiffs cite, *United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693 (7th Cir. 1982) and *Pelfresne v. Village of Williams Bay*, 865 F.2d 877 (7th Cir. 1989), were not even class actions. In the last case that Plaintiffs cite, *Olson v. Wing,*, 281 F. Supp. 2d 476 (E.D.N.Y. 2003), the court did grant a class-wide preliminary injunction prior to class certification., but the context there was radically different from the present case. The named plaintiff sought the continued provision of Medicaid benefits until a hearing could be held, and she sought the same relief for all similarly situated individuals whose

benefits had been terminated. 281 F. Supp. 2d at 479. The parties agreed that there were no relevant facts on which they disagreed, and thus the same legal question presented by the named plaintiff applied to all of the similarly situated putative class members. *Id.* at 480. The court's overriding concern involved the potentially life-threatening consequences of denying Medicaid benefits to putative class members. *Id.* at 486-87. In this case, by contrast, it is not known who might be in the putative class, and the facts differ significantly for each named plaintiff as well as for each putative class member. Plaintiffs fail to provide this Court with a request that it can even hope to be able to assess and determine.

B. **Defendants Have Obviated Plaintiffs' Alleged Need For A Preliminary Injunction**

From the outset of this case, Defendants have voluntarily blocked any domain name the Plaintiffs have asked them to. Moreover, this is not special treatment due to this litigation: Google's policy, for example, is to block any domain name that any trademark owner in good faith requests, immediately and with no questions asked. Thus the only relief to which the named Plaintiffs might be entitled is treatment they -- and any other trademark holder -- receive as a matter of course merely by asking. Because the preliminary injunction motion seeks relief that is already afforded to the named Plaintiffs and is unavailable as a matter of law to the putative class, it is entirely futile.

Not all Defendants are even implicated by the domain names that Plaintiffs have identified as offensive in either the SAC or Plaintiffs' proposed motion for preliminary injunction and its attached exhibits. Nevertheless, as Defendants have been doing in this case whenever Plaintiffs complain about a new domain name, Defendants agree to block and not use any of these names. Because Plaintiffs can seek relief only as to these domain names, *see Adams*, 204 F.3d at 488, and because Defendants have already ceased using them, there is no

further relief that could be ordered as a result of Plaintiffs' proposed preliminary injunction motion.

The Northern District of Illinois has indicated that a defendant's cessation of activity complained of may obviate the need for a preliminary injunction. In *Educational Tours, Inc. v. Hemisphere Travel, Inc.*, No. 04-C-0559, 2004 WL 887417 (N.D. Ill Apr. 26, 2004), the defendant registered three domain names that were similar to the plaintiff's website and trademark name. *Id.* at *1. The Education Tours plaintiff sent a cease and desist letter for all three domain names and requested a response in writing. *Id.* at *3. The defendant agreed orally to voluntarily stop using *two* of the domain names, which was sufficient to address those two names. *Id.* However, because the defendant did not agree to stop using all three names, the court reasoned that this amounted to a "counter-offer" and so concluded that the requested preliminary injunctive relief was not moot—the implication being that if the defendant had agreed to stop using all three domain names, relief would not have been necessary.

Defendants already have agreed to do the only thing the Court could order at this time. Accordingly, Plaintiffs should be denied leave to refile at this time their proposed motion for preliminary injunction.

**CONCLUSION**

Defendants believe that the proper next step in this action is to set a schedule to address the question of class certification, and that Plaintiffs' two motions are not appropriate and should be denied at this time. Defendants therefore respectfully request that the renewed Motion for Preliminary Injunction be denied, that Plaintiffs be given leave to file their proposed Second Amended Complaint only on those counts not previously dismissed, and that the parties be directed to proceed to discovery limited solely to class certification issues.

Dated: April 14, 2008

        OVERSEE.NET

        By: /s/ Thomas J. Wiegand
           One of its Attorneys

        Steven D. Atlee
        Winston & Strawn LLP
        333 South Grand Avenue, 38th Floor
        Los Angeles, California 90071

        Thomas J. Wiegand (twiegand@winston.com)
        Winston & Strawn LLP
        35 West Wacker Drive
        Chicago, Illinois 60601

        SEDO LLC

        By: /s/ Jeffrey Singer
           One of its Attorneys

        Jeffrey Singer
        Misty R. Martin
        Segal McCambridge Singer & Mahoney
        Sears Tower
        233 South Wacker Drive, Suite 5500
        Chicago, Illinois 60606

IREIT, INC

By: /s/ Brett A. August
   One of its Attorneys

Brett A. August (ARDC #0081345)
Alexis E. Payne (ARDC #6270412)
Pattishall, McAuliffe, Newbury,
 Hilliard & Geraldson
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60613

Steven R. Borgman
Kenneth P. Held
Vinson & Elkins, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760


DOTSTER, INC.:

By: /s/ Michael Dockterman
   One of its Attorneys

Michael Dockterman (03121675)
Alison C. Conlon (6272083)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229

Vincent V. Carissimi
Robert L. Hickok
Joanna J. Cline
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, Pennsylvania 19103-2799

GOOGLE, INC

By:   /s/ Michael H. Page     
    One of its Attorneys

Michael H. Page
Joseph C. Gratz
KEKER & VAN NEST LLP
San Francisco, CA 94111-1704
(415) 391-5400
*Lead Counsel*
*Admitted Pro Hac Vice*

Aaron D. Van Oort
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-8138

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E.Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all the parties.


/s/ Thomas J. Wiegand
ATTORNEY FOR OVERSEE.NET