**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SON, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually and on Behalf of All Others Similarly Situated, § § § § § § § § Lead Plaintiffs, § § v. § § GOOGLE, INC., OVERSEE.NET, § SEDO LLC, DOTSTER, INC., AKA § REVENUEDIRECT.COM, § INTERNET REIT, INC. d/b/a IREIT, INC., § and JOHN DOES I-X, § § Defendants. § | Civil Action No. 07 CV 3371<br><br>Honorable Blanche M. Manning<br><br>Magistrate Judge Geraldine S. Brown |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO REFILE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND SUPPLEMENT AND TO CONDUCT EXPEDITED LIMITED DISCOVERY**

On April 14, 2008, this Court granted Plaintiffs' Motion for Leave to File a Second Amended Complaint in part and granted Plaintiffs leave to file a Third Amended Complaint. Thus, Defendants' response to Plaintiffs' Motion for Leave to File a Second Amended Complaint is moot and will not be addressed at this time. With respect to Defendants' response to Plaintiffs' Motion for Leave to Refile Motion for Preliminary Injunctive Relief and Supplement and To Conduct Expedited Limited Discovery, Plaintiffs reply, and in doing so, state as follows:

**I.     THIS COURT SHOULD GRANT LEAVE TO FILE THE PRELIMINARY INJUCTION MOTION**

Lead Plaintiffs should be granted leave to refile their Motion for Preliminary Injunctive Relief and Supplement for the following reasons:

- a. Preliminary injunctive relief is a flexible equitable remedy that should be carefully considered after providing parties an opportunity to present evidence and be heard on the merits;

- b. Preliminary injunctive relief is routinely granted in cases involving ACPA, 15 U.S.C. 1129 *et seq.*, Lanham Act and trademark claims;

- c. Irreparable harm is presumed in trademark infringement and ACPA claims;

- d. This Court denied all Defendants' motions to dismiss the Lanham Act, ACPA and common law trademark claims (therefore, mooting the prior basis for which this Court determined that Lead Plaintiffs' Motion for Preliminary Injunctive Relief and Supplement must be denied without prejudice as premature);

- e. Since all Defendants remain in this action on all claims that provide a basis for preliminary injunctive relief, the fact that Defendants intend to file unrelated motions to dismiss should not be used by Defendants as a basis to delay consideration of the Motion for Preliminary Injunctive Relief;

- f. It is proper for this Court to consider granting both individual and/or classwide injunctive relief, even before consideration of the merits of class certification; and

    g.  Irreparable harm is occurring and will continue to occur if immediate preliminary injunctive relief is not granted.

When faced with a motion for a preliminary injunction, a district court must remain flexible, and weigh the equities as to each element of preliminary relief sought by the plaintiff. *Lawson Products, Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1435-36 (7th Cir. 1986). Preliminary injunctions are "by [their] very nature, interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for-the-time-beingness." *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 739, 742 (2nd Cir. 1953). *See also United States v. White County Bridge Commission,* 275 F.2d 529, 534 (7th Cir. 1960). The temporary nature of the remedy mitigates, without eliminating, the concern with the possibility of mistake and need for the "correct" answer. *See United States Steel Corp. v. Fraternal Association of Steelhaulers,* 431 F.2d 1046, 1048 (3rd Cir. 1970); *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1133 (9th Cir. 1979). With that said, although this Court has great discretion in evaluating a Motion for Preliminary Injunctive Relief, said flexibility should not be hyperextended to result in summary denial of Lead Plaintiffs' Motion for Leave to File Preliminary Injunctive Relief. Preliminary injunctive relief is inherently "urgent" in nature. It is equitable in nature and necessarily relies upon careful consideration of competing interests. It should not be determined without providing the parties an opportunity to obtain and present relevant evidence. Although Defendants have represented to this Court that they do not need any discovery to respond to Lead Plaintiffs Motion for Preliminary Injunctive Relief, Lead Plaintiffs are still entitled to develop an evidentiary record and file evidentiary support with this Court prior to adjudication of their motion. *See Lucini Italia Company v. Grappolini*, 288 F.3d 1035

(7th Cir. 2002); *Paris v. U.S. Dept. of Housing and Urban Development*, 713 F.2d 1341 (7th Cir. 1983); *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6 (7th Cir. 1992).

Importantly, Lead Plaintiffs have moved for preliminary injunctive relief both individually and on behalf of the Class. Lead Plaintiffs have a right to pursue preliminary injunctive relief, since this Court denied all Defendants' Motions to Dismiss the ACPA, Lanham Act and common law trademark claims. *See Broadbridge Media, L.L.C. v. HyperCD.com,* 106 F.Supp.2d 205 (S.D.N.Y. 2000) (granting preliminary injunctive relief in an ACPA case). *See also Her, Inc. v. RE/MAX First Choice, LLC*, 468 F.Supp.2d 964 (S.D.Ohio 2007) (granting preliminary injunctive relief on an ACPA and Lanham Act claim). Preliminary injunctive relief in individual ACPA, Lanham Act, and trademark cases is routinely granted. *See Broadbridge Media, L.L.C.*, 106 F.Supp.2d 205. *See also Her, Inc.*, 468 F.Supp.2d 964; *Advance Magazine Publishers, Inc. v. Vogue Intern.*, 123 F.Supp.2d 790 (D.N.J. 2000); *Shields v. Zuccarini*, 89 F.Supp.2d 634 (E.D.Pa. 2000). Any inquiry must start with the well established presumption that <u>Lanham Act injuries are irreparable</u>. *See International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1091 (7th Cir. 1988); *McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2nd Cir. 1988). *See also Processed Plastic Co. v. Warner Communications, Inc.*, 675 F.2d 852 (7th Cir. 1982) (Where manufacturer of toy cars to which were affixed symbols of origin which had become associated with television series did not introduce evidence *to rebut inference* that its intentional copying of television series car effectively created confusion on part of consuming public, manufacturer failed to show that clear abuse of discretion resulted from federal district court's granting of preliminary injunction against manufacture, sale or distribution of such toy cars); *Eli Lilly & Co. v. Natural Answers, In*c., 233 F.3d 456 (7th Cir. 2000) (Irreparable harm, as required to obtain a preliminary

4

injunction, is generally presumed in cases of trademark infringement and dilution.) *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796 (7th Cir. 2002) (The law presumes, for purposes of preliminary injunctive relief, that trademark dilution or infringement threatens irreparable injury for which there is no adequate remedy at law); *Promatek Industries, Ltd. v. Equitrac Corp.,* 300 F.3d 808 (7th Cir. 2002).

At a minimum, this Court must allow and consider Lead Plaintiffs' individual requests for injunctive relief. In equity, and upon the exercise of its sound discretion, this Court should consider Lead Plaintiffs' request for class-wide injunctive relief. Both in the 7th Circuit and in federal courts nationwide, where blatant and egregious irreparable harm threatens a putative class, courts have granted class-wide injunctive relief prior to determination of class certification. Defendants' attempts to misconstrue the cases cited in Plaintiffs' Motion for Leave simply underscores their inability to identify any legal authority supporting the proposition that class certification must be decided prior to granting class-wide temporary or preliminary injunctive relief.

> **A. Cases Referenced in Lead Plaintiffs Motion for Leave To Refile Motion for Preliminary Injunctive Relief and Supplement and to Conduct Expedited Limited Discovery Are Cases Where Class-Wide Injunctive Relief was Granted Prior to a Determination of Class Certification**

In paragraph 10 of Lead Plaintiffs' Motion for Leave to Refile Motion for Preliminary Injunctive Relief and Supplement and to Conduct Expedited Limited Discovery, the following two cases were cited for the proposition that a Court may exercise its discretion and grant class-wide injunctive relief prior to determining class certification: *In re Ameriquest Mortgage Co.,* 2006 WL 1525661 (N.D.Ill. 2006), and *Olson v. Wing*, 281 F.Supp.2d 476 (E.D.N.Y. 2003).

5

In *In re Ameriquest Mortgage Co.*, 2006 WL 1525661 (N.D.Ill. 2006), the Court held that: "Plaintiffs, homeowners who obtained mortgages from Ameriquest Mortgage Company or its affiliates (collectively, "Ameriquest"), filed motions for class certification and for a preliminary injunction on January 11, 2006. Recognizing that we are unable at this early stage of the litigation to expeditiously rule on those motions, Plaintiffs seek interim injunctive relief ordering Ameriquest to issue notice to borrowers who may face foreclosure before class-wide relief can be determined. Over Ameriquest's objection, we grant the limited injunction for the reasons discussed below." In that case, class injunctive relief was granted prior to determination of class certification because of the imminent and irreparable harm associated with delay. Likewise, in *Olson v. Wing*, 281 F.Supp.2d 476 (E.D.N.Y. 2003), the Court granted class-wide injunctive relief prior to determining the merits of class certification, in a case involving a putative class of Disaster Relief Medicaid recipients that filed an action seeking injunction against state and city agencies.

In an attempt to confuse the issue, Defendants argue to the Court that the following two cases, that were cited in a parenthetical following the *In re Ameriquest Mortgage* citation, did not grant class injunctive relief prior to determining class certification, and were not even class actions: *United Church of the Med. Ctr. v. Med. Ctr. Comm'n,* 689 F.2d 693, 701 (7th Cir. 1982); and *Pelfresne v. Village of Williams Bay,* 865 F.2d 877, 883 (7th Cir. 1989). As Defendants must know, since those cases were cited in a parenthetical following a case citation, they were simply part of a quotation from the cited case. If Defendants had read the cited case, they would have found the exact quotation/citation on page 5 of the *Ameriquest* opinion: "A piece of property is always considered unique, and its loss is always an irreparable injury. *United Church of the Med.*

6

*Ctr. v. Med. Ctr. Comm'n,* 689 F.2d 693, 701 (7th Cir. 1982); *see Pelfresne v. Village of Williams Bay,* 865 F.2d 877, 883 (7th Cir. 1989)."

### B. In the Seventh Circuit, Preliminary Injunctive Relief is Properly Considered Before Class Certification

The Seventh Circuit frequently considers Motions for Preliminary Injunctive Relief in Class Action cases before Class Certification is granted. In fact, Courts in this circuit actually grant motions for preliminary injunctions before motions for class certification are even considered. In *Moore v. Miller*, 612 F.Supp. 952 (C.D.Ill. 1985), the Court granted Plaintiffs' Motion for Preliminary Injunctive Relief before Class Certification and actually waited for the preliminary injunction to dissolve before considering Plaintiffs' Motion for Class Certification. Again, in *Serpas v. Schmidt*, 1983 WL 2192 (N.D.Ill. 1983), the Court again granted preliminary injunctive relief before deciding on Plaintiffs' Motion for Class Certification. And even in cases where the motion is not granted, the Courts will hear the motion. *See Love v. City of Chicago, Illinois*, 1996 WL 627614 (N.D.Ill. 1996). While Courts in this circuit have on occasion refused to consider preliminary injunctive relief before Class Certification is granted, just as often, if not more often, Seventh Circuit Courts will consider and, if the requirements are met, grant motions for preliminary injunctive relief before Class Certification is granted.

Moreover, the authority upon which Defendant relies in this matter is entirely distinguishable and does not bear relevance on this matter. The matter in *Chavez v. Illinois State Police*, 27 F.Supp. 1053, 1081 (N.D.Ill. 1998) (Manning, J.), dealt with preliminary injunctive relief to a highly speculative class. The Plaintiffs in *Chavez* attempted to establish a race based class based on the testimony of two individuals who believed they were being racially profiled, and speculated this may have happened to others. The *Chavez* Plaintiffs were not actually able

to establish that other members of the class might actually exist, which made granting a preliminary injunction to a speculative class inappropriate. However in the present matter it has already been shown that Defendants are infringing on not just the trademarks of the named Plaintiffs, but in fact on thousands of other non-named Plaintiffs. The examples of http://nikesshoes.com and http://fordmotors.com are merely two of a myriad more infringing domains that can be provided to the court upon request. The putative class in this matter very much exists, and preliminary injunctive relief should be granted in order to protect the putative class's interests.

**C. Defendants Are In Exclusive Possession of the Identity of Each Putative Class Member**

Further, again in complete contrast with Defendants' claims, the identity of the putative class is reasonably ascertainable. Defendants know the identity of every single domain that they have "monetized" during the class period. Defendants further know which domains are "Deceptive Domains," as that term is defined in the Third Amended Complaint (i.e, "www" and "com.com" names). Each Defendant maintains organized, easily accessible business records that specifically identify each domain that they have monetized during the Class Period.

Within minutes, each Defendant can generate a list of thousands of such domains that they have actively tasted, kited, owned, licensed, monetized and/or otherwise used during the class period to generate financial gain. Defendants maintain easily accessible databases and computer programs containing very specific information. The fact that Defendants are in exclusive possession of said list is not a sufficient reason to deny Lead Plaintiffs leave to file a Motion for Preliminary Injunctive Relief. It is, however, a reason to compel Defendants to provide Lead Plaintiffs the identity of said domains as part of expedited limited discovery related

to the Motion for Preliminary Injunctive Relief.  Simply, not one of the Defendants can honestly represent to this Court that they have not monetized over a thousand Deceptive Domains during the Class Period.  Not one of the Defendants can represent to this Court that they are not currently monetizing Deceptive Domains today.

For instance, the domain http://nikesshoes.com, which infringes upon the trademark of widely known athletic apparel company Nike (which is not a named Plaintiff in this matter), has been monetized by Defendant Sedo.  (See Exhibit A, screenshot of http://nikesshoes.com).  Another example is that the domain http://fordmotors.com, infringing on the domain of widely known automobile maker Ford (another non-named Plaintiff in this matter), has been monetized by Defendant Google.  (See Exhibit B, screenshot of http://fordmotors.com).  In further support, http://angelinajolies.com, clearly infringing on the name of Angelina Jolie, a widely recognized actress, has been monetized by Defendant Google.  (See Exhibit C, screenshot of http://angelinajolies.com).

### II. Defendants Have Not Obviated Plaintiffs' Need for Preliminary Injunctive Relief

Defendants have made false representations to this Court in an attempt to defeat Lead Plaintiffs' Motion for Leave to Refile Motion for Preliminary Injunctive Relief and Supplement and to Conduct Expedited Limited Discovery and prevail on their motions to dismiss.  In both open court and in their written filings, Defendants have made affirmative misrepresentations and intentionally false and misleading statements, regarding the complained of conduct.  Specifically, Defendants do not voluntarily block all domain names Plaintiffs request, nor have they stopped intentionally infringing upon the Distinctive and Valuable marks belonging to Lead Plaintiffs.  Instead, Defendants continue to monetize the *exact* domains identified by Plaintiffs, despite

Plaintiffs' multiple requests (both orally, in writing, and in filings with this Court) to immediately cease said conduct. Defendants' response to Lead Plaintiffs' "notice" and "demands" that they cease monetization of Deceptive Domains infringing on Lead Plaintiffs' Distinctive and Valuable Marks has actually been blatant refusal and expansion of their monetization—in some instances with highly offensive pornographic advertisements. Defendants continue to advise this Court that they no longer engage in said conduct, while boldly and intentionally continuing their behavior.

For instance, Plaintiff identified http://Blitzrealty.com in its first amended complaint on September 18, 2007, but as of April 25, 2008, http://Blitzrealty.com continued to be monetized by Defendant Oversee.net. Additionally, Plaintiff identified http://bojacksonjersies.com in its Motion for Injunctive Relief Exhibits B and C on January 3, 2008, but as of April 25, 2008, http://bojacksonjersies.com continued to be monetized by Defendant Sedo. (See Exhibit D, portion of Plaintiffs' First Amended Complaint, Motion for Injunctive Relief, and Screenshots). An even more striking example would be that on April 25, 2008, Defendant Sedo monetized the domain http://buyfishernuts.com and placed links to pornographic websites on the corresponding webpage. (See Exhibit E, screenshot of http://buyfishernuts.com). To further prove the point, below is a chart, with supporting screenshots attached to this pleading, showing some of the infringing domains being monetized by Defendant. (See Exhibit F, screenshots of currently monetized domains). The chart, which is not the totality of Defendants' infringing domains, shows Defendants' infringing domains for which notice have not been yet provided:

| New Domains Being Monetized by Defendants | | |
| --- | --- | --- |
| Domain | Still Active As Of | Defendants |
| realtyblitz.com | 4/25/2008 | Google/Moniker Online |
| fishernutsgifts.com | 4/25/2008 | Google/Oversee.net |
| bojacksonfootball.com | 4/25/2008 | Google/Oversee.net |
| mailvulcangolf.com | 4/25/2008 | Google/Oversee.net |
| fishetnuts.com | 4/25/2008 | Google/Oversee.net |
| fisgernuts.com | 4/25/2008 | Google/Oversee.net |
| buyfishernuts.com | 4/25/2008 | Sedo |

Defendants' ongoing misconduct and blatant misrepresentations to this Court establish a firm necessity for this Court to hear and ultimately grant Lead Plaintiffs' Motion.

## CONCLUSION

For the reasons stated above, Plaintiffs ask that this Honorable Court grant Plaintiffs' Motion for Leave to Refile Motion for Preliminary Injunctive Relief and Supplement and to Conduct Expedited Limited Discovery.

Dated: April 25, 2008

FOOTE, MEYERS, MIELKE & FLOWERS, LLC

/s/Robert M. Foote
Robert Foote, Esq. (#03214325)
Stephen W. Fung, Esq. (#06289522)
Mark A. Bulgarelli, Esq. (#06284703)
Foote, Meyers, Mielke & Flowers, LLC
28 North First St., Suite 2
Geneva, IL 60134
Tel. No.: (630) 232-6333

Kathleen C. Chavez, Esq. (#6255735)
Chavez Law Firm, P.C.
28 North First St., Suite 2
Geneva, IL 60134

William J. Harte, Esq.
Dana Pesha, Esq.
William J. Harte, Ltd.
111 West Washington Street
Suite 1100
Chicago, IL 60602

Benjamin G. Edelman, Esq.
Law Office of Benjamin Edelman
27a Linnaean Street
Cambridge, MA 02138
Tel. No.: (617) 359-3360

Bryan L Clobes, Esq.
Cafferty Faucher, LLP
1717 Arch Street
Suite 3610
Philadelphia, PA 19103

Nyran Rose Pearson, Esq.
Dominic J. Rizzi, Esq.
Cafferty Faucher LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTYGROUP, INC., and VINCENT E."BO" JACSKON Individually and on Behalf of All Others Similarly Situated, <br><br> Lead Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM, INTERNET REIT, INC. d/b/a IREIT, INC., and JOHN DOES I-X, <br><br> Defendants. | Civil Action No. 07 CV 3371 <br><br> Honorable Blanche M. Manning <br><br> Magistrate Judge Geraldine Soat Brown |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Brett A. August
baugust@pattishall.com

Michael H. Page
mhp@kvn.com

Mariah Moran
mmoran@stetleranduffy.com
edocket@stetleranduffy.com

Janelle M. Carter
jcarter@winston.com

Kenneth P. Held
kheld@velaw.com

Steven Borgman
sborgman@velaw.com
jwarren@velaw.com
steveborgman@gmail.com
yshumaker@velaw.com

Bradley L. Cohn
bcohn@pattishall.com

ECF_CH@winston.com

| | |
|---|---|
| Alison Conlon<br>conlon@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>hardt@wildmanharrold.com | Jonathan M. Cyrluk<br>cyrluk@stetleranduffy.com<br>edocket@stetleranduffy.com |
| Joseph Gratz<br>jgratz@kvn.com | Misty Martin<br>mmartin@smsm.com |
| Alexis Payne<br>aep@pattishall.com | Ronald Rothstein<br>rrothsstein@winston.com<br>ECF_CH@winston.com<br>mconroy@winston.com |
| Jeffrey Singer<br>jsinger@smsm.com | Scott R. Wiehle<br>swiehle@velaw.com |
| Michael R. Dockterman<br>dockterman@wildmanharrold.com<br>ecf-filings@wildmanharrold.com<br>eckertm@wildmanharrold.com | Joseph Duffy<br>jduffy@stetleranduffy.com<br>bdorgan@stetleranduffy.com<br>edocket@stetleranduffy.com |
| William J. Harte<br>wharte@williamharteltd.com<br>mccarey@williamharteltd.com | Dana Marie Pesha<br>dpesha@williamharteltd.com<br>mccarey@williamharteltd.com |
| Scott Ryan Wiehle<br>swiehle@velaw.com | |

I certify that I have served the foregoing document by emailing a copy to the following individuals:

| | |
|---|---|
| Steven Atlee<br>SAtlee@winston.com | Vincent V. Carissimi<br>carissimiv@pepperlaw.com |
| Joanna J. Cline<br>clinej@pepperlaw.com | Robert J. Hickok<br>hickokr@pepperlaw.com |

s/Robert M. Foote