# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3371 | **DATE** | May 5, 2008 |
| **CASE TITLE** | *Vulcan Golf, et al. v. Google, Inc. et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion for leave to file a motion for preliminary injunctive relief [152-1] is granted as to the named plaintiffs only. The motion for leave to file a motion for preliminary injunctive relief on behalf of the putative class is denied. The plaintiffs shall file their motion for preliminary injunctive relief on behalf of themselves only by Wednesday, May 7, 2008. After it is filed, the motion for preliminary injunctive relief will be referred to the magistrate judge. The parties are directed to meet and confer as set forth below.

■[ For further details see text below.]

00:00

# STATEMENT

    The plaintiffs have moved for leave to file their motion for preliminary injunctive relief on behalf of themselves and a putative class. The defendants object to the plaintiffs' filing for injunctive relief not only on behalf of the plaintiffs but also on behalf of the putative class. For the reasons stated below, the motion for leave to file a motion for preliminary injunctive is granted as to the named plaintiffs only. The motion for leave to file a motion for preliminary injunctive relief on behalf of the putative class is denied.

    With respect to the injunctive relief on behalf of a putative class, as noted by the Seventh Circuit, "[a] wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified." *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997). Thus, to the extent that the plaintiffs seek injunctive relief on behalf of the putative class, the absence of an order certifying a class dooms any such request. *Chavez v. Illinois State Police,* 27 F. Supp. 2d 1053, 1081 (N.D. Ill. 1998)*(citing McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) ("[b]ecause a class has not been certified, the only interests at stake are those of the named plaintiffs").

    The plaintiffs attempt to avoid this rule by pointing to two cases, which the court finds distinguishable. In *In re Ameriquest Mortgage Co.*, No. 05-CV-7057, 2006 WL 1525661 (N.D. Ill. May 30, 2006), a multi-district litigation case, the court addressed the plaintiffs' motion for temporary injunctive relief. The plaintiffs asserted that a subset of the putative class was facing imminent foreclosure on their homes if Ameriquest was not required to send out notices regarding certain rights those putative class members had to preserve their homes. The court granted the plaintiffs' request that Ameriquest be required to send out the referenced notices to the particular subset of putative class members. *Id*. at *7 ("Ameriquest will be required to deliver such notice to its mortgagees who face foreclosure prior to our decisions on Plaintiffs' motions for preliminary injunction and class certification."). In *Olson v. Wing*, 281 F. Supp. 2d 476 (E.D.N.Y. 2003), the court granted a motion for a preliminary injunction for a group of individuals who were seeking continuation or commencement of Medicaid benefits under an emergency system established after the attacks of September 11, 2001, damaged the state of New York's Medicaid computer system. The

injunction required, among other things, the continuation of benefits for those putative class members whose benefits had been terminated but who had requested a fair hearing on the termination. *Id*. at 489.

As an initial matter, the court notes that in neither of these cases was the propriety of preliminary injunctive relief on behalf of a class that had not been certified expressly discussed. In any event, in both *In re Ameriquest* and *Olson,* the courts granted preliminary injunctive relief on behalf of possible future plaintiffs in order to protect their rights to keep possession of their houses and have access to medical care, respectively. No similar urgent circumstances exist here such that the court would be willing to consider preliminary injunctive relief for non-parties. Finally, the court notes that in both *In re Ameriquest* and *Olson*, there did not appear to be much, if any, disagreement over the fact of class certification or who the members of a putative class would be. The same cannot be said here. Indeed, it appears based on the limited filings to date that the defendants will be vigorously opposing certification of a class in this case. For these reasons, the plaintiffs' motion for leave to file a motion for a preliminary injunction on behalf of the putative class is denied.

The motion for a preliminary injunction, after it is filed, will be referred to the magistrate judge. Nevertheless, in light of the defendants' assertion that injunctive relief is unnecessary given that they have voluntarily blocked all of the purportedly offending domain names, and in an attempt to conserve judicial resources, the court directs all of the parties to meet and confer (either in person or on a conference call) prior to appearing before the magistrate judge on the motion for preliminary injunctive relief. At this meeting, the parties should make every effort possible to resolve the issues presented in the motion for injunctive relief. Within two court days after that meeting, the parties shall file a joint report, with courtesy copies to both this court and the magistrate judge, indicating that the meeting was held, the parties' positions with respect to a resolution, and whether a resolution was achieved. If the parties were not able to reach a resolution, the report should so indicate and explain the reasons for the failure.

By ordering this meeting, this court does not intend to impinge on how or when the magistrate judge decides to schedule whatever hearings she deems necessary in order to proceed with the motion for preliminary injunctive relief. This court is merely ordering the parties to meet and confer prior to any appearance as scheduled by the magistrate judge. The parties are to work around whatever schedule is set by the magistrate judge and not vice versa.

RH/p