## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, Individually And On Behalf Of All Other Similarly Situated, <br><br> Lead Plaintiff, <br><br> v. <br><br> GOOGLE INC., OVERSEE.NET, SEDO LLC, DOTSTER, INC., AKA REVENUEDIRECT.COM INTERNET REIT, INC. d/b/a/ IREIT, INC.; and JOHN DOES 1-X, <br><br> Defendants. | ) Case No. 07CV3371 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Hon. Blanche M. Manning, District Judge <br> ) <br> ) <br> ) Hon. Geraldine Soat Brown, Magistrate Judge <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATED PRE-TRIAL PROTECTIVE ORDER

WHEREAS Vulcan Golf, LLC; John B. Sanfilippo & Sons, Inc.; Blitz Realty Group, Inc.; Vincent E. "Bo" Jackson; and Google Inc (collectively, the "parties" and individually a "party"), believe that in the course of these actions certain information, documents, and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

WHEREAS the parties believe that entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development, or commercial information; and

Dockets.Justia.com

WHEREAS, the Court finds that good cause exists for the entry of this protective order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information,

IT IS HEREBY AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the discovery taken by the parties in the above captioned case, or by any parties that are added to either of the above-captioned case, shall be conducted under the following terms:

1. Any documents, things or information produced or otherwise furnished by any of the parties in discovery that qualify as confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(1)(G) may be designated CONFIDENTIAL by the producing party or a party who is the original source of the document or information. The producing party shall effectuate the designation of CONFIDENTIAL documents or information by stamping or marking on the documents or other material the term CONFIDENTIAL. Where possible, the term CONFIDENTIAL will be stamped or marked on each page of a document. Those documents or information shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this case. To the extent that any such items are filed with the Clerk of Court or with the Court pursuant to Paragraph 7, they shall be placed in an envelope marked CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER and be filed and marked as Local Rule 26.2 of the United States District Court for the Northern District of Illinois provides. As provided by Paragraph 20, use of such documents and information at trial shall be governed by the Pretrial Order, not this provision.

Documents or other materials designated as CONFIDENTIAL shall be restricted to the following persons:

    a. The Court and its employees;

b. outside counsel retained by a party for representation in this case, including associated personnel necessary to assist outside counsel in the case, such as paralegals, litigation assistants, clerical staff, technical staff, and vendors who are actively engaged in assisting such counsel with respect to this litigation;

c. any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

d. experts or any person retained or used by counsel for any party to assist counsel with respect to this litigation, and clerical, administrative or support staff (including staff such as research assistants and analysts) of such experts;

e. persons shown on the face of the document to have authored or received it,

f. deposition or trial witnesses (including use in connection with the preparation of said witnesses) to the extent necessary in connection with this matter;

g. any person whom the parties agree, in advance and in writing, may receive such protected information;

h. employees of any party, as reasonably necessary for purposes of this litigation, for use only in connection with this litigation;

2. Any documents, things or information produced or otherwise furnished by any of the parties in discovery that the producing party reasonably believes in good faith to contain source code; nonpublic patent applications or related things and documents; technical research and development information; revenue share or confidential pricing information; confidential commercial, material or other non-public terms in business agreements with third parties; competitive business strategies and forward-looking business plans, including identification of targets for potential investments, marketing plans, forecasts, and financial performance

3

parameters; valuation of investments or potential investments (including licensing agreements, equity investments and acquisitions); due diligence materials related to investments or potential investments (including licensing agreements, equity investments and acquisitions); nonpublic concepts and plans for new programming; personally identifying information concerning users (which shall not be construed to include any information a user posts or uploads for public viewing on any website); or proprietary information regarding web site traffic, may be designated HIGHLY CONFIDENTIAL by the producing party or a party who is the original source of the document or information. Such designation shall be made by marking the documents or material (or part(s) thereof) in a conspicuous manner. The marking shall state HIGHLY CONFIDENTIAL or some similar marking. Access to materials designated HIGHLY CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated is limited to those persons set forth in paragraphs 1(a) – (g) above. To the extent that any such items are filed with the Clerk of Court or with the Court pursuant to Paragraph 7, they shall be placed in an envelope marked HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER and shall be filed and marked as Local Rule 26.2 of the United States District Court for the Northern District of Illinois provides. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents. As provided by Paragraph 20, use of such documents and information at trial shall be governed by the Pretrial Order, not this provision.

3. Any documents, things or information produced or otherwise furnished by any of the parties in discovery that are designated "Confidential" or "Highly Confidential" and contain a party's Source Code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE."

a. Source Code will be produced to designated outside counsel for the requesting party ("Source Code Custodian") on a portable hard disk drive ("HDD"). Any supplemental production of Source Code shall be made consistent with the means for production provided herein, or by a means agreed to by the parties, at the option of the producing party.

b. At the producing party's option, the Source Code, HDD, or both may be encrypted prior to production. Information necessary to gain access to encrypted Source Code or an encrypted HDD shall be provided by counsel for the producing party to the Source Code Custodian by reasonable means meeting the security interests of the producing party;

c. Access to information designated RESTRICTED CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and experts retained or used by counsel for any party to assist counsel with respect to this litigation.

d. The Source Code shall be viewed only on non-networked computers in secure, locked areas within the confines of a United States office of the individuals identified in Paragraph 3(c);

e. Electronic copies of Source Code shall only be made within the confines of the HDD, however a Source Code Custodian may include excerpts of Source Code of length no more than necessary for purposes of the litigation in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Restricted Confidential Documents").

f. To the extent excerpts of Source Code are quoted in a Restricted Confidential Document, Source Code Custodians and the persons described in paragraphs

1(a)-(d), shall be permitted to store and access Restricted Confidential Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 1(a)-(d), may also send Restricted Confidential Documents to authorized persons via electronic mail;

g. To the extent portions of Source Code are quoted in a Restricted Confidential Document, those pages or exhibits containing quoted Source Code will be separately bound, stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE. When any Restricted Confidential Document is filed with the Court pursuant to Paragraph 7, the separately bound portion stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE shall be filed and marked as Local Rule 26.2 of the United States District Court for the Northern District of Illinois provides. When hard copies of any Restricted Confidential Document are retained in the offices of the Source Code Custodian, the Source Code Custodian shall keep the separately bound portions stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE in a secure, locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration;

h. Each Restricted Confidential Document or draft thereof containing Source Code stored on a computer or computer network shall be individually password-protected so as to limit access to authorized persons;

i. Any and all printouts or photocopies of Restricted Confidential Documents or documents that otherwise contain Source Code shall be marked "RESTRICTED CONFIDENTIAL-SOURCE CODE." Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be

labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE" and shall continue to be treated as such.

j.  The Source Code Custodian shall maintain a log of: (i) all Restricted Confidential Documents or other files containing Source Code that are printed or photocopied; (ii) all Restricted Confidential Documents that are created electronically; (iii) all persons who view either Source Code or Restricted Confidential Documents, and, for the Source Code, each time a person views the Source Code.

k.  If the Source Code Custodian or a party's expert, described in paragraph 1(d), makes printouts or photocopies of portions of Source Code, the Source Code Custodian shall keep the printouts or photocopies in a secured locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration.

l.  The Source Code Custodian may temporarily keep or view the HDD or other materials containing Source Code at: (i) the sites where any depositions relating to the Source Code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition), provided that the Source Code Custodian takes all necessary precautions to protect the confidentiality of the HDD or other materials containing Source Code while the materials are in such intermediate locations.

m.  If Source Code is produced and the confidentiality procedures in this paragraph make the Source Code not reasonably usable, then the producing party and the requesting party will confer in good faith in an attempt to reach alternative confidentiality procedures that will allow the Source Code to be reasonably usable for purposes of the

litigation. If no agreement can be reached, the requesting party may ask the Court to set alternative confidentiality procedures that allow the Source Code to be reasonably usable for purposes of the litigation. Nothing in this paragraph shall be read to imply agreement by any party that Source Code shall be produced in this litigation, and the parties expressly preserve all rights to object to any discovery seeking the production of Source Code.

4. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated in the same manner as material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

5. In the case of a deposition:

    a. Deposition transcripts shall be deemed temporarily designated as HIGHLY CONFIDENTIAL, provided that within thirty (30) days after receipt of the transcript, counsel shall review the transcript and designate only those pages of the transcript that the designating party believes constitute, reflect, or disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Notwithstanding any automatic or specific designations under this paragraph, the other parties may object to HIGHLY CONFIDENTIAL or CONFIDENTIAL designations pursuant to paragraph 10.

    b. Counsel for any party or the witness may also designate during a deposition that certain information disclosed during a deposition is to be treated as HIGHLY CONFIDENTIAL by indicating on the record of the deposition and shall be part of a separate transcript of such material.

    c. Notwithstanding the automatic designation of the deposition transcript as

HIGHLY CONFIDENTIAL pursuant to Paragraph 5(a), in-house counsel may attend any depositions. In-house counsel may be required to leave for portions of the deposition at the request of counsel taking or defending the deposition if that portion of the deposition involves information designated on the record as HIGHLY CONFIDENTIAL.

d. When information or documents designated HIGHLY CONFIDENTIAL are disclosed or discussed during a deposition, counsel for the witness or any party who may be affected by disclosure shall have the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such HIGHLY CONFIDENTIAL information or documents pursuant to this Order. The presence of in-house counsel at a deposition (or the failure to request in-house counsel to leave for portions of a deposition when HIGHLY CONFIDENTIAL information is discussed) does not constitute a waiver or preclude a party from designating all or part of the transcript of that deposition HIGHLY CONFIDENTIAL.

6. An expert or any person retained or used by counsel for any party to assist counsel with respect to this litigation ("expert") may be shown Highly Confidential documents, things and information after compliance with this provision. (This provision does not apply to employees of a party who may provide expert advice or testimony but who will not see any other party's HIGHLY CONFIDENTIAL information.) Any person working to support an expert shall be subject to this disclosure procedure if that person has himself served as a consultant or expert directly (rather than in a supporting capacity) on consulting or litigation matters that must be included on a CV under subparagraph a.

a. Before an expert reviews HIGHLY CONFIDENTIAL information produced by any party in these cases other than the retaining party, the retaining party

must disclose the identity of the expert to the other parties, along with a copy of the expert's curriculum vitae, including a list of non-litigation consulting retentions and list of matters in which the expert has been retained as a testifying expert (including testifying by deposition) within the preceding 5 years. Within 7 calendar days of such disclosure, another party may object to the expert if the objecting party believes that additional protections beyond those set forth in this Protective Order are necessary to protect that party's HIGHLY CONFIDENTIAL information with respect that expert. If no objection is made within 7 calendar days of the disclosure of the expert's identity, then any such objection is waived, and the expert may view all HIGHLY CONFIDENTIAL information produced in the case. The identities of the experts disclosed under this provision shall be treated as CONFIDENTIAL information under this protective order.

  b. If a timely objection is made under subparagraph (a), the parties shall meet and confer to attempt to resolve the objection during the following 10 calendar days. If an agreement is reached resolving the issue within the 10-day meet-and-confer period, the agreement shall be filed with the Court.

  c. If no agreement is reached with the 10-day meet-and-confer period under subparagraph (b), the objecting party may file a motion within 5 calendar days for an additional protective order concerning the expert's access to that party's HIGHLY CONFIDENTIAL documents. If no motion for additional protective order is made within 5 calendar days after the expiration of the 10-day meet-and-confer period provided by subparagraph (b), then any objection is waived and the expert may view all Highly Confidential information produced in the case.

d.  If a motion for additional protective order is timely filed within the 5-day period provided by subparagraph (c), the party retaining the expert shall have 3 calendar days to respond. No discovery of any kind shall be permitted in connection with such motion. It shall be the duty of both the objecting party and the responding party to request expedited resolution of the dispute by the Court. There shall be a rebuttable presumption that the existing provisions of this Protective Order are adequate, and the objecting party shall have the burden of persuasion to establish that additional protections, beyond the restrictions imposed by this Protective Order, are necessary under the standards of Fed. R. Civ. P. 26(c) to protect the party's HIGHLY CONFIDENTIAL information. Relief that prohibits a retained expert's access to HIGHLY CONFIDENTIAL information shall only be imposed if the Court is unable to impose other protections that reasonably safeguard the party's HIGHLY CONFIDENTIAL information while also preserving the ability of the expert to access such information in order to assist counsel of the party retaining the expert.

e.  ~~No party shall be entitled to take any discovery of or regarding any expert~~ disclosed hereunder, unless such expert is disclosed as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2)(A). Discovery of such testifying experts shall be governed by the Stipulations Regarding Expert Discovery entered into by the parties in these cases. All other experts whose identities are disclosed hereunder shall be deemed to be consulting experts, and the activities, communications, impressions, and opinions of such experts ~~shall be deemed to be privileged work product as to which no discovery may be had~~.

7.  Notwithstanding anything herein to the contrary, (a) the filing of any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under seal shall be governed by the

11

applicable Rules of the United States District Court for the Northern District of Illinois, *i.e.*, no document may be filed under seal absent an order from the Court granting a motion filed and noticed for hearing prior to the due date of the filing, showing good cause for sealing that particular document or portion of document; (b) the party who designated the document, interrogatory answer, response to request for admission, or transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed to be the party requesting the record be filed under seal; and (c) the other parties shall have no obligation hereunder with respect to the requirements of any applicable rule other than to cooperate in the request. Under Local Rule 26.2(d), documents or other material that is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL requiring the court's review may be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. A redacted copy of all documents containing confidential information shall be filed with the clerk of court for the record. Any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be introduced in any pretrial court proceeding in this case in open court unless the producing party obtains an appropriate protective order from the Court, and provided the party seeking to introduce the material has provided sufficient notice to the producing party of the intent to introduce or file the confidential material in open court to enable the producing party to obtain such an order.

8. Except for individuals designated in paragraphs 1(a), 1(b), 1(c), 1(e), and 1(f), all persons to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and execute a protective agreement in the form attached as Exhibit A to this Protective Order.

9.  Any person provided CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents pursuant to the terms of this protective order will maintain that information and documents in confidence and use it only for the purposes of this litigation.

10.  No party shall be obligated to challenge the propriety of a designation of Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Designated Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. Within 10 calendar days of the receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet-and-confer in an effort to resolve any disagreement regarding those Designated Discovery Materials. If, for whatever reason, the parties do not resolve their disagreement within that time period, the objecting party may apply for a ruling on the Disclosing Party's designation of the Designated Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL. While any such application is pending, the documents or materials subject to that application will remain CONFIDENTIAL or HIGHLY CONFIDENTIAL until the Court rules. The Disclosing Party shall have the burden of showing that the document or information is CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11.  The inadvertent or unintentional production or failure to designate any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver of the producing party's claim of confidentiality as to such information and the producing party may thereafter designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL as appropriate.

12. The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product shall be subject to the parties agreement of "non-waiver". No Attorney-Client privilege or work product privilege shall be waived by inadvertent or unintentional production of documents or other information. Upon request by the producing party that inadvertent or unintentional production has occurred, the receiving party shall immediately return all documents or other information that were inadvertently or unintentionally produced. The producing party shall then add these documents or other information to their privilege log. Further, upon discovery by the receiving party that privileged materials have been produced, the receiving party shall immediately return the documents to the producing party and the producing party will add those documents or information to the privilege log.

13. CONFIDENTIAL or HIGHLY CONFIDENTIAL information, including all copies and/or extracts thereof, and all information derived therefrom, shall be held in strict confidence by the receiving party in accordance with the terms of this Order and shall not be disclosed other than as necessary for, or used for any purpose other than, the prosecution or defense of this action by the original parties to the Original Complaint or the parties named in a later amended Complaint, in the action originally styled VULCAN GOLF, LLC, individually and on behalf of all others similarly situated, Plaintiffs v. GOOGLE INC., OVERSEE.NET, SEDO LLC (misnamed), DOTSTER, INC., aka REVENUEDIRECT.COM, and INTERNET REIT, INC. d/b/a/ IREIT, INC., Defendants, No. 07-CV-3371, filed with this Court on June 15, 2007. In particular, neither CONFIDENTIAL nor HIGHLY CONFIDENTIAL, nor any copies and/or extracts thereof nor anything derived therefrom shall be disclosed in any way to any

person, attorney, government agency, or expert for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this litigation.

14. In the event a receiving party is served with legal process seeking production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material obtained through discovery and protected hereunder, the receiving party shall promptly notify the producing party or non-party whose material is sought, of the service of legal process and afford the producing party or non-party the opportunity to object thereto.

15. Within 60 days of the final conclusion of this proceeding, including any appeal, or upon the settlement and/or dismissal of the proceeding, all documents and things or information subject to this Protective Order shall be returned to the party that produced them, or shall be destroyed. Any HDD containing Source Code will be returned to the producing party. A copy of the logs in Paragraph 3(j) will be provided to the Source Code producing party. Counsel for each party will certify in writing their compliance with the provisions of this section. Counsel for the parties may preserve work product and privileged documents, and one hard copy and one electronic copy of each pleading, correspondence and deposition transcript, in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

16. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the manner, and subject to the same protections, set forth above.

17. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not CONFIDENTIAL or HIGHLY CONFIDENTIAL matter within the contemplation of the law or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order. Further, nothing contained in this Protective Order shall operate as an admission by any party or third party as to the relevance, discoverability, authenticity, or admissibility of any information or category or information addressed herein at any trial or hearing.

18. If a document has been filed under seal pursuant to the provisions of this Order and Local Rule 26.2 of the United States District Court for the Northern District of Illinois, an interested member of the public ("objecting person") may object to the designation of the filed document as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The objecting person shall first notify the Disclosing Party in writing. Within 10 business days of the receipt of such notification, counsel for the Disclosing Party and the objecting person shall meet-and-confer in an effort to resolve any disagreement regarding the challenged document. If, for whatever reason, the parties do not resolve their disagreement within that time period, the objecting person may apply to the District Court for a ruling on the Disclosing Party's designation of the Designated Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL. While any such application is pending, the documents or materials subject to that application will remain CONFIDENTIAL or HIGHLY CONFIDENTIAL until the Court rules. The Disclosing Party shall have the burden of showing that the document or information is CONFIDENTIAL or HIGHLY CONFIDENTIAL.

19. The relevance or admissibility of this Order for any purpose in this proceeding is reserved for the future decision of the Court.

20. The use of information designated by any party as CONFIDENTIAL or HIGHLY CONFIDENTIAL at trial shall be governed by the Pretrial Order entered in the action.

21. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

22. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Fed. R. Civ. P. 26(c).

fb.us.2227333.10

PLAINTIFFS:

AGREED and STIPULATED

_July 23_, 2009

By: _/s/_

Robert M. Foote, Esq.
Craig S. Mielke, Esq.
Matthew J. Herman, Esq.
Foote, Meyers, Mielke & Flowers, LLC
28 North First St., Suite 2
Geneva, IL 60134
Tel. No.: (630) 232-6333
Fax No.: (630) 845-8982

Kathleen C. Chavez, Esq.
Chavez Law Firm, P.C.
28 North First St., Suite 2
Geneva, IL 60134

William J. Harte, Esq.
Dana Pesha, Esq.
William J. Harte, Ltd.
111 West Washington Street, Suite 1100
Chicago, IL 60602

Bryan L Clobes, Esq.
Cafferty Faucher, LLP
1717 Arch Street
Suite 3610
Philadelphia, PA 19103

Nyran Rose Pearson, Esq.
Dominic J. Rizzi, Esq.
Cafferty Faucher LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

*Attorneys for the Plaintiffs*

DEFENDANT GOOGLE, INC

AGREED and STIPULATED

July 23, 2009

By: [signature]

Michael H. Page
Joseph C. Gratz
DURIE TANGRI PAGE LEMLEY ROBERTS & KENT LLP
332 Pine St., Suite 200
San Francisco, CA 94104
(415) 362-6666
*Lead Counsel*
*Admitted Pro Hac Vice*

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200

## ORDER

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

BY THE COURT:

Dated: July 30, 2009

*Geraldine Hart Brown*
U.S. MAGISTRATE JUDGE