# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3371 | **DATE** | December 22, 2009 |
| **CASE TITLE** | *Vulcan Golf, et al v. Google* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Google's memorandum in support of its summary judgment motion [#274] and supporting papers [##275, 276, 277, 278, 279, 280], which have been filed under seal in their entirety, are stricken without prejudice. Google may file revised papers in conformance with this order no later than January 8, 2010.

■[ For further details see text below.]

00:00

## STATEMENT

Google has filed a motion for summary judgment and supporting papers completely under seal. It is well-established, however, that litigants may file entire documents under seal only where every aspect of the sealed filing is confidential. *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996); *see Pepsico v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J. in chambers); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) (Easterbrook, J. in chambers). The Seventh Circuit takes a restrictive view of the word "confidential" and has held that sealing is appropriate only when it is necessary to provide a detailed discussion regarding matters which a litigant is "legally required to keep confidential." *In re Krynicki*, 983 F.2d at 75. When parties need to keep certain information confidential, the proper procedure is to file a public document and a sealed supplement containing the confidential information. This procedure not only allows the public access to as much of the proceedings as possible but also places the court on notice as to what is confidential so it can prepare its order accordingly.

Because, as noted above, Google's memorandum in support of its summary judgment motion [#274] and supporting papers [##275, 276, 277, 278, 279, 280] have been filed under seal in their entirety, they are stricken without prejudice. Google may file revised papers in conformance with this order by January 8, 2010. When preparing public versions of documents and accompanying sealed supplements, a party may only revise its briefs to comply with the Seventh Circuit's teachings regarding sealed filings and may not make any substantive changes.

A proper public version/sealed supplement shall take one of two forms. Option one requires counsel, if at all possible, to refer generally to the sealed materials in the public document. The sealed supplement then adds any necessary discussion regarding the sealed materials. For example, page five of a public document might say that the parties exchanged confidential documents, and the supplement would clarify that the confidential documents referred to on page five were X, Y, and Z, and briefly discuss any relevant information in those documents. Option two requires counsel to file two versions of their submissions: a redacted public version and an unredacted sealed version. If that option is selected, the sealed version shall

**STATEMENT**

clearly specify (by, for example, using highlighted or colored text) what material in the sealed version is confidential.

    The plaintiffs shall also comply with this procedure when filing their documents.

RH/p