**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENT E. "BO" JACKSON, | ) Case No. 07 CV 3371 |
| Plaintiffs, | ) The Honorable Blanche M. Manning |
| v. | ) |
| GOOGLE INC., | ) |
| Defendant. | ) |

**GOOGLE'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE AND THAT ENTITLE DEFENDANT TO PARTIAL SUMMARY JUDGMENT**

**REDACTED PUBLIC VERSION**

Google Inc., by its attorneys, and pursuant to Local Rule 56.1, respectfully submits the following Statement of Material Facts for Which There Is No Genuine Issue and that Entitle Defendant to Partial Summary Judgment.

**PARTIES**

1. Plaintiff Vulcan Golf LLC is an Illinois Limited Liability Company with its principal place of business located at 2701 DuKane Drive, St. Charles, Illinois 60174.
2. Plaintiff John B. Sanfilippo & Sons Inc., is a Delaware Corporation with its principal place of business located at 1703 N. Randall Road, Elgin, Illinois 60123.
3. Plaintiff Blitz Realty Group, Inc. was until February 27, 2009 an Illinois corporation with its principal place of business at 1245 Executive Place, Geneva, Illinois 60134. The corporation was dissolved on February 27, 2009. (Page Decl. Ex. A-1.)
4. Plaintiff Vincent E. "Bo" Jackson resides in the Northern District of Illinois and is a citizen of Illinois.
5. Defendant Google Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**JURISDICTION**

6. Google has admitted that this Court has personal jurisdiction over it for purposes of this case.
7. This Court has subject matter jurisdiction over Plaintiffs' Fourth Cause of Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

**FACTUAL BACKGROUND**

8. Google' AFD product is designed to provide relevant search results and advertisements to website owners, who typically display those results on websites that have been registered but not yet developed. (Declaration of Prashanth Koppula in Support of Google's Motion For Partial Summary Judgment ("Koppula Decl.") ¶ 2-3.)
9. In the past, typing the URL of such undeveloped domains would result in either an error message or (if the owner had created such a page) a placeholder page saying the site was

"under construction" or the like. AFD allows the website owner to instead display a page containing search results and advertisements relevant to the URL entered by the user, just as Google Search displays results relevant to the search term entered by the user. (Koppula Decl. ¶ 4.)

10. Rather than leave a domain name unused, the registrant can instead "park" that name with a company such as Sedo. (Koppula Decl. ¶ 4.)
11. Under a typical parking arrangement, the registrant continues to own the domain name, but "points" anyone typing that domain name into a browser to a web page hosted by an AFD partner. (Koppula Decl. ¶ 4.)
12. When a user types a domain name into her browser, the browser forwards that URL to a central Domain Name Server ("DNS"). (Koppula Decl. ¶ 7.)
13. The registrant has previously parked that domain with an AFD partner by giving the DNS system an IP address for the domain name that points to a server operated by the AFD partner. (Koppula Decl. ¶ 7.)
14. The DNS server looks up the IP address, and directs the user's request to the AFD partner's server. (Koppula Decl. ¶ 7.)
15. When the AFD partner receives the request, it in turn makes a request to Google for advertising content. (Koppula Decl. ¶ 7.)
16. Google receives and responds to millions of AFD content requests a day from its AFD customers, sometimes referred to as "AFD partners." (Koppula Decl. ¶ 13 & 15.)
17. Those customers include companies such as the former Parking Company Defendants. Google refers to its AFD customers that host domains owned by others as Third Party Hosts, or "3PHs." (Koppula Decl. ¶ 3.)
18. Typical AFD partners either host domains registered and owned by others, or domains the AFD partner itself owns, or both. (Koppula Decl. ¶ 3.)

[redacted]





32. Once the original user receives the HTML page from the AFD partner, she might or might not click on one of the Sponsored Links she sees.  If she does, the advertiser who placed that ad will be billed a few cents (an amount determined by complex auction-style algorithms), and that revenue will be split between Google and the AFD partner. (Koppula Decl. ¶ 2.)

33. Until Google receives a given AFD request, it has no knowledge of what domain names are owned by or parked with any of its partners; it learns that information only as it comes in the AFD request. (Koppula Decl. ¶ 6.)

34. In the course of any month, Google receives AFD requests containing millions of unique

domain names. (Koppula Decl. ¶ 5.)

35. Google does not own or operate any of the domains that receive AFD content: indeed, Google's AFD partners usually don't own them either. Google has never registered any of the domain names at issue, and plays no role in the registration of any of those domains. (Koppula Decl. ¶ 6; Page Decl. Ex. F.)

36. Google has no role in selecting the names of those domains. Google does not host any of those domains. Google is not involved in any transaction regarding ownership or control of those domains in any way. None of the domain names has ever pointed to an IP address owned or operated by Google. Google's advertising content is requested by the AFD partner, in the quantity and format specified by the AFD partner. Google, in short, has only one relationship with the domains at issue in this case: when requested, Google sent advertising content to the operators of those domains. (Koppula Decl. ¶ 2-6.)

37. Google's contracts with each of the PCDs confirm Google's limited role as a provider of advertising content to the third parties who host parked websites. (Page Decl. Ex. B, C, D, E.)

[redacted]

Dotster no longer parks domains, having sold that division of their business, known as RevenueDirect, to Sedo. (Press Release, *Sedo Acquires RevenueDirect from Dotster, at* http://www.sedo.com/links/showhtml.php3?Id=2320&language=us (Feb. 25, 2009).)

Dated: July 23, 2009

Respectfully submitted,

GOOGLE INC.

By:/s/ Michael H. Page
One of its Attorneys

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603

Michael H. Page
Joseph C. Gratz
Durie Tangri Page Lemley Roberts & Kent LLP
332 Pine St., Suite 200
San Francisco, California 94104

