**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VULCAN GOLF, LLC, JOHN B. SANFILIPPO & SONS, INC., BLITZ REALTY GROUP, INC., and VINCENTE E. "BO" JACKSON,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | Case No.: 08-cv-3371<br><br>Hon. Blanche M. Manning |

**GOOGLE'S MOTION FOR LEAVE TO FILE CORRECTED**
**VERSION OF ITS REPLY MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT FOR PARTIAL SUMMARY JUDGMENT**

Defendant Google, Inc. ("Google") respectfully requests the Court to grant Google leave to file a corrected version of its "Reply Memorandum of Points and Authorities in Support for Partial Summary Judgment." In support of this motion, Google provides as follows:

1.   On December 22, 2009, Google filed its "Reply Memorandum of Points and Authorities in Support for Partial Summary Judgment" (Dkt. 280), at the same time it filed other related pleadings in its summary judgment briefing. Google's Reply Memorandum, as well as other summary judgment-related pleadings, was filed under seal in its entirety due to the confidential, non-public information included in the pleading.

2.   On December 22, 2009, the Court struck without prejudice certain of Google's pleadings, including its Reply Memorandum, with instructions to re-file the pleadings in conformance with the Court's order and "to comply with the Seventh Circuit's teachings regarding sealed filings. . . ." (Dkt. 283.) Specifically, the Court ordered that Google prepare and file public versions of the documents with only those portions of the pleading that are confidential, filed under seal. Furthermore, the Court stated that is preparing the public versions of the documents and the accompanying sealed supplements, Google "may not make any substantive changes." Id.

3. On Page 15 of its originally-filed Reply Memorandum, Google stated the following regarding the domain name "fishernutsrecipes.com":

> "Plaintiffs Opposition is the first time they have laid claim to that domain name, and once again Google immediately added it to the fail list in response. Plaintiffs never once made any effort to use the procedures created by Google, and have never identified any instance in which they notified Google of any domain name that Google did not promptly block."

4. Since the original filing of the Reply Memorandum, it has come to Google's attention that there was an inadvertent delay in processing the inclusion of the domain name "fishernutsrecipes.com" in Google's Ad Sense "fail list." Although not substantive or material to the pending motion, Google seeks to delete the two adjectives "immediately" and "promptly" from the above-quoted passage of Google's originally-filed Reply Memorandum as those terms were used to describe the processing of the inclusion of the "fishernutsrecipes.com" domain name to Google's Ad Sense "fail list." Other than the removal of those two words, there are no other changes to the original version of the Reply Memorandum.

Wherefore, Google respectfully requests leave to file a corrected version of its "Reply Memorandum of Points and Authorities in Support for Partial Summary Judgment" at the same time that it re-files this pleading in conformance with the Court's Order of December 22, 2009.

Dated: January 7, 2010

Respectfully submitted,

GOOGLE INC.

By: /s/ Mariah E. Moran
    One of its Attorneys

Joseph J. Duffy
Jonathan M. Cyrluk
Mariah E. Moran
Stetler & Duffy, Ltd.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603

Michael H. Page
Joseph C. Gratz
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California 94111