**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VULCAN GOLF, LLC, JOHN B.** | ) | |
| **SANFILIPPO & SONS, INC., BLITZ** | ) | |
| **REALTY GROUP, INC., and** | ) | **Case No. 07-CV-3371** |
| **VINCENTE E."BO" JACKSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Hon. Judge Blanche M. Manning** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GOOGLE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RESPONSE TO GOOGLE'S OBJECTIONS TO EVIDENCE
SUBMITTED BY PLAINTIFFS**

Plaintiffs hereby respond to Google's Objections to Evidence Submitted by Plaintiffs as follows:

General Responses:

Lack of Authentication (Fed.R.Evid. 901) and Hearsay Objections (Fed. R. Evid. 802) – Pursuant to this Court's Order of June 23, 2009, Google was required to produce all "evidence" it believed was relevant to its Motion and thereafter Plaintiffs were permitted to request additional discovery. See Dct. #265. All numbered documents submitted by Plaintiffs are evidence provided by Google (Google Docs 1-3697) or documents produced in response to Plaintiffs discovery requests (Google Docs 3698-4335). The very act of a defendant's production of documents is implicit authentication, and such documents may be considered on a motion for summary judgment. See *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982); *South Central Bank and Trust v. Citicorp Credit Services*, 863 F.Supp 635, 646 (N.D.Ill. 1994); *Hood v. Dryvit Systems*, 2005 WL 3005612 (N.D.Ill. 2005). Furthermore, in producing its evidence and discovery responses, Google stamped each and every document "Confidential" pursuant to the Stipulated Pre-Trial Protective Order. See Dct. #270. In so doing, Google affirmatively represented to the Court that each such document qualified as a trade secret or confidential research, development, or commercial information within the scope of Fed.R.Civ.P. 26(c)(1)(G) – in short, affirming that these are genuine, Google documents.

Google's hearsay arguments are equally ill-founded. Pursuant to Fed.R.Evid. 801(d)(2), statements by a party opponent are not hearsay, and all numbered documents submitted by Plaintiffs are statements of Google. For Google to claim its own documents/statements are hearsay and have not been authenticated is a waste of this Court's time.

In an attempt to deflect attention from the merits of the pending motion, Google ignores the context in which Plaintiffs requested 120 days to conduct discovery and respond to numerous motions for summary judgment. On May 29, 2009, Plaintiffs requested 120 days to conduct discovery and respond to motions for summary judgment after this Court granted the three parking company Defendants' Motion to join Google's Motion to Limit Discovery on March 27, 2009. See Dct # 253, 255. It was only after Plaintiffs filed their response that Plaintiffs were able to reach settlement agreements with those Defendants, and Stipulations of Dismissal were not filed until June 11 and 12, 2009. See Dct # 258-260. After Google produced thousands of documents, including the contracts conclusively demonstrating Google has a license to "use" the domains, Plaintiffs needed little more time to defeat the Motion.

Nonetheless, Plaintiffs did submit a concise Production Request. Plaintiffs are dumbfounded Google would brazenly claim: 1) the documents it produced pursuant to a Court order requiring it to produce evidence were not in fact evidence; 2) Google's own documents/statements were hearsay despite its knowledge of Fed.R.Evid. 801(d)(2) regarding party admissions; and 3) Google's own documents need authentication despite its production of the documents and Google's designation of such documents as "Confidential" under the Pre-Trial Protective Order.

Fed.R.Evid. 1002 and 1006 – Google's objections citing the aforesaid are blatantly erroneous. Under Fed.R.Evid. 1003, originals are not required unless an issue of authenticity is raised. Google cannot claim the documents it produced were not authentic which would implicate Rule 1002. Rule 1006 relates to the admission of summaries and is not a rule of exclusion.

Specific Responses:

G000001415 – See General Responses.  Google's objection admits this is an internal document and therefore a statement of a party opponent.  Further, Google's "Incomplete Document" objection does not render the document inadmissible but would allow Google to introduce the whole document if it desired.

G000001992-2002 – See General Responses.  This is a clearly-labeled Google document signed by a Google employee, hence a statement of a party opponent.  Furthermore, it is designated "Google Confidential" on its face, as well as Confidential under the Pre-Trial Protective Order, and is an admission.

G000002035-2036; G00002137-2138; G000002152-2154; G000002158-2160 – See General Responses.  This is a clearly-labeled Google document signed by a Google employee, hence a statement of a party opponent.  Furthermore, it is designated "Google Confidential" on its face, as well as Confidential under the Pre-Trial Protective Order, and is an admission.

G000002281, 2297-99; 2334; 2363; 2415; 2433; 2517; 2523-24; 2536; 2539; 2557; 2574-77; 2604; 3124; 3130-35; 3182; 3281; 330; 3363; 3457; 3708-09; 3719; 3733; 3738; 3804; 3819; 3837-57 – See General Reponses.  In its objection, Google admits that these documents are "internal Google documents" and are therefore a statement by a party opponent.

G000003955 – See General Reponses.  This is a clearly-labeled Google document, hence a statement of a party opponent.  Google challenges this contract as "not at issue in this litigation," but this contract is relevant to show that the "Google License" received by Google to use the domain names is consistent regardless of the customer.

G000004008; 4013-4014 – See General Reponses. Documents are cited to show "Standard AFP Language" designations.

Exhibits A-E: Google has waived any objections by arguing the merits of the screen shots in its Reply and has not contested the screen shots are inaccurate in any form.

Dated: January 8, 2010                    Respectfully submitted,

/s/Robert M. Foote
Robert M. Foote, Esq. (#03124325)
Craig S. Mielke, Esq. (#03127485)
Matthew J. Herman, Esq. (#06237297)
Foote Meyers Mielke & Flowers, LLC
3 North Second Street
Suite 300
St. Charles, Illinois 60174
Tel. No.: (630) 232-6333
Facsimile: (630) 845-8982

Kathleen C. Chavez, Esq. (#6255735).
Chavez Law Firm, P.C.
3 North Second Street
Suite 300
St. Charles, Illinois 60174

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2010, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael H. Page
Joseph C. Gratz
DURIE TANGRI PAGE LEMLEY ROBERTS & KENT LLP
332 Pine St., Suite 200
San Francisco, CA 94104

Jonathan M. Cyrluk, Esq.
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, IL 60603

                                    /s/Robert M. Foote
                                    Robert M. Foote, Esq.